**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**ERIE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., | ) | |
| V. RAO NADELLA, M.D., and | ) | |
| MARTIN JACOBS, M.D., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 04-186E |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| BRADFORD REGIONAL MEDICAL CENTER, | ) | |
| V & S MEDICAL ASSOCIATES, LLC, | ) | |
| PETER VACCARO, M.D., | ) | |
| KAMRAN SALEH, M.D., | ) | |
| and DOES I through XX, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On February 1, 2006, Defendants filed a Notice of Supplemental Authority, notifying the Court

of the recent decision in *United States ex rel. Bartlett v. Tyrone Hosp., Inc*., 2006 U.S. Dist. LEXIS 3124

(W.D. Pa. Jan. 27, 2006).  Plaintiffs direct the Court's attention to *Bartlett*'s holding that the plaintiff's

claim for conspiracy is <u>not</u> subject to Fed. R. Civ. P. 9(b), but is simply subject to the notice pleading

requirements of Fed. R. Civ. P. 8(a):

> This Court agrees with the *Atkinson* Court that Rule 8(a) pleading requirements, and not the
> heightened pleading requirements of Rule 9(b) apply to the conspiracy alleged in Count IV.
> Therefore, Court also disagrees with the Defendants that the failure of Counts I through III to
> comply with Rule 9(b) inevitably dooms Count IV based upon § 3729(a)(3). The Court agrees
> with the Plaintiffs and finds that Count IV of the Amended Complaint along with the relevant
> factual paragraphs of the Amended Complaint must comply with Rule 8(a) notice pleading
> requirements.  In particular, the *Atkinson* court found that in order to comply with Rule 8(a)
> when pleading a conspiracy pursuant to 31 U.S.C. § 3729(a)(3), a plaintiff must "describe
> 'the general composition of the conspiracy, some or all of its broad objectives, and

defendant's general role in that conspiracy.'"*Atkinson*, 2000 U.S. Dist. LEXIS 12081 at *10 citing *Rose v. Bartle,* 871 F.2d 331, 336 (3d Cir. 1989).

*Bartlett*, *supra* at *28. Although the Court held that the conspiracy count in *Bartlett* did not adequately alleged the existence of a conspiratorial agreement, the conspiracy allegations in the present case are far stronger, and clearly detail the agreements among the parties. Indeed, Defendants' motion to dismiss does not even assert that the complaint fails to comply with the notice pleading requirements of Rule 8(a). Accordingly, at least with respect to the conspiracy count, *Bartlett* is strong authority for denying the motion to dismiss.

Relators would be happy to provide more extensive briefing on *Bartlett*'s application to the non-conspiracy counts of the complaint, if the Court desires. Nothing in *Bartlett* affects Relators' contention that those counts satisfy Rule 9(b), as discussed in Relators' prior pleadings.

This 7th day of February, 2006.

Respectfully submitted,

/s/ Andrew M. Stone_____
Andrew M. Stone, Esquire
(Pa. #35176)
STONE & STONE
828 Frick Bldg. 437 Grant Street.
Pittsburgh, Pa. 15219
Phone: (412) 391-2005
Fax: (412) 391-0853

/s/ G. Mark Simpson_____
G. Mark Simpson
Georgia Bar No. 647725
BOTHWELL & SIMPSON, P.C.
304 Macy Drive
Roswell, Georgia 30076
Phone: (770) 643-1606
Fax: (770) 643-1442
Attorneys for the Plaintiffs/Relators