IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,                )
<u>ex</u> <u>rel</u>. MARC A. LANDSBERG, M.D.,   )
and SHARON L. BURKE,                     )
                                         )
                Plaintiffs,              )
                                         )
        v.                               )     Civil Action No. 03-1429
                                         )
PETER G. LEVINSON, M.D.,                 )
LAKE ERIE WOMEN'S CENTER, P.C.,          )
PATRICK WILLIAM DIESFELD,M.D.,P.C.,)
3 DIMENSIONAL IMAGING, INC.,             )
SERHAT ERZURUM, M.D.,                    )
GEORGE H. DENEHY, and DOES I             )
through XX, inclusive,                   )
                                         )
                Defendants.              )


<u>REPORT AND RECOMMENDATION</u>

I.   <u>RECOMMENDATION</u>

        It is respectfully submitted that the Motion to Dismiss

or, alternatively, for a More Specific Pleading (doc. 11), filed

on behalf of defendants Peter G. Levinson, M.D., and Lake Erie

Women's Center, P.C. ("LEWC"), be denied.

II.  <u>REPORT</u>

        Marc A. Landsberg, M.D., and Sharon L. Burke,

hereinafter collectively referred to as the "Relators," commenced

this *qui tam* action pursuant to the federal False Claims Act

("FCA"), 31 U.S.C. §§ 3729-3732, as amended.[1]  The Relators

_____

[1]     According to the complaint, Serhat Erzurum, M.D.
        ("Erzurum"), hired Dr. Landsberg in October of 2001, to work
        as a physician in the specialty of obstetrics/gynecology at
        Erzurum's medical office in New Castle, PA.  Complaint, ¶

allege that the defendants perpetrated a scheme to defraud the United States of America, billing Medicare and Medicaid for unnecessary medical tests and procedures.[2]  Specifically, the Complaint charges that defendant Serhat Erzurum, M.D. ("Erzurum"), conspired with others and devised the scheme to defraud the government.[3]  The Relators claim that Dr. Levinson and LEWC entered into agreements with Erzurum's company, 3 Dimensional Imaging, Inc. ("3DI"), to implement fraudulent billing protocols and to pay 3DI commissions of 25% to 40% of the increased revenues generated.[4]  Further, it is alleged that defendant Peter G. Levinson, M.D., applying the techniques and lessons learned from Erzurum, (1) instructed Dr. Levinson's ultrasound technicians to perform ultrasound tests, frequently without regard to medical necessity, in order to maximize revenues;[5] (2) designated obstetric patients as "high risk" when they were not, for purposes of justifying tests that were not necessary;[6] (3) instructed his employees and billing company to

---

15.  Dr. Landsberg's employment with Erzurum and his professional corporations lasted through July 28, 2003. Id. Erzurum hired Ms. Burke in April of 2001 and most recently she performed billing services for Erzurum's various business enterprises.  Complaint, ¶ 14.

[2]  Complaint, p.1.

[3]  Complaint, ¶ 36.

[4]  Complaint, ¶¶ 37, 38 & 50.

[5]  Complaint, ¶ 39.

[6]  Complaint, ¶ 40.

bill multiple codes for each test performed, thus billing the government several times for a single test;[7] (4) instructed his employees to schedule patients for multiple repeat tests far in excess of what could be medically necessary or justified;[8] and (5) instructed his employees to mis-code ultrasound tests under a code for CAT scan tests.[9]

Dr. Levinson and LEWC have now moved to dismiss the complaint arguing that it is devoid of specific allegations of fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure and, therefore, the Court should dismiss the complaint. Alternatively, these defendants ask the Court to order Relators to file an Amended Complaint providing more specific information regarding the fraud in which they claim these defendants have engaged.

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). The purpose of the rule is "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard

---

[7]     Complaint, ¶ 41.

[8]     Complaint, ¶ 42.

[9]     Complaint, ¶ 43.

defendants against spurious charges of immoral and fraudulent behavior." Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985).

Defendants Levinson and LEWC argue that the Relators have not identified a single false claim, the date of any such claim or the contents of any such claim. As well, these defendants argue that the Relators have not identified a single instance when Dr. Levinson or any LEWC practitioner performed a medically unnecessary test or billed the United States for any unnecessary or unperformed procedure. The defendants suggest that this case is indistinguishable from United States ex rel. Clausen v. Lab. Corp. of Am. ("LabCorp"), 290 F.3d 1301, 1311 (11th Cir. 2002).

The relator in Clausen alleged in his FCA complaint that LabCorp engaged in six schemes in a complex, decade-long effort to defraud the government by, *inter alia*, performing unauthorized, unnecessary or excessive medical tests on residents of long-tern care facilities who participated in government-funded health insurance programs and submitted bills for this work to the government. On defendant's motion to dismiss, the Eleventh Circuit applied Rule 9(b) to the relator's amended complaint and found it to be deficient since it did not identify any specific claims that were submitted to the United States or

4

identify the dates on which those claims were presented. 290
F.3d at 1311-12. As well, the Circuit court noted, "Clausen
merely offers conclusory statements, and does not adequately
allege when-or even if-the schemes were brought to fruition. ...
No amounts of charges were identified. No actual dates were
alleged. ... No copy of a single bill or payment was provided."
290 F.3d at 1312.

