IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES, *ex rel.*, DILBAGH SINGH M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D., <br><br> **Plaintiffs,** <br><br> v. <br><br> BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX, <br><br> **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil No. 04-186 Erie**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Opinion

Dilbagh Singh M.D., Paul Kirsch, M.D., V. Rao Nadella, M.D., and Martin Jacobs, M.D., commenced this *qui tam* action pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3732, as amended.  The FCA contains what are known as *qui tam* provisions.  The *qui tam* action takes its name from the Latin phrase meaning "he who sues on behalf of the king as well as himself."  United States *ex rel.* Dunleavy v. County of Delaware, 123 F.3d 734, 738 n.6 (3d Cir. 1997) (citation omitted).  These provisions allow a citizen to bring an action on behalf of the United States against anyone who has submitted a false claim to the Government. See United States *ex rel.* Mistick PBT v. Housing Authority of Pittsburgh, 186 F.3d 376, 382 (3d Cir. 1999).  It has been said that in this capacity, the plaintiff acts as a private attorney general.  In this case, Doctors Singh, Kirsch, Nadella, and Jacobs, who are known as the "Relators," are suing Bradford Regional Medical Center, V & S Medical Associates, LLC,  Peter Vaccaro, M.D., and Kamran Saleh, M.D., on behalf of the United States Government.

## I. Background

The Relators allege that the Defendants perpetrated a scheme wherein they presented false or fraudulent claims for payment or approval to the United States seeking reimbursement for services rendered to patients unlawfully referred to Defendant Bradford Regional Medical Center. The Relators allege that the scheme arose out of Bradford Regional's equipment sublease with V & S Medical Associates, LLC, an entity owned by Defendant doctors Vaccaro and Saleh, who are medical staff physicians at Bradford Regional. The Relators allege that the false claims were presented by physicians to whom Defendants provided kickbacks; physicians to whom Defendants provided illegal remuneration; and/or physicians with whom Defendants entered into prohibited financial relationships in violation of the Medicare anti-kickback statute, 42 U.S.C. § 1320a-7b(b), and the prohibition on physician "self-referrals" contained in the "Stark Law," 42 U.S.C. § 1395nn. The Relators assert four claims against Defendants under the False Claims Act, which provides for civil and criminal penalties for persons who knowingly submit false claims to the government. See Dunleavy, 123 F.3d at 738.

The False Claims Act states in relevant part as follows:

(a) **Liability for certain acts**.--Any person who--
(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

\* \* \* \* \* \*

or (7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government, is liable to the United States Government . . . .

31 U.S.C. § 3729(a).

Defendants have filed a joint motion to dismiss the claims arguing that the Complaint fails to state averments of fraud or the circumstances constituting fraud with sufficient particularity as required by Federal Rule of Civil Procedure 9(b); that the Complaint fails to state a claim upon which relief can

be granted pursuant to Rule 12(b)(6) because the Complaint fails to allege any violations of the Stark Law; and that the Complaint bases its False Claims Act claims on certifications that allegedly were made in a Medicare cost report that could not have been filed prior to the filing of the Complaint.

## II. Standard of Review

Defendants bring their motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

A motion to dismiss pursuant to Federal Rule 12(b)(6), tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of the claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing *Conley*, 355 U.S. at 45-46); see also Wisniewski v. Johns- Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).

"A motion to dismiss pursuant to 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).

## III. Discussion

We will begin by addressing Defendants' argument that the Relators failed to plead fraud with particularity.

### A. Pleading Fraud With Particularity

Federal Rule of Civil Procedure 9(b) provides as follows:

**(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed.R.Civ.P. 9(b). To comply with Rule 9(b) Relators must plead with particularity the "circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they

3

are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985). In addition, Rule 9(b) is read in conjunction with Rule 8, which requires pleadings setting forth a claim for relief to provide a 'short and plain statement of the claim' and directs that each 'averment of a pleading shall be simple, concise, and direct.' Fed.R.Civ.P. 8(a)(2) & (e).

