IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., ) <br> V. RAO NADELLA, M.D., and ) <br> MARTIN JACOBS, M.D., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> BRADFORD REGIONAL MEDICAL CENTER, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 04-186-E <br><br> JUDGE COHILL |

**FED. R. CIV. P. 26(f) REPORT OF THE PARTIES**

Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's web site as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1. **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   For Plaintiffs:

         Andrew M. Stone
         Stone & Stone
         828 Frick Bldg. 437 Grant Street.
         Pittsburgh, Pa. 15219
         Phone: (412) 391-2005
         Fax: (412) 391-0853
         astone@stones2.com

>G. Mark Simpson
>Simpson Law Firm, LLC
>165 North Main Street
>Jonesboro, GA 30236
>Phone: (678) 610-1994
>Fax: (678) 302-8721
>mark@marksimpsonlaw.com

For Defendant Bradford Regional Medical Center:

>Daniel M. Mulholland III
>Henry M. Casale
>Horty, Springer & Mattern, P.C.
>4614 Fifth Avenue
>Pittsburgh, PA 15213
>Phone: (412) 687-7677
>Fax: (412) 687-7692
>DMulholland@hortyspringer.com

For Defendants V&S Medical Associates, LLC, Peter Vaccaro, M.D., and Kamran Saleh, M.D.:

>Jay D. Marinstein
>Carl J. Rychcik
>FOX ROTHSCHILD LLP
>625 Liberty Avenue, 29th Floor
>Pittsburgh, PA 15222
>Phone: (412) 391-1334
>Fax: (412) 391-6984
>jmarinstein@foxrothschild.com
>crychcik@foxrothschild.com

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):
False Claims Act

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

Date: November 7, 2006
Participants: Andrew M. Stone, G. Mark Simpson, Daniel M. Mulholland III, Henry M. Casale, and Carl J. Rychcik

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

    November 30, 2006.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed**:

    None.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation. For those cases assigned to Judges Ambrose, Cercone, Hardiman and Schwab, you MUST complete the attached Stipulation Selecting ADR Process, marked as Exhibit A:**

    The parties discussed the possibility of using ADR processes, and agreed that ADR was premature before discovery. The parties will consider the use of ADR at an appropriate time.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

    None.

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    The parties anticipate that they will take discovery on the facts and transactions alleged in the complaint, the defenses asserted by defendants, and any other matter relevant to the claims asserted.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** November 21, 2006

   b. **Date by which any additional parties shall be joined:** April 2, 2007

   c. **Date by which the pleadings shall be amended:** April 2, 2007

   d. **Date by which fact discovery should be completed:** June 1, 2007

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** Not applicable

   f. **Date by which plaintiff's expert reports should be filed:** July 2, 2007

   g. **Date by which depositions of plaintiff's expert(s) should be completed:** September 3, 2007

   h. **Date by which defendant's expert reports should be filed:** August 1, 2007

   i. **Date by which depositions of defendant's expert(s) should be completed:** September 3, 2007

   j. **Date by which third party expert's reports should be filed:** To be determined when and if any third party is joined.

   k. **Date by which depositions of third party's expert(s) should be completed:** To be determined when and if any third party is joined.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:** Not applicable.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

    The parties have considered the need for such special deadlines, procedures, or orders, and do not believe there is such a need at the present time. The parties agree that, as discovery proceeds, they will revisit this issue should circumstances change.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:** (The parties are <u>not</u> required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

    a.  **Settlement and/or transfer to an ADR procedure;**
    b.  **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragaphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference**
    c.  **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**
    d.  **Dates by which parties' pre-trial statements should be filed;**
    e.  **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**
    f.  **Dates on which motions *in limine* and *Daubert* motions shall be heard;**
    g.  **Dates proposed for final pre-trial conference;**
    h.  **Presumptive and final trial dates.**

    The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    The parties anticipate executing and presenting to the Court (i) a qualified protective order governing the use of protected health information pursuant to HIPAA, and (ii) a confidentiality order governing the use of confidential and proprietary information.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    At this time, the parties do not believe it is necessary to appoint a special master, although the parties may revisit this issue if matters arise during discovery that would make the appointment of such a special master appropriate.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    Not applicable.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The parties agree that discussion of settlement is premature before discovery.

Respectfully submitted,

| | |
|---|---|
| /s/ Andrew M. Stone<br>Andrew M. Stone<br>Stone & Stone<br>828 Frick Bldg. 437 Grant Street<br>Pittsburgh, Pa. 15219<br>Phone: (412) 391-2005<br>Fax: (412) 391-0853<br>astone@stones2.com<br>Attorney for Plaintiff | /s/ Daniel M. Mulholland III<br>Daniel M. Mulholland III<br>Horty, Springer & Mattern, P.C.<br>4614 Fifth Avenue<br>Pittsburgh, PA 15213<br>Phone: (412) 687-7677<br>Fax: (412) 687-7692<br>DMulholland@hortyspringer.com<br>Attorneys for Defendant Bradford Regional Medical Center |
| /s/ G. Mark Simpson<br>G. Mark Simpson<br>Simpson Law Firm, LLC<br>165 North Main Street<br>Jonesboro, GA 30236<br>Phone: (678) 610-1994<br>Fax: (678) 302-8721<br>mark@marksimpsonlaw.com<br>Attorney for Plaintiff | /s/ Carl J. Rychcik<br>Jay D. Marinstein<br>Carl J. Rychcik<br>FOX ROTHSCHILD LLP<br>625 Liberty Avenue, 29th Floor<br>Pittsburgh, PA 15222<br>Phone: (412) 391-1334<br>Fax: (412) 391-6984<br>jmarinstein@foxrothschild.com<br>crychcik@foxrothschild.com<br>Attorneys for Defendants V&S Medical Associates, LLC, Peter Vaccaro, M.D., and Kamran Saleh, M.D |

<u>Certificate of Service</u>

I hereby certify that on November 20, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

       Daniel M. Mulholland, III
       Jay D. Marinstein

I further certify that I served the following non-CM/ECF participant by United States Mail:

       Robert L. Eberhart
       Assistant United States Attorney
       USPO & Courthouse
       700 Grant Street, Suite 400
       Pittsburgh, PA 15219

This 20th day of November, 2006.

       Respectfully submitted,

       <u>/s/ G. Mark Simpson</u>
       G. Mark Simpson
       Georgia Bar No. 647725
       SIMPSON LAW FIRM, LLC
       165 North Main Street
       Jonesboro, Georgia 30236
       Phone: (678) 610-1994
       Fax: (678) 302-8721
       mark@marksimpsonlaw.com
       Attorney for Plaintiff