IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D., <br><br> Relators, <br><br> v. <br><br> BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX, <br><br> Defendants. | Civil Action No. 04-186E |

## QUALIFIED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF PROTECTED HEALTH INFORMATION

Pursuant to stipulation of the parties and good cause appearing therefor:

IT IS HEREBY ORDERED:

1. Except as noted in this paragraph, this Order shall govern all documents and other materials used or disclosed by parties or non-parties in connection with this action which constitute Protected Health Information, as that term is defined in the Privacy Regulations promulgated pursuant to the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164 (the "Privacy Regulations"), and any copies, summaries, pleadings, testimony or transcripts containing quotations therefrom or

references thereto. This Order shall not apply to Protected Health Information disclosed pursuant to an order of the Court or the written authorization of the patient whose information is at issue. This Order is intended to constitute a "qualified protective order" as described in 45 C.F.R. § 164.512(e).

2. Any party preparing, serving or filing any document containing or referring to Protected Health Information shall mark such documents "Protected Health Information." With respect to any deposition in which Protected Health Information is the subject of examination, any party or third party may invoke this Order by stating on the record during the taking of the deposition that some or all of the examination is Protected Health Information. All copies of any transcript of a deposition, the exhibits to any deposition, or any portion thereof which a party or third party has designated Protected Health Information, in whole or in part, shall be marked by the court reporter "Protected Health Information." The party proposing the designation shall so designate the document, transcript, exhibit, or any portion thereof as Protected Health Information. The remainder of the document, transcript or exhibit will not be categorized as Protected Health Information and may be disseminated and used in accordance with all applicable laws, rules and regulations.

3. Inadvertent production of protected document(s) shall not constitute a waiver of the right to make an after-the-fact good faith designation. Upon the discovery of such inadvertent production, the producing party shall notify the parties in receipt of the document that it is designated "Protected Health Information," and shall confer with the parties regarding the proposed designation as Protected Health Information. An after-the-fact designation may be made orally on the record in any deposition, together with any explanation relative to inadvertence or oversight, and after conferring with the other parties regarding the proposed designation as Protected Health Information, shall be honored by all present in the same manner as if originally designated "Protected Health Information."

158764.1
December 8, 2006

4.  Protected Health Information used or disclosed in this action shall not be used or disclosed for any purpose other than this action, except as otherwise permitted by the Privacy Regulations.

5.  Upon final termination of this action, each party and person shall return all Protected Health Information, including all copies thereof, to the party who originally disclosed the Protected Health Information.

6.  No part of the restrictions imposed by this Order may be terminated, except by stipulation executed by counsel of record for the party who originally made the disclosure of Protected Health Information or in accordance with Paragraph 7. The provisions of this Order, insofar as they restrict the use or disclosure of Protected Health Information, shall continue to be binding after the termination of this action, unless the Court orders otherwise.

7.  Any party may object to the Protected Health Information designation of any material by any other party by serving written notice of objection on all parties, specifying the materials to which objection is made. The party maintaining the Protected Health Information shall file a motion for determination by the Court within 10 days. The issue of whether the material is Protected Health Information shall be preserved pending resolution of the issue by the Court.

8.  The fact that any information is disclosed or produced in discovery or offered or admitted into evidence at any hearing or trial shall not be construed as a waiver in any other context or proceeding before any court, agency or tribunal as evidence of whether such information is or is not confidential or proprietary.

DATE: _December 12_, 2006      _Maurice B. Cohill, Jr._, J.
                                Maurice B. Cohill, Jr., Senior Judge

3

158764.1
December 8, 2006