IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D., <br><br> Relators, <br><br> v. <br><br> BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX, <br><br> Defendants. | Civil Action No. 04-186E |

PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF DOCUMENTS TO BE
PRODUCED AND INFORMATION OBTAINED IN DISCOVERY

Pursuant to stipulation of the parties and good cause appearing therefor:

IT IS HEREBY ORDERED:

1.  This Order shall govern all documents and other materials produced by parties or non-parties to this action which are designated "Confidential" pursuant to Paragraph 2 and any copies, summaries, pleadings or transcripts containing quotations therefrom or references thereto (hereinafter the "designated material").

2.  Any party or non-party (hereinafter the "designating party") shall have the right to designate as confidential any document that contains peer review information, proprietary business information or information that has been maintained by the designating party in a confidential fashion by marking such document "CONFIDENTIAL

1

      MATERIAL" or other, comparable language. Documents that contain non-public, competitively sensitive information may be designated "CONFIDENTIAL, COUNSEL ONLY" or other, comparable language.

3. The fact that any information is disclosed or produced in discovery or trial herein shall not be construed as a waiver in any other context or proceeding before any court, agency or tribunal as evidence of whether such information is or is not confidential or proprietary, or privileged or otherwise protected by law from discovery or introduction into evidence.

4. Any party preparing, serving or filing any document containing or referring to designated material shall mark such documents "Confidential" or "Confidential, Counsel Only" in accordance with Paragraph 2 of this Order. With respect to a deposition at which designated material is the subject of examination, any party or third party may invoke this Order by stating on the record during the taking of the deposition that some or all of the examination is confidential. All copies of the transcript of a deposition or the exhibits to a deposition which a party or third party has designated Confidential in whole or in part shall be marked by the court reporter with the legend set forth in Paragraph 2 of this Order.

5. Designated material shall not be delivered, exhibited, disclosed or communicated to anyone other than the following persons:

    (a)    any party in this action;

    (b)    counsel of record for any party in this action;

    (c)    paralegal, stenographic, clerical and other employees of counsel of record in this action;

    (d)    court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in connection with this case;

    (e)    independent experts and consultants employed by counsel for the parties to assist in the preparation or trial of this case;

 (f) directors, officers and employees of any party in this action who are being advised by counsel to the extent that a particular disclosure of specific designated material is necessary with respect to the legal advice being rendered;

 (g) any person from whom testimony is taken or to be taken in this action ("witness"), provided that such a person may only be shown copies of designated material during his or her testimony or in the actual course of preparation therefore and may not retain any designated material;

 (h) the Court and employees of the Court, and

 (i) the attorneys, investigators, and other employees of the United States Attorney's Office, the United States Department of Justice, and the United States Department of Health and Human Services.

Documents designated "Confidential, Counsel Only" shall not be delivered, exhibited, disclosed or communicated to persons specified in subparagraph 5(e), except insofar as such persons may be witnesses pursuant to subparagraph 5(f).

6. Designated material shall be used solely for the purpose of conducting this action and not for any business or other purpose. Designated material may be used in this action as follows:

 (a) in materials filed with the Court under seal, which shall bear on the cover of the sealed envelope the legend specified in Paragraph 2; in accordance with Misc. No. 05-45 (WD Pa. 1/27/2005).

 (b) during the course of a deposition, provided that confidentiality is preserved;

 (c) in open court, to the extent necessary, in argument of any pretrial motions referring to designated materials; and

 (d) at trial or at any hearing held pursuant to this action.

7. Designated material shall not be disclosed to persons specified in subparagraphs 5(d), (e) and (f) until such persons have executed a written confidentiality agreement, in the form annexed hereto as Attachment 1, or have agreed to abide by the terms of this Order on the record of his or her deposition. Provided, however, that if a person specified in

    subparagraph 5(f) refuses, after reasonable attempts by the questioning party, to execute a written confidentiality agreement or agree to abide by the terms of this Order, the questioning party shall not be prohibited from showing the witness copies of designated material as set forth in subparagraph 5(f).

8. Upon final termination of this action and all appeals therefrom, unless otherwise agreed in writing by an attorney of record for the designating party, each party and person shall return all designated material, including all copies thereof, to the designating party unless such material has been made public pursuant to this or subsequent Orders. Upon termination of this action and all appeals therefrom, all documents and materials of any designating party filed with the Court pursuant to Paragraph 6 of this Order shall be returned upon request directly to the designating party by the Clerk of the Court or permanently expunged from the Court's records at the option of the designating party.

9. No part of the restrictions imposed by this Order may be terminated, except by stipulation executed by counsel of record for the designating party or in accordance with Paragraph 10. The provisions of this Order, insofar as they restrict the communication, treatment and use of confidential material, shall continue to be binding after the termination of this action, unless the Court orders otherwise.

10. Any party may object to the confidentiality designation of any designated material by serving written notice of objection on all parties, specifying with reasonable particularity the materials to which objection is made. If within 10 days after the service of such notice the designating party with respect to such specified document does not file a motion for a determination by the Court as to the validity of the objection, the specified document shall be relieved from the restriction of this Protective Order. In the event such motion is filed, confidentiality of the material in issue shall be preserved pending resolution of the issue by the Court.

11. This Order shall not restrict in any way the rights or ability to disclose of a party or non-party with respect to its own documents.

12. This Order shall not supersede or modify the Qualified Protective Order Governing Confidentiality of Protected Health Information of even date herewith.

DATE: _Feb. 27_, 2007      _Maurice B. Cohill, Jr._
                            Maurice B. Cohill, Jr., Senior Judge