IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D., <br><br> Relators, <br><br> v. <br><br> BRADFORD REGIONAL MEDICAL CENTER, V&S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX, <br><br> Defendants. | Civil Action No. 04-186E |

PLAINTIFF MARTIN JACOBS, M.D.'S REPONSES AND OBJECTIONS TO
BRADFORD REGIONAL MEDICAL CENTER'S
FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 ("Rule 33"), Plaintiff-Relator Martin Jacobs, M.D. ("Relator Jacobs") serves the following responses and objections to Defendant Bradford Regional Medical Center's ("BRMC") First Set Interrogatories.

Interrogatories

1.  Identify every person or entity (other than individual patients) from which Dr. Jacobs derived any income, including the amount of income (on an annual basis) Dr. Jacobs derived from each such person or entity.

Response:

Relator Jacobs objects to this Interrogatory on the basis that the information sought is not relevant to the claims or defenses in this case. He also objects to this Interrogatory on the basis that it is vague, overly broad and unduly burdensome. Without waiving the foregoing objections, Relator Jacobs states that during the relevant time period has derived income from patients and numerous third-party payors for medical services . Additionally, Dr. Jacobs was paid for supervising tests at TriCounty Diagnostic Testing.

2.  Has Dr. Jacobs obtained any statement, oral or written, signed or unsigned, or any shorthand or recorded statement, or any recorded conversation from any witnesses or from anyone with knowledge of the facts or allegations in this case? If the answer is in the affirmative, please state the name of such person, the date and place wherein each such statement was taken, in whose custody each such statement reposes, and whether each such statement is oral or written, signed or unsigned, in shorthand or recorded.

Response:

Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Further, Relator Jacobs understands "oral statement" to mean oral statements that are recorded or in some manner committed to writing. Without waiving the foregoing objections and subject to this understanding, Dr. Jacobs has obtained no statements related to the facts or allegations in this case.

3.  State whether Dr. Jacobs has ever been subject to any audit, investigation, review or survey conducted by any agency of the United States, the Commonwealth of Pennsylvania or any other governmental agency, describe the results of such, including whether any fines or penalties were imposed or repayments required, and indicate whether Dr. Jacobs was required to institute any plans of correction, improvement or

2

remediation.

Response:

Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Further, Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims or defenses in this case. He also objects to this Interrogatory on the basis that it is vague, overly broad and unduly burdensome. Without waiving the foregoing objections, Relator Jacobs states that during the relevant time period the Department of Public Welfare performed a compliance review of a sampling of patient charts.

4. Identify (a) each and every person with whom Dr. Jacobs has had any communications relating to the Complaint or the matters alleged in the Complaint; (b) the subject matter of such communications; and (c) the date(s) when such communications occurred.

Response:

Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Further, Relator Jacobs objects to this Interrogatory as being vague. Without waiving the foregoing objections, Dr. Jacobs states that he has had communications with the other relators, with counsel, and with representatives of the government, but that all such communications are privileged. Additionally, Relator Jacobs has from time to time discussed the sublease with Dr. Horsely and Dr. Roumani and Dr. DeForno. These discussions were informal and the precise dates are not known but are likely to have occurred in 2004. Dr. Horsely confirmed that BRMC was not actually using the equipment that had been subleased from V & S and that the volume of referrals from V & S had increased after the sublease agreement was signed.

5. Identify the individual(s) from whom Dr. Jacobs obtained a copy of the Equipment Sublease attached to the Complaint as Exhibit A and the date(s) on which said copy was obtained.

Response:

A copy of the Equipment Sublease Agreement was obtained from Co-relators Singh and Nadella.

6. With respect to the allegations contained in Paragraph 2 of the Complaint, please identify any false or fraudulent patient claims and/or hospital cost reports submitted by the Defendants prior to the date that the Complaint was filed as well as subsequent to the filing of the Complaint. With respect to each such claim or cost report, identify: (a) the date on which it was submitted; (b) the Defendant(s) who submitted it; and (c) the Governmental Payor to whom it was submitted, and describe the basis for Dr. Jacobs's assertion as to why the claim or cost report in question was false or fraudulent.

