IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* <br> DILBAGH SINGH, M.D., <br> PAUL KIRSCH, M.D., <br> V. RAO NADELLA, M.D., and <br> MARTIN JACOBS, M.D., <br><br> Relators, <br><br> v. <br><br> BRADFORD REGIONAL <br> MEDICAL CENTER, <br> V&S MEDICAL ASSOCIATES, LLC, <br> PETER VACCARO, M.D., <br> KAMRAN SALEH, M.D., <br> and DOES I through XX, <br><br> Defendants. | Civil Action No. 04-186E |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO BRADFORD REGIONAL MEDICAL CENTER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34 ("Rule 34"), Plaintiff-Relator V. Rao Nadella, M.D. ("Relator Nadella") serves the following responses and objections to Defendant Bradford Regional Medical Center's ("BRMC") First Request for Production of Documents.

## Requests

Please produce the following:

1. Any written disclosure of material evidence and information provided to the United States pursuant to 31 U.S.C. §3730(b)(2) and any documents related or referring thereto.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges.

2. Any communications with the United States or Commonwealth of Pennsylvania referring or relating to matters alleged in the Complaint.

Response:
Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges.

3. Any affidavit or statement referring or relating to the matters alleged in the Complaint.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges.

4. Any communications with any of the other Relators, any of the Defendants, or any other persons relating to the Complaint or the matters alleged in the Complaint.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. He also objects to this Interrogatory on the basis hat it is vague, overly broad, harassing and unduly burdensome. Without waiving the foregoing objections, Relator Nadella will produce such communications that are not privileged.

5. All documents referred to in the Rule 26(a)(1) disclosures of Relators.

Response:

Documents identified in Rule 26(a)(1) disclosures will be produced.

6. Any agreement, contract or memorandum of understanding with any of the other Relators and any documents relating thereto.

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Without waiving the foregoing objections, Relator Nadella states that there are no documents responsive to this request.

7. All documents referring or relating to V&S, Dr. Saleh and/or Dr. Vaccaro.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. He also objects to this Interrogatory on the basis that it is vague, overly broad, harassing and unduly burdensome. Without waiving the foregoing objections, Relator Nadella will produce non-privileged documents that he believes are responsive to this request.

8. All documents referring or relating to BRMC, other than medical records or documents relating to services provided to specific patients.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. He also objects to this Interrogatory on the basis that it is vague, overly broad, harassing and unduly burdensome. Without waiving the foregoing objections, Relator Nadella will produce non-privileged documents that he believes are responsive to this request.

9. Any documents referring or relating to any litigation in which Dr. Nadella was a party during the Relevant Time Period.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Relator Nadella also objects to this Request on the basis that the information sought is not relevant to the claims or defenses in this case and on the basis that it is vague, overly broad, harassing and unduly burdensome.

10. Any documents referring or relating to any governmental investigation of which Dr. Nadella was a subject during the Relevant Time Period.

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Relator Nadella also objects to this Request on the basis that the information sought is not relevant to the claims or defenses in this case and on the basis that it is vague, overly broad, harassing and unduly burdensome.

11. Any documents referring or relating to any administrative proceeding in which Dr. Nadella was a party during the Relevant Time Period.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Relator Nadella also objects to this Request on the basis that the information sought is not relevant to the claims or defenses in this case and on the basis that it is vague, overly broad, harassing and unduly burdensome.

12. Any documents referring or relating to disputes between Dr. Nadella and Medicare, Medicaid, TRICARE, CHAMPUS or Non-Governmental Payor or any investigation of Dr. Nadella by Medicare, Medicaid, TRICARE, CHAMPUS or Non-Governmental Payor during the Relevant Time Period.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Relator Nadella also objects to this Request on the basis that the information sought is not relevant to the claims or defenses in this case and on the basis that it is vague, overly broad, harassing and unduly burdensome.

13. Any documents referring or relating to any hospital, health system, ambulatory surgery center, diagnostic imaging or testing facility or other health care facility or entity with which Dr. Nadella had a Financial Relationship during the Relevant Time Period, or to any such Financial Relationship.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Relator Nadella also objects to this Request on the basis that the information sought is not relevant to the claims or defenses in this case and on the basis that it is vague, overly broad, harassing and unduly burdensome.

14. Any documents referring or relating to any claims for payment submitted to Medicare or Medicaid by Dr. Nadella or any physician group practice of which Dr. Nadella is a member or employee for Designated Health Services.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Relator Nadella also objects to this Request on the basis that the information sought is not relevant to the claims or defenses in this case and on the basis that it is vague, overly broad, harassing and unduly burdensome.

15. Any document evidencing Dr. Nadella's United States citizenship or, if not a U.S. citizen, any document evidencing his current visa status, including, but not limited to, an I-95 form.

Response:

Relator Nadella objects to this Request on the basis that the information sought is not relevant to

the claims or defenses in this case. He also objects to this Request on the basis that it is vague, overly broad, harassing and unduly burdensome.

16. Any cost reports of BRMC in the custody, possession or control of Dr. Nadella.

Response:

Relator Nadella has no documents responsive to this request, other than cost reports that have been produced by BRMC during discovery in this case.

17. Any documents identified in the responses to any of the Interrogatories.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Without waiving any of the foregoing objections, relevant, non-privileged documents will be produced.

18. All documents relied upon in responding to any of the Interrogatories.

Response:

Relator Nadella objects to this Request on the basis that it seeks information that is the subject of attorney-client privilege, work product doctrine and common-interest and joint prosecution privileges. Without waiving any of the foregoing objections, relevant, non-privileged documents will be produced.

Respectfully submitted this ___ day of March 2007.

Andrew M. Stone
(Pa. #35176)
STONE LAW FIRM, LLC
828 Frick Bldg., 437 Grant Street.

6

<sub>Pittsburgh, Pa. 15219</sub>
Pittsburgh, Pa. 15219
Phone: (412) 391-2005
Fax: (412) 391-0853
astone@stones2.com

*G. Mark Simpson*
G. Mark Simpson
Georgia Bar No. 647725
SIMPSON LAW FIRM, LLC
165 North Main Street
Jonesboro, Georgia 30236
Phone: (678) 610-1994
Fax: (678) 302-8721
mark@marksimpsonlaw.com
Attorneys for Plaintiff

FROM (FRI)MAR 2 2007 11:38/ST. 11:37/No. 6801401818 P 2

## VERIFICATION

I, V. Rao Nadella, M.D. verify that the information set forth in the foregoing Responses and Objections to Bradford Regional Medical Center's First Request For Production of Documents are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa. Con. Stat. Ann. Section 4904 relating to unsworn falsification to authorities.

Date: 3/5/07

_V. R. Nadella, M.D._
V. Rao Nadella, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached document was served on each of the following attorneys via First Class United States mail on the date set forth below:

Carl J. Rychcik, Esquire
Fox Rothschild LLP
625 Liberty Avenue
29th Floor
Pittsburgh, PA 15222

Robert L. Eberhardt, Esquire
United States Attorney's Office
Civil Division
USPO & Courthouse
Pittsburgh, PA 15219

Michael Granston, Esquire
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC 20044

Daniel Mulholland, Esq.
Horty, Springer & Mattern, P.C.
4614 Fifth Avenue
Pittsburgh, PA 15213

March 30, 2007

_____
Andrew M. Stone, Esquire