AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

U.S. ex rel Singh, et al

V.

Bradford Regional Medical Center, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Civ. No. 04-186 Erie

TO: Tri-County Diagnostic Testing Services, LLC
232 W. 25th Street
Erie, PA 16544

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
see attahced list

| PLACE | DATE AND TIME |
|---|---|
| Adminsitration Office of Bradford Regional Medical Center<br>116 Interstate Parkway, Bradford, PA 16701 | 4/2/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Daniel M. Mulholland III* | MARCH 8, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel M. Mulholland III, c/o Horty, Springer & Mattern, P.C. 4614 5th Ave. Pittsburgh, PA 15213 412-687-7677
Attorney for Defendant Bradford Regional Medical Center

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

ATTACHMENT TO SUBPOENA

The following Definitions and Instructions apply to the documents requested pursuant to this Subpoena:

## Definitions

1. "Tri-County" means Tri-County Diagnostic Testing Services, LLC.

2. "Relators" refers to Dilbagh Singh, M.D., Paul Kirsch, M.D., V. Rao Nadella, M.D., and Martin Jacobs, M.D.

3. "Defendants" refers to Bradford Regional Medical Center, V&S Medical Associates, LLC, Peter Vaccaro, M.D., and Kamran Saleh, M.D.

4. References to "Relators" or "Defendants" or "Tri-County" include any persons acting on their behalf.

5. "Litigation" means the action filed by Relators on behalf of the United States against the Defendants in the federal District Court for the Western District of Pennsylvania on July 2, 2004 captioned <u>United States *ex rel* Dilbagh Singh, M.D., Paul Kirsch, M.D., V. Rao Nadella, M.D., and Martin Jacobs, M.D. v. Bradford Regional Medical Center, V&S Medical Associates, LLC, Peter Vaccaro, M.D., Kamran Saleh, M.D., and DOES I through XX,</u> Civ. No. 04-186 Erie.

6. "Document" has the broadest possible meaning under the Federal Rules of Civil Procedure, and includes, but is not limited to, the original and all copies of electronic mail messages, memoranda, reports, books, manuals, instructions, financial statements or reports, price books, records, notes, letters, notices, confirmations, telegrams, receipts, pamphlets, magazines, newspapers, inventory books, prospecti, inter-office and intra-office communications, contracts, cables, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, reviews, opinions, offers, studies and investigation questionnaires and surveys, worksheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including, without limitation, photographs, photomicrographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records) or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings), computer

1

hard drive, computer diskette, computer back-up tape, and other written, printed, typed or other graphic or recorded matter of any kind or nature.

7. "Communication" means any oral or written utterance or statement of any nature whatsoever, including, but not limited to, letters, facsimiles, e-mails, conversations, discussions and agreements between or among two or more persons, and any notations, memoranda or other documents memorializing all or part of any of the foregoing.

8. The singular shall be read to include the plural, and the plural shall be read to include the singular.

9. Masculine pronouns shall be read to include the feminine gender.

10. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests the broadest answer or response possible.

11. "United States" means the United States government and any department, officer, agent, attorney or representative thereof, including but not limited to the Department of Justice, the Office of the United States Attorney for the Western District of Pennsylvania, the Office of Inspector General for the Department of Health and Human Services and the Internal Revenue Service.

12. "Commonwealth of Pennsylvania" means the Pennsylvania government and any department, officer, agent, attorney or representative thereof, including but not limited to the Department of Public Welfare, Office of Medical Assistance, the Office of the Attorney General and the Department of Revenue.

13. "Financial Relationship" shall include any direct or indirect Ownership or Investment Interest in or Compensation Arrangement with any person or entity.

14. "Ownership or Investment Interests" include any direct or indirect interest in any such person or entity acquired through equity, debt or other means.

15. "Compensation Arrangement" means any arrangement involving any remuneration, direct or indirect, between Tri-County and any other person or entity.

