IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | : | |
| DILBAGH SINGH, M.D., | : | |
| PAUL KIRSCH, M.D., | : | |
| V. RAO NADELLA, M.D., and | : | |
| MARTIN JACOBS, M.D., | : | |
| | : | |
| Relators, | : | |
| | : | |
| v. | : | Civil Action No. 04-186E |
| | : | |
| BRADFORD REGIONAL | : | |
| MEDICAL CENTER, | : | |
| V & S MEDICAL ASSOCIATES, LLC, | : | |
| PETER VACCARO, M.D., | : | |
| KAMRAN SALEH, M.D., | : | |
| and DOES I through XX, | : | |
| | : | |
| Defendants. | : | |
| | : | |

BRIEF IN SUPPORT OF MOTION TO COMPEL
TRI-COUNTY DIAGNOSTIC SERVICES, LLC
TO PRODUCE DOCUMENTS

Defendant Bradford Regional Medical Center ("BRMC"), by and through its undersigned counsel, seeks Tri-County Diagnostic Testing Services, LLC ("Tri-County") to produce documents requested by a Subpoena issued on March 8, 2007, in the above-captioned matter.

A.     BACKGROUND

This is an action brought under the *qui tam* provision of the False Claims Act, 31 U.S.C. § 3730 by the above Relators on behalf of the United States against BRMC, V&S Medical Associates, LLC ("V&S"), Peter Vaccaro, M.D. ("Dr. Vaccaro") and Kamran Saleh, M.D. ("Dr. Saleh"). The Complaint essentially alleges that the lease

of medical equipment by V&S to BRMC violated the Medicare Anti-kickback Statute, 42 U.S.C. § 1320a-7b(b) ("AKS") and the Physician Self-Referral Act, 42 U.S.C. § 1395nn (the "Stark Law").

On March 8, 2007, BRMC served a Subpoena on Tri-County through its counsel seeking documents relevant to its defense of this case.  A copy of said Subpoena is attached to BRMC's Motion to Compel. Counsel for Tri-County and counsel for Relators have objected to the Subpoena. On March 23, 2007, a telephone conference was held involving counsel for all parties in this action and counsel for Tri-County.  The parties and Tri-County were unable to resolve their differences at that time. As of the date of the Motion, Tri-County has still not complied with the Subpoena. Compliance with the Subpoena is necessary in order to enable the Defendant to take discovery and prepare for trial. For the following reasons, BRMC seeks to compel the Relators to comply with BRMC's Requests for Production of Documents.

## B.    ARGUMENT

The Federal Rules of Civil Procedure provide that when a subpoena commands a person to produce documents for inspection, the subpoenaed person may object to it. FED. R. CIV. P. 45(c)(2)(B). However, "[i]f objection has been made [to the subpoena], the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production...." FED. R. CIV. P. 45(c)(2)(B). Tri-County and the Relators have objected to the Defendant's Subpoena on grounds that (1) the Subpoena is overly broad and burdensome and (2) the documents requested are not relevant to the above-captioned matter. Parties involved in litigation should have the maximum opportunity for discovery open to them.  Buffington v. Wood, 351 F.2d 292 (3d Cir. 1965).  All relevant material is discoverable unless an applicable evidentiary privilege is asserted. Coleman v. Sears, Roebuck & Co., 221 F.R.D. 433 (W.D. Pa. 2003).

162487.1
May 11, 2007

1.    **Burden**

In its March 26, 2007 letter, Tri-County stated that it was objecting to the Subpoena served on it because, among other things, it was "overly broad and would be burdensome...if it had to respond to all of the requests contained in the subpoena." To establish undue burden, the movant must show that compliance with the subpoena would be unreasonable and oppressive, and the courts have noted this is a "heavy" burden to show.  Mariner Health Care, Inc., v. Indemnity Ins. Co. of North America, Inc., 2005 WL 44521 (E.D.Pa. 2005).

