IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D., :<br><br>Relators, :<br><br>v. : Civil Action No. 04-186E<br><br>BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX, :<br><br>Defendants. : | |

**BRIEF IN SUPPORT OF MOTION TO UNSEAL**

Defendants Bradford Regional Medical Center ("BRMC"), V&S Medical Associates, LLC ("V&S"), Peter Vaccaro, M.D. ("Dr. Vaccaro") and Kamran Saleh, M.D. ("Dr. Saleh"), by and through their undersigned counsel, seek to unseal certain documents that have been filed in the above-captioned matter.

A.   BACKGROUND

On July 2, 2004, Dilbagh Singh, M.D., Paul Kirsch, M.D., V. Rao Nadella, M.D., and Martin Jacobs, M.D. ("Relators") filed this action under seal on behalf of the United States government pursuant to the *qui tam* provisions of the False Claims Act ("FCA"). 31 U.S.C. § 3730(b). The Relators accuse the Defendants of violating the Medicare Anti-Kickback statute, 42 U.S.C. § 1320a-7b(b), and the prohibition on

1

certain physician "self-referrals" contained in the so-called "Stark Law." 42 U.S.C. § 1395nn.

On or about May 11, 2005, after investigating the Relators' claims, the United States declined to intervene. The Relators are now litigating on behalf of the government and themselves.

The following documents, as referenced, where applicable, by document numbers on the docket sheet, remain sealed:

> 2. 09/09/2004 SEALED MOTION with Proposed Order. (Entered: 09/10/2004)
>
> -- 09/16/2004 ORDER upon motion granting motion to extend the seal period for 60 days. the Application be Granted and the US shall have up to and including 11/12/04, within which to notify the Court of its decision to intervene in this action. Ordered that the complaint and all other filings in this case remain seal until further ordered of this Court. (Entered: 09/17/2004)
>
> 3. 11/04/2004 MOTION by UNITED STATES to Extend Time the Seal Period with Proposed Order. (Entered: 11/05/2004)
>
> -- 11/08/2004 ORDER upon motion granting motion to Extend Time the Seal Period and the United States shall have up to and including 1/11/05, within which to notify the Court of its decision to intervene in this action; and it is further ORDERED that the complaint and all other filings in this case remain under seal until further order of this Court. (Entered: 11/08/2004)
>
> 4. 01/11/2005 MOTION by UNITED STATES to Extend Time the seal period with Proposed Order. (Entered: 01/12/2005)
>
> -- 01/18/2005 ORDER upon motion granting motion to Extend Time the seal period until 3-12-05 (Entered: 01/19/2005)

     5.    03/09/2005 MOTION by UNITED STATES to Extend Time of sealed period with Proposed Order. (Entered: 03/10/2005)

     --    03/21/2005 ORDER upon motion granting motion to Extend Time of sealed period (Entered: 03/23/2005)

For the following reasons, the Court should unseal all of the above-sealed documents.

**B.   ARGUMENT**

There is a strong presumption that judicial records should be open to the public, including records of *qui tam* actions such as this one. In addition, the sealed records could assist Defendants in preparing their defenses. A party seeking to keep records sealed has the burden of overcoming the presumption in favor of open records.

Under the *qui tam* provisions of the FCA, 31 U.S.C. § 3730(b), private parties known as "relators" may file suit on behalf of the United States alleging fraud. Relators must file *qui tam* Complaints under seal and must also serve the government with a copy of the Complaint and a written disclosure of their supporting material evidence. Id. The government is then permitted 60 days to decide whether or not to intervene, which can be extended upon good cause shown. See 31 U.S.C. § 3730(b)(2)-(3); United States *ex rel*. Downy v. Corning, Inc., 118 F.Supp.2d 1160, 1163 (D.N.M. 2000). While the government investigates the allegations and decides whether to intervene, the case remains sealed. See 31 U.S.C. § 3730(b)(2). The purpose of the seal is to "protect the Government's interest in criminal matters" by enabling it to investigate the alleged fraud without "tip[ping] off investigation targets" at "a sensitive stage." United States *ex rel*. Yesudian v. Howard U., 153 F.Supp.3d 731, 743 (D.C. Cir. 1998); see also United States *ex rel*. Pilon v. Martin Marietta Corp., 60 F.Supp.3d 995, 999 (2d Cir. 1995).

After the government makes its intervention decision, it has the burden to show why the seal should persist. In a recent order in a *qui tam* action filed in the Johnstown Division of this Court (a copy of which is attached), Judge Gibson

