## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES, *ex rel.*,                )
DILBAGH SINGH M.D.,                       )
PAUL KIRSCH, M.D.,                        )
V. RAO NADELLA, M.D., and                 )
MARTIN JACOBS, M.D.,                      )
                                          )
    Plaintiffs,               )
                                          )
        v.                )    Civil No. 04-186 Erie
                                          )
BRADFORD REGIONAL MEDICAL                 )
CENTER, V & S MEDICAL                     )
ASSOCIATES, LLC,                          )
PETER VACCARO, M.D.,                      )
KAMRAN SALEH, M.D., and                   )
DOES I through XX,                        )
                                          )
    Defendants.               )
                                          )

### Order

    This is a *qui tam* action filed by Dilbagh Singh M.D., Paul Kirsch, M.D., V. Rao Nadella,

M.D., and Martin Jacobs, M.D., pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. §§

3729-3732, as amended. Doctors Singh, Kirsch, Nadella, and Jacobs, who are known as the

"Relators," are suing Bradford Regional Medical Center, V & S Medical Associates, LLC, Peter

Vaccaro, M.D., and Kamran Saleh, M.D., on behalf of the United States Government. The case was

sealed upon filing while the United States considered whether it would intervene in this matter. On

May 11, 2005, the United States notified the Court and the parties that it had elected to decline to

intervene. (Doc. 6.) Defendants' subsequent joint motion to dismiss was denied and an initial Rule

16 scheduling conference was held on November 30, 2006. (Doc. 43.) Based upon the parties'

Report of Rule 26(f) Planning Meeting (doc. 42), fact discovery was set to end on June 1, 2007 (doc.

44).

    Presently before the Court are Defendant Bradford Regional Medical Center's motion to

compel the Relators to produce documents and to answer interrogatories (doc. 53), Bradford

Regional's motion to compel production of documents by non-party Tri-County Diagnostic

Services, LLC (doc. 55), Bradford Regional's motion to unseal certain pleadings related to the time when the United States was considering whether to intervene in this matter (doc. 57), and a joint motion to amend the case management order to extend discovery deadlines (doc. 59).

With regard to the parties' joint motion to extend discovery deadlines, said motion is premature as fact discovery does not end until June 1, 2007. In addition, the joint motion requests that fact discovery be extended to ninety days after the Court rules on Bradford Regional's motion to compel the Relators to produce documents and to answer interrogatories, when such extension would be unnecessary if the Court denies Bradford Regional's motion. Finally, even if the motion to compel is granted the parties have offered no basis as to why ninety more days of discovery would be needed, as opposed to a lesser time period. For these reasons we will deny the joint motion to extend discovery deadlines as set forth in the motion. If necessary, the Court will set forth appropriate discovery deadlines after the above discovery motions are resolved.

With regard to Bradford Regional's motion to compel the Relators to produce documents and to answer interrogatories, filed on May 10, 2007, the Relators filed their Brief in Opposition on May 16, 2007 (doc. 62). This motion is thus ready for resolution.

With regard to Bradford Regional's motion to unseal certain pleadings, filed on May 14, 2007, a response is due by May 25, 2007.

With regard to Bradford Regional's Motion to Compel non-party Tri-County Diagnostic Testing Services, LLC, filed on May 11, 2007, no briefing order has been entered yet. The subpoena at issue was served on Tri-County on March 8, 2007. In a letter dated March 19, 2007, counsel for Relators stated his objection to the subpoena served on Tri-County. (Letter from Andrew M. Stone to Daniel Mulholland, Esq., March 19, 2007, attached to Doc. 54.) On March 23, 2007, counsel for all parties, as well as counsel for Tri-County, participated in a conference call in an unsuccessful attempt to resolve their dispute regarding the subpoena. On March 26, 2007, counsel for Tri-County stated its objection to the subpoena in writing in a letter to counsel for Bradford Regional. (Letter from John M. Quinn, Jr. To Daniel M. Mulholland, III, Esq., March 26, 2007, attached to Doc. 54.)

2

In that letter, counsel for Tri-County stated in part:

> As indicated in our conference call, Tri-County would incorporate the relevancy objections previously made by the Plaintiff-Relators as set forth in Andrew Stone's March 19, 2007 letter to you. In addition, as we also discussed on the phone, Tri-County objects on the basis that the subpoena is overly broad and would be burdensome for Tri-County if it had to respond to all of the requests contained in the subpoena. As indicated previously, my contact person indicated that he believed it would take two weeks working "very diligently" to assemble the documents you have requested..
>
> Notwithstanding these objections, if you and Mr. Stone can come to some agreement relative to the relevancy objections, and if we can narrow the scope of the subpoena to make it far less burdensome, Tri-County would be willing to reconsider its position.

(*Id.*) Despite knowledge of the subpoena since March 8, 2007, a telephone conference on March 23, 2007 to discuss the subpoena, and the filing of the motion to compel on May 11, 2007, counsel for Tri-County notified chambers on May 16, 2007, that it needed twenty days to respond to the motion, or at least until May 25, 2007. Counsel reported that as a non-party to this litigation it understandably wished to keep its costs to a minimum, and implied that to do so, it needed this time in order to file an affidavit in support of its opposition to the motion. Thus, we will permit Tri-County to respond to the motion to compel no later than May 30, 2007.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 17 day of *May*, 2007, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The parties' Joint Motion to Amend Case Management Order (Doc. 59) is hereby DENIED as premature. If the discovery disputes are not resolved by June 1, 2007, discovery shall be held in abeyance until the Court resolves the outstanding motions.

2. Non-party Tri-County Diagnostic Services, LLC shall file its response to Bradford Regional's Motion to Compel (Doc. 55) no later than ___May 30, 2007___.

Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
United States District Court Judge

3

cc:     Counsel of Record

John M. Quinn, Jr, Esquire (by regular mail)
2222 W. Grandview Blvd.
Erie, PA 16506

4