The Third Circuit Court of Appeals has rejected such
strict application of Rule 9(b). In <u>Seville</u>, a Rule 9(b)
challenge was based upon the failure to plead the "date, place
and time" of an alleged RICO fraud. The Third Circuit found that
the district court's scrutiny of the fraud allegations was too
strict, stating:

> Rule 9(b) requires plaintiffs to plead with
> particularity the "circumstances" of the
> alleged fraud in order to place the
> defendants on notice of the precise
> misconduct with which they are charged, and
> to safeguard defendants against various
> charges of immoral and fraudulent behavior.
> It is certainly true that allegations of
> "date, place or time" fulfill these
> functions, but nothing in [Rule 9(b)]
> requires them.

742 F.2d at 791. The Third Circuit has admonished district
courts applying Rule 9(b) that "focusing exclusively on its
'particularity' language 'is too narrow an approach and fails to
take account of the general simplicity and flexibility
contemplated by the rules." <u>Christidis v. First Pennsylvania</u>

Mortgage Trust, 717 F.2d 96, 100 (3d Cir. 1983)(quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298, at 407 (1969)). Within the Third Circuit, "[p]laintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud. Seville, 742 F.2d at 791.

The defendants, however, point to the case of United States ex rel. Quinn v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004), as having adopted the reasoning of Clausen which would require the Relators to plead the "date, place and time" of the alleged fraud. The defendants' reliance is misplaced. Omnicare did not involve a motion to dismiss but, rather, review of a summary judgment decision where the failure to establish an element essential to its case, i.e., the actual submission of a claim to the government for payment, meant there was no issue of material fact to be decided. Proof of an actual submission of a false claim was required at the summary judgment stage of the litigation in order for the case to proceed to trial.

We do not read Omnicare to require proof at the motion to dismiss stage of litigation, however. Indeed, it is clear that the relator's complaint in Omnicare passed muster under Rule 9(b) and he was accorded the opportunity to discover the particulars of the individual claim submissions. 382 F.3d at 439 n.10. We conclude, as have others, that the majority in Clausen

was seeking not "particularity" but proof in requiring the
relator to affix actual claims for payment to the complaint,
which, in our view, is inappropriate on a Rule 9(b) motion to
dismiss.  Clausen, 290 F.3d at 1317 (Barkett, J., dissenting);
see also, United States of America ex rel. Pogue v. Diabetes
Treatment Centers of America, 238 F.Supp.2d 258, 268-69 (D.C.D.C.
2002).  As well, application of Clausen's requirement for proof
would, at this stage in the proceedings, run counter to the
generous approach to pleadings taken by the Third Circuit.  See,
e.g., Christidis, 717 F.2d at 99-100; United States of America ex
rel. Atkinson v. Pennsylvania Shipbuilding Company, 2000 WL
1207162, *8 (E.D.Pa. 2000).

          "Rule 9(b) was not intended to require a plaintiff to
know every detail before he or she could plead fraud."  United
States of America v. Kensington Hospital, 760 F.Supp. 1120, 1125
(E.D.Pa. 1991).  Particularly in the context of federal FCA
cases, the courts have recognized the impracticality of requiring
the plaintiff to plead the facts of each individual claim,
particularly where the claims are numerous and extend over the
course of several years.  Id., see also, Pogue, 238 F.Supp.2d at
268; United States ex rel. Thompson v. Columbia/HCA Healthcare
Corp., 20 F.Supp. 2d 1017, 1049 (S.D.Tex. 1998)("The basic
framework, procedures, the nature of fraudulent scheme, and the
financial arrangements and inducements among the parties and

7

physicians that give rise to Relator's belief that fraud has occurred have been alleged with specificity; Plaintiffs are entitled to discovery before being required to list every false claim, its dates, the individuals responsible, and why each patient was not eligible for Medicare.").

In this case, the Relators have sufficiently identified the scheme of fraudulent behavior in which the defendants allegedly engaged, that is, billing the federal government for unnecessary tests and procedures and misrepresenting patients' medical conditions to justify the billing codes used.  As well, the Relators have set forth a time period for the alleged fraud, that is, from at least 2001 through "the present."[10] Additionally, the Complaint details an alleged arrangement involving commissions to be paid on increased revenues from the billing scheme.  Consistent with the requirements of Rule 9(b) and with Rule 8's requirement of a short, plaint statement of entitlement to relief, the complaint in this case provides the defendants with adequate notice of the charges against them, sufficient to prepare a defense.  "[F]ull particulars will have to be revealed during discovery."  United States of America v. Kensington Hospital, 760 F.Supp. 2d 1125.

---

[10]     The Relators filed the complaint on September 25, 2003.

For the above-stated reasons, the district court should deny the defendants' Motion to Dismiss or, alternatively, for a More Specific Pleading (doc. 11).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.


Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:   13 February, 2006.


cc:  Hon. David S. Cercone
     United States District Judge

     Andrew M. Stone, Esquire
     Stone & Stone
     437 Grant Street
     828 Frick Building
     Pittsburgh, PA 15219

     Robert L. Eberhardt
     Assistant United States Attorney
     Suite 700 U.S. Post Office & Courthouse
     Pittsburgh, PA 15219

     Greg Pearson, Esquire
     United States Department of Justice

Civil Division
Ben Franklin Station
P.O. Box 261
Washington, D.C. 20044

Neal R. Devlin, Esquire
Richard A. Lanzillo, Esquire
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501

Arthur H. Stroyd, Jr., Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219