### 1. Defendants' Argument that the Complaint Fails to Comply with Rule 9(b)

Defendants argue that the Relators have failed to plead the alleged fraud with sufficient specificity as follows.

Defendants first argue that the Relators failed to provide specifics with respect to the alleged claims filed with Medicare, Medicaid, and other governmental payment programs.

In addition, while the Relators state that Bradford Regional was required to submit cost reports to Medicare, Defendants argue that the Relators failed to allege that any reports were actually filed (rather than just signed), when they were filed, and what specific content in the reports was false. Defendants also argue that the Relators failed to specifically allege when the cost reports were signed (although the Relators do state that the reports were signed "at all times material to this complaint").

Next, Defendants argue that the Relators failed to provide specific information regarding Defendant doctors Vaccaro and Saleh's referrals of patients to Bradford Regional for health services, and failed to provide specific allegations that the doctors presented any claims for payment to the Government.

Finally, Defendants argue that the Relators' allegations that the Defendants sought reimbursement from state Medicaid programs and from TRICARE/CHAMPHUS based on submissions to Medicare is insufficient. Defendants argue that the Relators failed to provide specific information regarding the alleged submissions, failed to allege a false statement or certification in connection with the reimbursement, and failed to allege from which state Medicaid programs Defendants sought reimbursement.

4

In support of their argument, Defendants assert that "Rule 9(b) requires 'that a relator must provide details that identify particular false claims for payment that were submitted to the government.'" (Defendants' Brief, at 5, quoting United States *ex rel.* Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220, 232 (1st Cir.), cert. denied, 543 U.S. 820 (2004)). Defendants submit that the "details" consist of the following:

> the dates of claims, the content of the forms or bills submitted, their identification numbers, the amount of money charged to the government, the particular goods or services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on these practices.

(Defendants' Brief, at 5, quoting Karvelas, 360 F.3d at 233). At a minimum, Defendants argue that "some of [the above] information for at least some of the claims must be pleaded to satisfy Rule 9(b)." (Defendants' Brief, at 5, quoting United States *ex rel.* Clausen v. Laboratory Corporation of America, 290 F.3d 1301, 1311 (11th Cir. 2002), cert. denied, 537 U.S. 1105 (2003)). Moreover, Defendants note that "Relators may not 'hypothesize' false claims based on alleged illegal activities, but most come with 'claim in hand.'" (Defendants' Brief, at 6, quoting United States *ex rel.* Schmidt v. Zimmer, 2005 WL 1806502 (E.D.Pa July 29, 2005)).

In addition, Defendants have brought to our attention the opinion in United States *ex rel.* Bartlett v. Tyrone Hospital, Inc., 234 F.R.D. 113 (W.D.Pa. 2006), in which similar claims were dismissed under Rule 9(b). Relators, in turn, have brought to our attention the opinion in United States *ex rel.* Landsberg v. Levinson, Civil Action No. 03-1429 (W.D.Pa. Feb. 13, 2006) and Gibbons v. Kvaerner Philadelphia Shipyard, Inc., Civil Action No. 05-685 (E.D.Pa. Feb. 10, 2006), both of which rejected defendants' similar Rule 9(b) arguments.

## 2. Analysis

Based on Defendants' arguments and their supporting case law it is clear that the issue here concerns whether at this stage of the pleadings Rule 9(b) requires the Relators to provide specific information regarding certain alleged facts; namely, specific dated cost reports or specific dated claims for payment submitted for specific patients. Our review of the recent cases submitted by the parties,

Rule 9(b) case law in general, and the alleged claims made in this case, we conclude that Rule 9(b) does not require such strict scrutiny of Relators' fraud claims.

### a. Rule 9(b)'s Flexibility

"Rule 9(b) was not intended to require a plaintiff to know every detail before he or she could plead fraud." United States of America v. Kensington Hospital, 760 F.Supp. 1120, 1125 (E.D.Pa. 1991). In fact, the Third Circuit Court of Appeals has rejected strict application of Rule 9(b). Seville, 742 F.2d 786. In Seville, the Court stated that

> Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in [Rule 9(b)] requires them.