Response:

Relator Jacobs objects to this Interrogatory as unduly burdensome in that it is seeking information that is the possession of BRMC and is the subject of the Relators discovery requests to BRMC. Relator further objects that this interrogatory is premature, in that discovery is ongoing regarding the requested claims. Relators have requested that BRMC produce copies of patient claims and/or hospital cost reports submitted by the Defendants prior to the date that the Complaint was filed as well as subsequent to the filing of the Complaint. While certain cost reports and certain information regarding some of the patient claims have been produced, other claims information remains outstanding. Notwithstanding the foregoing limitations and without waiving his objection, Dr. Jacobs believes that all claims that were submitted by BRMC to any government payor for services that were referred by, or otherwise arranged for by Defendants V & S, Vaccaro and /or Saleh, were false and fraudulent as more particularly set forth in the Complaint. Moreover, any and all certifications that BRMC submitted to government agencies, or their intermediaries, stating that BRMC was not violating the anti-kickback and/or Stark laws (including BRMC's cost reports for the years 2003, 2004, 2005, and 2006) were clearly false statements submitted to the government programs to obtain payment or to retain benefits already conferred.

7. With respect to the allegations contained in Paragraphs 3 and 4 of the Complaint, please identify the "top management of BRMC" and "physicians" who are referred to in said paragraphs, and state whether the "kickbacks, illegal remuneration and unlawful financial relationships" refer to any transactions other than the allegations about the Equipment Sublease contained in the Complaint.

Response:

Relator Jacobs states that he believes that the CEO George Leonhardt and board members Edwin Pecht, Richard McDowell and Michael Schuler were involved in the negotiations and discussions that resulted in the illegal sublease agreement with V & S. The allegations of "kickbacks, illegal remuneration and unlawful financial relationships" refer to the equipment sublease agreement and arrangements related thereto, however the allegations were not intended as a statement that the Defendants were not and are not involved in other illegal transactions.

8. With respect to the allegations contained in Paragraph 93 of the Complaint, please identify (a) the date(s) on which the Relators "repeatedly confronted" Mr. Leonhardt and the Board of Directors; (b) whether the alleged "confrontations" were in person, by telephone, in writing, or by other means of communication; (c) the location of any such alleged "confrontations"; (d) any and all person(s) who were present at or who witnessed such alleged "confrontations"; and (e) any documents relating or referring to such alleged "confrontations."

Response:

Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest privilege.
Without waiving the foregoing objections, Relator Jacobs states that Relators met with Mr. Leonhardt in early 2003 to discuss rumors relating to potential joint venture arrangements involving the hospital and various physicians practicing at the Hospital, including Drs. Vaccaro and Saleh. Mr. Leonhardt denied that BRMC was in negotiations with Drs. Vaccaro and Saleh. A second meeting was held in July of 2003 with Mr. Leonhardt and representatives of the Board of Directors. At this meeting, Relators requested information about the proposed sublease

agreement with V & S.

9. Identify any professional corporation, partnership, limited liability company, limited liability partnership, or other entity through, or in affiliation with, which Dr. Jacobs practiced medicine, and with respect to each, identify: (a) the dates when Dr. Jacobs practiced through or in affiliation with such entity; (b) any other physicians who practiced through or in affiliation with such entity; (c) the location of any office(s) of any such entity; (d) the person(s) who have custody or control of the books and records of said entity; and (e) the amount and nature of any remuneration paid to Dr. Jacobs by said entity during each calendar year or part of a year in which he practiced through or in affiliation with such entity.

Response:

Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims or defenses in this case. He also objects to this Interrogatory on the basis that it is vague, overly broad and unduly burdensome. Without waiving the foregoing objections, Relator Jacobs states that during the relevant time period he has not practiced medicine through any of the entities listed above.