## Instructions

1. Each request shall extend to all documents and electronic data which are or have been in the possession, custody or control of Tri-County, its employees, agents, attorneys, accountants, assigns and other persons or entities acting or purporting to act on his behalf.

2. If Tri-County has any knowledge of any document called for by these discovery requests that is not in Tri-County's possession, custody or control, identify each such document and state, to the best of Tri-County's knowledge, the current location of each such document.

3. When a responsive document is in electronic form or other electronic data is responsive to these discovery requests, produce each such document and/or data and provide pertinent information about the document or data (e.g., the format or medium in which the document/data is stored and the program that created it) so that the document and/or data may be meaningfully opened, read and used.

4. In producing the documents and data requested herein, indicate the specific request in response to which each document, group of documents or electronic data is being produced.

5. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such a document is within Tri-County's custody or control.

6. A request for documents shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the document in addition to the document itself, without abbreviation or expurgation.

7. All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by use of binders, files, subfiles, dividers, tabs, or any other method, shall be left so segregated or separated. All labels or markings on any such binders, files, subfiles, dividers, tabs or folders shall be produced.

8. This request is a continuing one and requires further and supplemental production by Tri-County whenever Tri-County acquires, locates, or creates additional documents or electronic data between the time of the initial production and the time of trial.

9. For any requested document or electronic data which is sought to be withheld under a claim of privilege (including, but not limited to, the attorney work product doctrine), provide the following information:

    (a) the place, approximate date, and manner of recording or otherwise preparing the document or data;

(b)  the name and title of sender and the name and title of each recipient of the document or data;

(c)  the name of each person or persons (other than stenographic or clerical assistant) participating in the preparation of the document or data;

(d)  the name and position, if any, of each person to whom the contents of the documents or data have been communicated by copy, exhibition, reading or substantial summarization;

(e)  a statement of the basis on which privilege is claimed and whether or not the subject matter of the contents of documents or data is limited to legal advice or information provided for the purpose of securing legal advice; and

(f)  the number of the request to which the document or data is responsive.

## Documents Subject to Subpoena

Please produce the following documents:

1.  Tri-County's Operating Agreement.

2.  Tri-County's financial statements for fiscal years ending in 2003 through the present.

3.  A list of all members of Tri-County indicating the percentage ownership interest of each.

2.  Any agreement, contract or memorandum of understanding or other document relating to any Financial Relationship between Tri-County and any of the Relators.

3.  Any document relating to the payment of any money or other remuneration by Tri-County to any of the relators, including but limited to any distribution of profits or revenues of Tri-County to any of the Relators.

4.  Any document relating or referring to any communications between Tri-County and any of the Relators or any of the Defendants (other than patient medical records).

5.  Any documents referring or relating to any of the Defendants.

6.  Any documents referring or relating to services provided by Tri-County in McKean County, Pennsylvania.

4

7. Any documents referring or relating to any facilities owned or operated by Tri-County in McKean County, Pennsylvania.

8. Any documents relating or referring to any revenues or expenses or Tri-County relating to any services provided or any facilities owned or operated by Tri-County in McKean County, Pennsylvania.

9. Any document relating or referring to any communication between Tri-County and either the United States or the Commonwealth of Pennsylvania concerning any of the Relators or any of the Defendants.

10. Any documents relating or referring to the Litigation.

Case 1:04-cv-00186-MBC   Document 54-4   Filed 05/11/2007   Page 8 of 16
Case 1:04-cv-00186-MBC   Document 50   Filed 02/27/2007   Page 1 of 5
Case 1:04-cv-00186-MBC   Document 49-2   Filed 02/22/2007   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D., | : : : : : | Civil Action No. 04-186E |
| Relators, | : : | |
| v. | : : | |
| BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX, | : : : : : : | |
| Defendants. | : | |

**PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF DOCUMENTS TO BE
PRODUCED AND INFORMATION OBTAINED IN DISCOVERY**

Pursuant to stipulation of the parties and good cause appearing therefor:

IT IS HEREBY ORDERED:

1. This Order shall govern all documents and other materials produced by parties or non-parties to this action which are designated "Confidential" pursuant to Paragraph 2 and any copies, summaries, pleadings or transcripts containing quotations therefrom or references thereto (hereinafter the "designated material").