The fact that the materials requested are voluminous or cover an extended period of time will not render a subpoena invalid. U.S. v. IBM, 83 F.R.D. 97, 107 (D.C.N.Y. 1979) *citing* Democratic Nat'l Committee v. McCord, 356 F.Supp. 1394, 1396 (D.D.C. 1973).   Rather, in determining whether a subpoena is unduly burdensome, the courts consider issues such as relevance, the requesting party's need for the documents, the breadth of the request, the time period covered, the particularity with which the documents are described, and the burden imposed in responding. Grider v. Keystone Health Plan Central, Inc., 2005 WL 2030456 (M.D.Pa.). In this instance, BRMC has requested that Tri-County produce the following documents:

1.    Tri-County's Operating Agreement.

2.    Tri-County's financial statements for fiscal years ending in 2003 through the present.

3.    A list of all members of Tri-County indicating the percentage ownership interest of each.

4.    Any agreement, contract or memorandum of understanding or other document relating to any Financial Relationship between Tri-County and any of the Relators.

5.    Any document relating to the payment of any money or other remuneration by Tri-County to any of the Relators, including but not limited to any distribution of profits or revenues of Tri-County to any of the Relators.

162487.1
May 11, 2007

6.      Any document relating or referring to any communications between Tri-County and any of the Relators or any of the Defendants (other than patient medical records).

7.      Any documents referring or relating to any of the Defendants.

8.      Any documents referring or relating to services provided by Tri-County in McKean County, Pennsylvania.

9.      Any documents referring or relating to any facilities owned or operated by Tri-County in McKean County, Pennsylvania.

10.     Any documents relating or referring to any revenues or expenses of Tri-County relating to any services provided or any facilities owned or operated by Tri-County in McKean County, Pennsylvania.

11.     Any document relating or referring to any communication between Tri-County and either the United States or the Commonwealth of Pennsylvania concerning any of the Relators or any of the Defendants.

12.     Any documents relating or referring to the Litigation.

BRMC believes that this request, taken in light of the factors described in Grider, is certainty reasonable and not unduly burdensome. The documents sought have been described in specific "particularity," and in many cases, go back no further than 2003, thus providing a limited temporal scope.  Finally, Tri-County's counsel, in his letter dated March 26, 2007, stated that it would take approximately two weeks to assemble the documents, which hardly constitutes an unfair time commitment on the part of Tri-County.  Therefore, in light of these factors, BMRC's Subpoena does not place an undue burden on Tri-County.

**2.      Relevancy**

The Federal Rules of Civil Procedure permit the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1).  The Grider opinion states that,"[r]elevancy may be construed broadly, and discovery is not limited only to admissible evidence, but rather extends to any information that appears reasonably calculated to lead to the discovery of admissible

162487.1
May 11, 2007

evidence." Discovery rules are still to be accorded "broad and liberal construction," even when a non-party is the target of discovery. Id. Relevance must be determined by reference to the facts and circumstances of each case. Id.

The Relators' Complaint contends that the Defendants violated the False Claims Act in part because (according to Relators' allegations) the lease of equipment from V&S to BRMC violated the AKS. Complaint Paragraphs 76-88, 95, and 104. In order to establish a violation of the AKS, Relators must prove that BRMC acted knowingly and willfully, intending for the payments under the lease to induce V&S to refer patients to BRMC. U.S. v. Greber, 760 F.2d 68, 72 (3d. Cir. 1985). The phrase "knowingly and willfully" as used in the AKS has been interpreted as requiring that the person(s) accused of violating the statute "(1) know that [the statute] prohibits offering or paying remuneration to induce referrals, and (2) engage in prohibited conduct with the specific intent to violate the law." Hanlester Network v. Shalala, 51 F.3d 1390 (9th Cir. 1995). It was subsequently held that "a hospital or individual may lawfully enter into a business relationship with a doctor and even hope for or expect referrals from that doctor, so long as the hospital is motivated to enter into the relationship for legal reasons entirely distinct from its collateral hope for referrals." U.S. v. McClatchey, 217 F.3d 823, 834 (10th Cir. 2000).

Since Relators must prove that the equipment lease was intended to induce Drs. Saleh and Vaccaro to refer patients to BRMC, rather than simply being a legitimate business arrangement, any similar arrangements that the Relators may have engaged in would be fair game for inquiry on deposition and cross-examination at trial. BRMC should be able to inquire as to whether Relators' arrangements are, in the opinion of Relators, legitimate business arrangements – as opposed to inherently illegal, as the Relators claim with respect to the BRMC-V&S equipment lease. The jury should be entitled to consider this information when weighing the claims of the Relators that the Defendants have violated the law, which they have not. Therefore, Tri-County should be compelled to comply with BRMC's Subpoena.