unsealed portions of pre-intervention decision filings. United States *ex rel.* Barlett v. Tyrone Hospital, Inc., Case 3:04-cv-00057-KRG, Document 73-1 (W.D.Pa. 01/04/2006). See also United States *ex rel*. Health Outcomes Technologies v. Hallmark Health Sys., Inc., 349 F.Supp.2d 170, 173-174 (D. Mass. 2004) (unsealing entire record, finding that "nothing in [the records] would compromise investigations in other districts or prejudice the government...."); United States *ex rel*. Erickson v. U. of Wash. Physicians, 339 F.Supp.2d 1124, 1125-26 (W.D. Wash. 2004) (granting non-party newspaper's motion to lift seal over the court file, stating: "This court is satisfied that nothing in the documents in this court file would reveal any sensitive information as to how an investigation works"); United States *ex rel*. Fender v. Tenet Healthcare Corp., 105 F.Supp.2d 1228, 1231 (N.D. Ala. 2000) (unsealing entire record, stating "The court finds no authority under the False Claims Act...or elsewhere to hold information relating to this cause under seal"); United States *ex rel*. Coughlin v. IBM, Corp., 992 F.Supp. 137, 139-41 (N.D.N.Y. 1998) (granting motion to unseal documents filed in opposition to a proposed settlement because such documents "do not contain substantive details regarding the government's methods of investigation"); United States v. CACI Int'l, Inc., 885 F.Supp. 80, 83 (S.D.N.Y. 1995) (ordering service of entire contents of court's files, including government requests for extension of time, and rejecting government's request to extend seal); United States *ex rel.* Mikes v. Strauss, 846 F.Supp. 21, 23 (S.D.N.Y. 1994) (unsealing status report and government's requests for extensions of time even though the unsealed information was of limited usefulness to the defense).

Numerous courts have found that the nature of the FCA invests the court with the authority to make previously sealed documents available to the parties. U.S. *ex rel*. Yannacopolous v. General Dynamics, 2006 WL 2989302 (N.D. Ill. 2006) (holding the unsealing of the government's motions for extensions of time prior to its decision on whether it would intervene was warranted).

The case law ordering the unsealing of the files of *qui tam* actions arises from the strong presumption in favor of public access to judicial records. "It is well-settled that there exists, in both criminal and civil cases, a common law public right of access

to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). In Cendant, the Third Circuit held that the district abused its discretion in sealing court records. Id. at 192-93; see also Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988) (public enjoys a "common law access right in civil cases"); Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 654, 660 (3d Cir. 1991); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070-71 (3d Cir. 1984) (party requesting a seal "bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue"); Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents....").

The public has a compelling interest in ensuring that the allegations that Defendants violated the Medicare Anti-Kickback statute and the Stark Law are fairly litigated. Furthermore, the sealed records should be unsealed because they may assist Defendants' legitimate interest in preparing a defense to the allegations against it.

While Defendants obviously do not know the contents of the remaining sealed records, it is difficult to imagine that the government can meet its burden of keeping the records sealed. This is not a case where unsealing the records will jeopardize any ongoing investigations, reveal confidential investigative techniques, or imperil the safety of anonymous sources, the sorts of reasons that conceivably could justify a continuation of the seal. See e.g., CACI Int'l, *supra* at 83 ("The content of the court's files do not disclose any confidential investigative techniques, information which could jeopardize an ongoing investigation, or matters which could injure non-parties"); Mikes, *supra* at 23; Health Outcomes Technologies, *supra* at 174.

The government has decided not to intervene in the Relators' case. Therefore, the reason for sealing the records, which is to provide the government time to decide whether or not it would intervene, no longer exists and all records provided by the Relators to the government should be unsealed.

160029.1
May 14, 2007

## **CONCLUSION**

For the foregoing reasons, the Court should unseal all the remaining sealed records in this action.

May 14, 2007                                   Respectfully submitted,


                                               /s/ Daniel M. Mulholland III
                                               Daniel M. Mulholland III
                                               Pennsylvania No. 28806
                                               HORTY, SPRINGER & MATTERN, P.C.
                                               4614 Fifth Avenue
                                               Pittsburgh, PA 15213
                                               Phone: (412) 687-7677
                                               Fax: (412) 687-7692
                                               dmulholland@hortyspinger.com

                                               Attorney for Bradford Regional
                                               Medical Center


                                               /s/ Carl J. Rychcik
                                               Carl J. Rychcik
                                               Fox Rothschild LLP
                                               625 Liberty Avenue
                                               29th Floor
                                               Pittsburgh, PA  15222-3115
                                               Phone (412) 391-1334
                                               Fax (412) 391-6984
                                               crychcik@foxrothschild.com

                                               Attorney for
                                               V&S Medical Associates, LLC
                                               Peter Vaccaro, M.D.
                                               Kamran Saleh, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached document was served on each of the following attorneys via the Court's electronic filing system and First Class United States mail on the date set forth below:

**Via electronic filing and U.S. mail:**

>Andrew M. Stone, Esquire
>Stone & Stone
>828 Frick Building
>437 Grant Street
>Pittsburgh, PA  15219
>
>G. Mark Simpson, Esquire
>Simpson Law Firm, LLC
>165 North Main Street
>Jonesboro, GA  30236
>
>Paul E. Skirtich, Esquire
>United States Attorney's Office
>700 Grant Street, Suite 4000
>USPO & Courthouse
>Pittsburgh, PA  15219

**Via U.S. mail only:**     Michael Granston, Esquire
>U.S. Department of Justice
>Commercial Litigation Branch
>P.O. Box 261
>Ben Franklin Station
>Washington, DC  20044

May 14, 2007                              /s/ Daniel M. Mulholland III
                                          Daniel M. Mulholland III

160029.1
May 14, 2007