Seville, 742 F.2d at 791. In addition, the Third Circuit Court of Appeals "has admonished district courts applying Rule 9(b) that 'focusing exclusively on its 'particularity' language is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'" Landsberg, Civil Action No. 03-1429, slip op. at 5-6, quoting Christidis v. First Pennsylvania Mortgage Trust, 717 F.2d 96, 100 (3d Cir. 1983)(other citation omitted). Instead, our Court of Appeals instructs that "Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville, 742 F.2d at 791.

Other courts presented with fraud schemes similar to the scheme alleged in the present case have also concluded that Rule 9(b) is satisfied without requiring specific identification of claims. See United States *ex rel.* Thompson v. Columbia/HCA Healthcare Corp., 20 F.Supp.2d 1017, 1049 (S.D. Tex. 1998) ("The basic framework, procedures, the nature of fraudulent scheme, and the financial arrangements and inducements among the parties and physicians that give rise to Relator's belief that fraud has occurred have been alleged with specificity; Plaintiffs are entitled to discovery before being required to list every false claim, its dates, the individuals responsible, and why each patient was not eligible for Medicare."); United States *ex rel.* Pogue v. American Healthcorp, Inc., 977 F.Supp. 1329, 1333 (M.D.Tenn. 1997); Kensington Hospital, 760 F.Supp. 1120. In general, these Courts have

6

"recognized the impracticality of requiring the plaintiff to plead the facts of each individual claim, particularly where the claims are numerous and extend over the course of several years," Landsberg, slip op. at 5.

Courts facing different factual scenarios from the instant case are also in accord with the conclusion that Rule 9(b) can be satisfied without specific enumeration of each instance of fraud. See United States *ex rel.* Franklin v. Parke-Davis, 147 F.Supp.2d 39, 49 (D.Mass. 2001); United States *ex rel.* Downy v. Corning Inc., 118 F.Supp.2d 1160, 1173 (D.N.M. 2000); and United States *ex rel.* Johnson v. Shell Oil Co., 183 F.R.D. 204, 206 (E.D. Tex. 1998). In addition, the United States Supreme Court, in a case concerning the limitations period for RICO claims, briefly commented on Rule 9(b) in conjunction with the flexibility under Rule 11(b)(3) noting that Rule 9(b)'s particularity requirements are relaxed where the plaintiff lacks access to all facts necessary to detail his claim. Rotella v. Wood, 528 U.S. 549, 560 (2000) (citing Corley v. Rosewood Care Center, Inc. of Peoria, 142 F.3d 1041, 1050-1051 (7th Cir. 1998)).

Not cited by the parties, but relied upon by the Bartlett Court, is a Third Circuit opinion in which the Court did require specific identification of a claim. United States *ex rel.* Quinn v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004). However, Quinn is distinguishable as it "did not involve a motion to dismiss but, rather, review of a summary judgment decision where the failure to establish an element essential to its case, *i.e.*, the actual submission of a claim to the government for payment, meant there was no issue of material fact to be decided." Landsberg, Civil Action No. 03-1429, slip op. at 6. "Proof of an actual submission of a false claim was required at the summary judgment stage of the litigation in order for the case to proceed to trial." Landsberg, Civil Action No. 03-1429, slip op. at 6. Significantly, Plaintiff's claims in Quinn were not dismissed at the motion to dismiss stage.

### b. Defendants' Primary Supporting Case Law

We disagree with Defendants on the significance of their supporting case law, in particular Karvelas, 360 F.3d 220, Clausen, 290 F.3d 1301, and Schmidt, 2005 WL 1806502.

7

To the extent that Clausen can be read to mandate specific identification of claims we conclude "as have others, that the majority in Clausen was seeking not 'particularity' but proof in requiring the relator to affix actual claims for payment to the complaint, which, in our view, is inappropriate on a Rule 9(b) motion to dismiss." Landsberg, Civil Action No. 03-1429, slip op. at 6-7 (citing Judge Barkett's dissenting opinion in Clausen, 290 F.3d at 1317.)