10. Identify each and every hospital, health system, ambulatory surgery center, diagnostic imaging or testing facility or other health care facility or entity with which Dr. Jacobs had a Financial Relationship, and, with respect to each, identify: (a) the nature of the Financial Relationship; (b) the date on which it commenced and (if applicable) terminated; (c) the amount and nature of any remuneration paid to Dr. Jacobs as a result of said Financial Relationship during each calendar year or part of a year in which the Financial Relationship was in effect; (d) the number of patients referred to each such entity by Dr. Jacobs for Designated Health Services during each calendar year or part of a year when Dr. Jacobs had a Financial Relationship with the entity; (e) the number of claims submitted by said entity to, and the amount of money paid on said claims to said entity by, each and every Governmental Payor for said Designated Health Service(s) during each calendar year or part of a year in which the Designated Health Service was offered; (f) the location of the principal office of any such entity; and (g) the person(s) who have custody or control of the books and records of said entity.

Response:

Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims or defenses in this case. He also objects to this Interrogatory on the basis that it is vague, overly broad and unduly burdensome. Without waiving the foregoing objections, Relator Jacobs states that during the relevant time period he worked for TriCounty Diagnostic Testing.

11. Identify each and every Designated Health Service offered by Dr. Jacobs through his medical practice or by any practice entity identified in response to Interrogatory 9, and, with respect to each, identify: (a) the nature of the Designated Health Service; (b) the date on which it commenced and (if applicable) terminated; (c) the amount and nature of any remuneration paid to Dr. Jacobs as a result of said Designated Health Service during each calendar year or part of a year in which the Designated Health Service was offered; and (d) the number of claims submitted to, and the amount of money paid on said claims by, each and every Governmental Payor for said Designated Health Service(s) during each calendar year or part of a year in which the Designated Health Service was offered.

Response:

Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims or defenses in this case. He also objects to this Interrogatory on the basis that it is vague, overly broad, harassing and unduly burdensome.

12. State whether Dr. Jacobs had any communications with BRMC or any other person(s) about the possibility of any Financial Relationship with BRMC, and, with respect to any such communication, identify: (a) the date(s) of such communications; (b) whether such communications were in person, by telephone, in writing, or by other means; (c) the location where such communications took place; (d) any and all person(s) who were present at or who witnessed such communications; and (e) any documents relating or referring to such communications.

Response:

Relator Jacobs objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims or defenses in this case. He also objects to this Interrogatory on the basis that it is vague, overly broad and unduly burdensome. Without waiving the foregoing objections,

Relator Jacobs states that during the relevant time period he has received information from BRMC and its attorneys and consultants regarding proposed "under arrangement" joint ventures.

13. Identify, and describe the relationship to, each person who prepared or assisted in preparing the responses to these interrogatories and in identifying the documents to be produced in response to the requests for production (please do not identify anyone who simply typed or reproduced the responses).

Response:

Martin Jacobs, M.D., his co-relators, and his attorneys.

This ___ day of March, 2007. Respectfully submitted,

Andrew M. Stone
(Pa. #35176)
STONE LAW FIRM, LLC
828 Frick Bldg., 437 Grant Street.
Pittsburgh, Pa. 15219
Phone: (412) 391-2005
Fax: (412) 391-0853
astone@stones2.com

G. Mark Simpson
Georgia Bar No. 647725
SIMPSON LAW FIRM, LLC
165 North Main Street
Jonesboro, Georgia 30236
Phone: (678) 610-1994
Fax: (678) 302-8721
mark@marksimpsonlaw.com
Attorneys for Plaintiff

## VERIFICATION

I, Martin Jacobs, M.D. verify that the information set forth in the foregoing Responses and Objections to Bradford Regional Medical Center's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa. Con. Stat. Ann. Section 4904 relating to unsworn falsification to authorities.

Date: 3/5/07

Martin Jacobs, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached document was served on each of the following attorneys via First Class United States mail on the date set forth below:

Carl J. Rychcik, Esquire
Fox Rothschild LLP
625 Liberty Avenue
29th Floor
Pittsburgh, PA 15222

Robert L. Eberhardt, Esquire
United States Attorney's Office
Civil Division
USPO & Courthouse
Pittsburgh, PA 15219

Michael Granston, Esquire
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC 20044

Daniel Mulholland, Esq.
Horty, Springer & Mattern, P.C.
4614 Fifth Avenue
Pittsburgh, PA 15213

March 5th, 2007

Andrew M. Stone, Esquire