2. Any party or non-party (hereinafter the "designating party") shall have the right to designate as confidential any document that contains peer review information, proprietary business information or information that has been maintained by the designating party in a confidential fashion by marking such document "CONFIDENTIAL

1

Case 1:04-cv-00186-MBC   Document 54-4   Filed 05/11/2007   Page 9 of 16
Case 1:04-cv-00186-MBC   Document 50   Filed 02/27/2007   Page 2 of 5
Case 1:04-cv-00186-MBC   Document 49-2   Filed 02/22/2007   Page 2 of 6

MATERIAL" or other, comparable language. Documents that contain non-public, competitively sensitive information may be designated "CONFIDENTIAL, COUNSEL ONLY" or other, comparable language.

3. The fact that any information is disclosed or produced in discovery or trial herein shall not be construed as a waiver in any other context or proceeding before any court, agency or tribunal as evidence of whether such information is or is not confidential or proprietary, or privileged or otherwise protected by law from discovery or introduction into evidence.

4. Any party preparing, serving or filing any document containing or referring to designated material shall mark such documents "Confidential" or "Confidential, Counsel Only" in accordance with Paragraph 2 of this Order. With respect to a deposition at which designated material is the subject of examination, any party or third party may invoke this Order by stating on the record during the taking of the deposition that some or all of the examination is confidential. All copies of the transcript of a deposition or the exhibits to a deposition which a party or third party has designated Confidential in whole or in part shall be marked by the court reporter with the legend set forth in Paragraph 2 of this Order.

5. Designated material shall not be delivered, exhibited, disclosed or communicated to anyone other than the following persons:

(a) any party in this action;

(b) counsel of record for any party in this action;

(c) paralegal, stenographic, clerical and other employees of counsel of record in this action;

(d) court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in connection with this case;

(e) independent experts and consultants employed by counsel for the parties to assist in the preparation or trial of this case;

2

Case 1:04-cv-00186-MBC   Document 54-4   Filed 05/11/2007   Page 10 of 16
Case 1:04-cv-00186-MBC   Document 50   Filed 02/27/2007   Page 3 of 5
Case 1:04-cv-00186-MBC   Document 49-2   Filed 02/22/2007   Page 3 of 6

(f) directors, officers and employees of any party in this action who are being advised by counsel to the extent that a particular disclosure of specific designated material is necessary with respect to the legal advice being rendered;

(g) any person from whom testimony is taken or to be taken in this action ("witness"), provided that such a person may only be shown copies of designated material during his or her testimony or in the actual course of preparation therefore and may not retain any designated material;

(h) the Court and employees of the Court, and

(i) the attorneys, investigators, and other employees of the United States Attorney's Office, the United States Department of Justice, and the United States Department of Health and Human Services.

Documents designated "Confidential, Counsel Only" shall not be delivered, exhibited, disclosed or communicated to persons specified in subparagraph 5(e), except insofar as such persons may be witnesses pursuant to subparagraph 5(f).

6. Designated material shall be used solely for the purpose of conducting this action and not for any business or other purpose. Designated material may be used in this action as follows:

(a) in materials filed with the Court under seal, which shall bear on the cover of the sealed envelope the legend specified in Paragraph 2; in accordance with Misc. No. 05-45 (WD Pa. 1/27/2005).

(b) during the course of a deposition, provided that confidentiality is preserved;

(c) in open court, to the extent necessary, in argument of any pretrial motions referring to designated materials; and

(d) at trial or at any hearing held pursuant to this action.