162487.1
May 11, 2007

Relators Singh, Nadella and Kirsch have stated in responses to interrogatories[1] that they each have "an investment interest in Tri-County Diagnostic Testing" and Dr. Singh further stated that he has served as the Medical Director of that entity. Relator Jacobs stated in response to an interrogatory that he "worked for Tri-County Diagnostic Testing."   On information and belief, Tri-County is a freestanding diagnostic testing facility located in Bradford, Pennsylvania.  To the extent that any of the Relators were to have an investment interest in or other financial relationship with a facility to which they refer patients covered by federal health programs like Medicare or Medicaid, the AKS could be implicated if the arrangement was entered into for the purpose of inducing referrals, rather than a legitimate business arrangement with a collateral hope for referrals.  Since Relators would undoubtedly take the position that their financial relationship is legitimate, BRMC should be permitted to obtain information through discovery as to the nature of their financial relationship to determine if it is distinguishable from what Relators claim is inherently suspect about the equipment lease and, if not, why they believe the equipment lease is illegal and their arrangements are not.

The fact that the Relators have brought this case on behalf of the government also does not render their financial relationships with entities to which they refer patients irrelevant.  "The False Claims Act empowers the qui tam relator to act as a private prosecutor but does not empower it to replace the government."  U.S. *ex rel.* Lamers v. City of Green Bay, Wisconsin, 924 F.Supp. 96, 98 (E.D. Wis. 1996). When the government declines to intervene, it does not become the relator's client. U.S. *ex rel.* Sanders v. Allison Engine Co., 364 F.Supp.2d 716, 718 (S.D. Ohio 2005). "The fact that relators sue in the name of the government is significant only with respect to their standing to sue."  U.S. *ex rel.* Kelly v. Boeing Co., 9 F.3d 743, 760 (9th Cir. 1993), cert. denied, 510 U.S. 1140 (1994).

---

[1]     Copies of Relators' responses and objections to BRMC's Interrogatories and Requests for Production have been appended to a Motion to Compel directed to Relators filed with the Court on May 10, 2007.

162487.1
May 11, 2007

**C.     CONCLUSION**

For the foregoing reasons, the Court should compel the production of documents requested by its Subpoena directed to Tri-County in this action.


May 11, 2007                                   Respectfully submitted,



                                               /s/ Daniel M. Mulholland III
                                               Daniel M. Mulholland III
                                               Pennsylvania Bar I.D. No. 28806
                                               HORTY, SPRINGER & MATTERN, P.C.
                                               4614 Fifth Avenue
                                               Pittsburgh, PA 15213
                                               Phone: (412) 687-7677
                                               Fax: (412) 687-7692
                                               dmulholland@hortyspinger.com

                                               Attorney for
                                               Bradford Regional Medical Center

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the attached document was served on each of the following attorneys via the Court's electronic case filing system and First Class United States mail on the date set forth below:

**Via electronic filing and U.S. mail:**

Carl J. Rychcik, Esquire
Fox Rothschild LLP
625 Liberty Avenue
29th Floor
Pittsburgh, PA  15222-3115

Andrew M. Stone, Esquire
Stone & Stone
828 Frick Building
437 Grant Street
Pittsburgh, PA  15219

G. Mark Simpson, Esquire
Simpson Law Firm, LLC
165 North Main Street
Jonesboro, GA  30236

Robert L. Eberhardt, Esquire
Paul Skirtich, Esquire
United States Attorney's Office
Civil Division
USPO & Courthouse
Pittsburgh, PA  15219

**Via U.S. mail only:**

Michael Granston, Esquire
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC  20044

John M. Quinn, Jr., Esquire
James K. McNamara, Esquire
Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc.
2222 West Brandview Blvd.
Erie, PA  16506
(Attorneys for Tri-County)

Date:  May 11, 2007

/s/ Daniel M. Mulholland III
Daniel M. Mulholland III