More significantly, however, the Eleventh Circuit does not construe Clausen to require identification of specific claims. In an opinion issued after Clausen, a panel of the Eleventh Circuit ruled that a complaint that failed to identify specific claims for payment submitted by the defendant satisfied Rule 9(b). United States *ex rel.* Hill v. Morehouse Medical Associates, Inc., 2003 WL 22019936 (11th Cir. 2003). The panel explained that Clausen required that "'some indicia of reliability must be given in the complaint to support the allegation of fraud'" to satisfy Rule 9(b). Hill, 2003 WL 22019936, *3, quoting Clausen, at 1311. The Hill panel also explicitly stated that "failure to allege patient names and the exact dates that claims were submitted to the government . . . is not fatal to a claim under the FCA." Hill, 2003 WL 22019936, n.8. In a later case, the Eleventh Circuit again ruled that a Relators' Complaint satisfied Rule 9(b) despite the fact that Relators did not identify specific claims for payment. United States *ex rel.* Walker v. R & F Properties of Lake County, Inc., 433 F.3d 1349, 1353 (11th Cir. 2005). Thus, Clausen does not stand for the proposition that identification of specific claims is required to satisfy Rule 9(b) at the motion to dismiss stage.

Karvelas and Schmidt both rely on and agree with Clausen without adding any new reasoning. The Schmidt decision, which was the latest of the three opinions, supports its ruling by citing Hill and Clausen, and states in a footnote that it agrees with the Karvelas Court's articulation of the particularity requirement. Schmidt, 2005 WL 1806502, *2. The quote from Karvelas provided by the Schmidt Court, in turn quotes Clausen. Id., at n.2. Therefore, in light of our discussion of the Clausen case, we are likewise not persuaded by Karvelas and Schmidt that Relators in this case must provide specific identifying information for the claims at this stage of the proceedings.

8

### c. **Bartlett** Decision

In Bartlett, relied upon by Defendants, the Court found it fatal to plaintiffs' pleading that they failed to provide at least one specific claim submitted to the government by the Defendants "as an evidentiary example of the claims submitted in order to inject some precision into the Amended Complaint." Bartlett, 234 F.R.D. at 122. Although we reach a different outcome, both this court and Bartlett are in agreement about the applicable law regarding Rule 9(b).

The Bartlett Court recognized, as did we, that Third Circuit case law emphasizes the flexibility of Rule 9(b). Bartlett, 234 F.R.D. 113. The Bartlett Court also approvingly quoted the following Third Circuit precedent regarding Rule 9(b):

• "focusing exclusively on [Rule 9(b)'s] 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules;"

• "nothing in the rule requires" allegations of "date, place or time;" and

• "Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud."

Bartlett, 234 F.R.D. at 120, quoting Seville, 742 F.2d at 791 (quoting Christidis, 717 F.2d at 100), and citing California Public Employees' Retirement System v. Chubb Corp., 394 F.3d 126, 144 (3d Cir.2004).

The Bartlett Court also remarked several times on its duty to weigh the interest of the Defendants in being able to answer and defend, with the mandate of Rule 8 to keep pleadings simplistic. See Id. at 121, 122 ("the Court recognizes the need for balance between Rule 8 and pleading fraud under Rule 9(b) and the fact that every alleged claim need not be plead with specificity"), & 122 ("Rule 8(a) does not require [plaintiffs] to plead the specifics of each alleged fraudulent claim or statement submitted to the Government"). On one hand, the Court found that it would be unacceptable for the Plaintiffs not to provide reference dates or names of referring physicians with respect to claims. Id. at 121. On the other hand, the Court also found that "[r]equiring the Plaintiffs to plead the facts of every claim, including the date, physician, and services provided for the eleven years would destroy the essence of Rule 8." Id. (emphasis added). The Bartlett Court resolved this problem by deciding that "every alleged

9

claim need not be plead with specificity," but that Plaintiffs must provide <u>at least one evidentiary</u> <u>example</u>. <u>Id.</u> at 122.