7. Designated material shall not be disclosed to persons specified in subparagraphs 5(d), (e) and (f) until such persons have executed a written confidentiality agreement, in the form annexed hereto as Attachment 1, or have agreed to abide by the terms of this Order on the record of his or her deposition. Provided, however, that if a person specified in

3

Case 1:04-cv-00186-MBC    Document 54-4    Filed 05/11/2007    Page 11 of 16
Case 1:04-cv-00186-MBC    Document 50    Filed 02/27/2007    Page 4 of 5
Case 1:04-cv-00186-MBC    Document 49-2    Filed 02/22/2007    Page 4 of 6

subparagraph 5(f) refuses, after reasonable attempts by the questioning party, to execute a written confidentiality agreement or agree to abide by the terms of this Order, the questioning party shall not be prohibited from showing the witness copies of designated material as set forth in subparagraph 5(f).

8. Upon final termination of this action and all appeals therefrom, unless otherwise agreed in writing by an attorney of record for the designating party, each party and person shall return all designated material, including all copies thereof, to the designating party unless such material has been made public pursuant to this or subsequent Orders. Upon termination of this action and all appeals therefrom, all documents and materials of any designating party filed with the Court pursuant to Paragraph 6 of this Order shall be returned upon request directly to the designating party by the Clerk of the Court or permanently expunged from the Court's records at the option of the designating party.

9. No part of the restrictions imposed by this Order may be terminated, except by stipulation executed by counsel of record for the designating party or in accordance with Paragraph 10. The provisions of this Order, insofar as they restrict the communication, treatment and use of confidential material, shall continue to be binding after the termination of this action, unless the Court orders otherwise.

10. Any party may object to the confidentiality designation of any designated material by serving written notice of objection on all parties, specifying with reasonable particularity the materials to which objection is made. If within 10 days after the service of such notice the designating party with respect to such specified document does not file a motion for a determination by the Court as to the validity of the objection, the specified document shall be relieved from the restriction of this Protective Order. In the event such motion is filed, confidentiality of the material in issue shall be preserved pending resolution of the issue by the Court.

11. This Order shall not restrict in any way the rights or ability to disclose of a party or non-party with respect to its own documents.

4

Case 1:04-cv-00186-MBC   Document 54-4   Filed 05/11/2007   Page 12 of 16
Case 1:04-cv-00186-MBC   Document 50   Filed 02/27/2007   Page 5 of 5
Case 1:04-cv-00186-MBC   Document 49-2   Filed 02/22/2007   Page 5 of 6

12. This Order shall not supersede or modify the Qualified Protective Order Governing Confidentiality of Protected Health Information of even date herewith.

DATE: _Feb. 27_, 2007      _Maurice B. Cohill, Jr._
                            Maurice B. Cohill, Jr., Senior Judge

ATTACHMENT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## ERIE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* <br> DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., <br> V. RAO NADELLA, M.D., and <br> MARTIN JACOBS, M.D., <br><br> Relators, <br><br> v. <br><br> BRADFORD REGIONAL MEDICAL CENTER, <br> V & S MEDICAL ASSOCIATES, LLC, <br> PETER VACCARO, M.D., <br> KAMRAN SALEH, M.D., <br> and DOES I through XX, <br><br> Defendants. | Civil Action No. 04-186E |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby certify that I have read the attached Protective Order in the above-captioned case and that I understand that I may not disclose any materials marked "Confidential" to any persons not described in Paragraph 5 of the Order under the circumstances provided therein. I recognize that I am bound by the terms of that Order, and I agree to be legally bound thereby and comply with those terms. I hereby consent to be subject to the personal jurisdiction of the above-captioned Court with respect to any proceeding related to the attached Order.