It is clear from the Court's decision that although "allegations of 'date, place or time'" are not required by Rule 9(b), under the circumstances of the <u>Bartlett</u> case the only "alternative means of injecting precision and some measure of substantiation" into the pleadings was to require Plaintiffs to provide <u>one</u> evidentiary example of the claims alleging 'date, place or time.' <u>See</u> <u>Bartlett</u>, F.R.D. at 121. The <u>Bartlett</u> Court did not hold that Rule 9(b) requires specific identification of claims.

### d. Conclusion

In the instant case, we fail to see how requiring Relators to provide a single claim example would put Defendants in a better position to answer and defend against the claims. As Relators point out, Defendants never assert that the Defendant doctors did <u>not</u> refer any Medicare or Medicaid patients to Bradford Regional, nor have Defendants asserted that no claims for payment were submitted for such patents, as alleged in the complaint. We agree with Relators that the falsity of the instant claims does not turn on anything unique to any individual claim or that would be revealed from an examination of any claim, but rather the claims "are false because of the improper financial arrangements between [Bradford Regional] and the physicians, . . . ." (<u>Relators' Response</u>, at 4.) Relators allege that Bradford Regional entered into an improper financial relationship with V & S Medical Associates and the Defendant doctors. Relators further allege that every claim submitted as a result of a referral from the Defendant doctors is alleged to be false. The addition of specific identifying information of each claim adds little to complete the description of the scheme since the fraudulent conduct at issue does not rely on any specific claim. Thus, we find that the Complaint sufficiently alerts Defendants to the "precise wrongdoing misconduct with which they are charged." <u>Seville</u>, 742 F.2d at 791.

In addition, we fail to see how identification of the claims, in this case, would provide a sufficient or better safeguard against spurious charges. <u>Seville</u>, 742 F.2d at 791. As noted, no where do Defendants claim that the relevant claims for reimbursement were not filed during the relevant time period. Since Relators' allegations do not depend upon any single claim, even if Relators added the

10

identifying claim information that Defendants argue is necessary, the Defendants would be no further protected from spurious charges than they are now.

Finally, under the circumstances of the instant case we also find that for the Court to require Relators to provide allegations of "date, place or time" would effectively negate the Third Circuit's instruction that "Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville, 742 F.2d at 791 (emphasis added). To require allegations of "date, place or time" in this case would take away Relators' freedom to use "alternative" means. This is not to say that we would not make such a ruling if we found that the circumstances of the case compelled such a result. However, we see no reason to make such a requirement in this case. Accordingly, we will deny Defendants' motion to dismiss for failure to allege fraud with as required by Federal Rule of Civil Procedure 9(b).

### 3. Pleading Conspiracy

Defendants also argue that the failure to properly plead fraud in accordance with Rule 9(b) defeats Relators' conspiracy allegations as well. Allegations of conspiracy need only comply with the pleading requirements of Rule 8(a). Bartlett, 234 F.R.D. at 123, citing United States *ex rel.* Atkinson v. Pennsylvania Shipbuilding Co., 2000 WL 1207162, *10 (E.D.Pa. Aug.24, 2000). Here, we find that Relators have adequately plead and described "the general composition of the conspiracy, some or all of its broad objectives, and [Defendants'] general role in that conspiracy." Atkinson, 2000 WL 1207162, at *10.

### B. Failure to State A Claim Upon Which Relief Can Be Granted

Defendants also argue that the Stark Law does not apply to the lease at issue in this case and thus the Complaint fails to state a Stark Law claim upon which relief can be granted. Defendants' argument rests on their own interpretation of the Stark Law, as they have provided no supporting citations. We note that to accept Defendants' largely undeveloped argument and dismiss Relator's Stark Law claim

11

would be inappropriate at this stage of the proceedings, and possibly be contrary to Congress' intent in passing the Stark Law.

## C. Cost Report Filing Date

Defendants also argue that Relators' False Claims Act claims should be dismissed since the certifications that allegedly were made in a Medicare cost report could not have been filed prior to the filing of the Complaint. We conclude that it is premature to determine this issue at this stage of the litigation as it clearly requires the introduction of evidence.

## IV. Conclusion

As set forth in the Opinion, we will deny Defendants' Joint Motion to Dismiss. An appropriate Order follows.

September 13, 2006
Date

Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.,
Senior District Judge

12