DATE: _____    _____
                                                          Signature

Case 1:04-cv-00186-MBC   Document 54-4   Filed 05/11/2007   Page 14 of 16
Case 1:04-cv-00186-MBC   Document 48   Filed 12/13/2006   Page 1 of 3
Case 1:04-cv-00186-MBC   Document 47-1   Filed 12/11/2006   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D.,<br><br>Relators,<br><br>v.<br><br>BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX,<br><br>Defendants. | Civil Action No. 04-186E |

QUALIFIED PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF PROTECTED HEALTH INFORMATION

Pursuant to stipulation of the parties and good cause appearing therefor:

IT IS HEREBY ORDERED:

1. Except as noted in this paragraph, this Order shall govern all documents and other materials used or disclosed by parties or non-parties in connection with this action which constitute Protected Health Information, as that term is defined in the Privacy Regulations promulgated pursuant to the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164 (the "Privacy Regulations"), and any copies, summaries, pleadings, testimony or transcripts containing quotations therefrom or

1

Case 1:04-cv-00186-MBC    Document 54-4    Filed 05/11/2007    Page 15 of 16
Case 1:04-cv-00186-MBC    Document 48    Filed 12/13/2006    Page 2 of 3
Case 1:04-cv-00186-MBC    Document 47-1    Filed 12/11/2006    Page 2 of 3

references thereto. This Order shall not apply to Protected Health Information disclosed pursuant to an order of the Court or the written authorization of the patient whose information is at issue. This Order is intended to constitute a "qualified protective order" as described in 45 C.F.R. § 164.512(e).

2. Any party preparing, serving or filing any document containing or referring to Protected Health Information shall mark such documents "Protected Health Information." With respect to any deposition in which Protected Health Information is the subject of examination, any party or third party may invoke this Order by stating on the record during the taking of the deposition that some or all of the examination is Protected Health Information. All copies of any transcript of a deposition, the exhibits to any deposition, or any portion thereof which a party or third party has designated Protected Health Information, in whole or in part, shall be marked by the court reporter "Protected Health Information." The party proposing the designation shall so designate the document, transcript, exhibit, or any portion thereof as Protected Health Information. The remainder of the document, transcript or exhibit will not be categorized as Protected Health Information and may be disseminated and used in accordance with all applicable laws, rules and regulations.

3. Inadvertent production of protected document(s) shall not constitute a waiver of the right to make an after-the-fact good faith designation. Upon the discovery of such inadvertent production, the producing party shall notify the parties in receipt of the document that it is designated "Protected Health Information," and shall confer with the parties regarding the proposed designation as Protected Health Information. An after-the-fact designation may be made orally on the record in any deposition, together with any explanation relative to inadvertence or oversight, and after conferring with the other parties regarding the proposed designation as Protected Health Information, shall be honored by all present in the same manner as if originally designated "Protected Health Information."

Case 1:04-cv-00186-MBC   Document 54-4   Filed 05/11/2007   Page 16 of 16
Case 1:04-cv-00186-MBC   Document 48   Filed 12/13/2006   Page 3 of 3
Case 1:04-cv-00186-MBC   Document 47-1   Filed 12/11/2006   Page 3 of 3

4. Protected Health Information used or disclosed in this action shall not be used or disclosed for any purpose other than this action, except as otherwise permitted by the Privacy Regulations.

5. Upon final termination of this action, each party and person shall return all Protected Health Information, including all copies thereof, to the party who originally disclosed the Protected Health Information.

6. No part of the restrictions imposed by this Order may be terminated, except by stipulation executed by counsel of record for the party who originally made the disclosure of Protected Health Information or in accordance with Paragraph 7. The provisions of this Order, insofar as they restrict the use or disclosure of Protected Health Information, shall continue to be binding after the termination of this action, unless the Court orders otherwise.

7. Any party may object to the Protected Health Information designation of any material by any other party by serving written notice of objection on all parties, specifying the materials to which objection is made. The party maintaining the Protected Health Information shall file a motion for determination by the Court within 10 days. The issue of whether the material is Protected Health Information shall be preserved pending resolution of the issue by the Court.

8. The fact that any information is disclosed or produced in discovery or offered or admitted into evidence at any hearing or trial shall not be construed as a waiver in any other context or proceeding before any court, agency or tribunal as evidence of whether such information is or is not confidential or proprietary.

DATE: _December 12_, 2006     _Maurice B. Cohill, Jr._, J.
Maurice B. Cohill, Jr., Senior Judge

3