IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* : <br> DILBAGH SINGH, M.D., : <br> PAUL KIRSCH, M.D., and : <br> V. RAO NADELLA, M.D., and : <br> MARTIN JACOBS, M.D., : <br>     Relators : <br>                     v.           : <br>                             : <br> BRADFORD REGIONAL MEDICAL : <br> CENTER, V & S MEDICAL : <br> ASSOCIATES, LLC, : <br> PETER VACARO, M.D., : <br> KAMRAN SALEH, M.D., : <br> and DOES I through XX, : <br>     Defendants : | CIVIL ACTION No. 04-186E |

**ANSWER TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF TRI-COUNTY DIAGNOSTIC TESTING SERVICES, LLC**

AND NOW, comes Tri-County Diagnostic Testing Services, LLC ("Tri-County"), and respectfully moves your Honorable Court for Protective Order and sets forth the following in support thereof:

1-4.    Admitted.

5.    It is not believed that compliance with the subpoena is necessary in order for Bradford to conduct discovery or prepare for trial. Neither Tri-County, nor any of its members, has anything to do with the matter that is the subject of this case. In further answer, Tri-County would incorporate the matters contained in the Relators' Memorandum in Opposition to Bradford's Motion to Compel.

1

## ADDITIONAL MATTERS

6. Tri-County objects to the subpoena on two grounds: 1) that the subpoena is overly broad and would be unduly burdensome in that it would take an unreasonable amount of time for Tri-County to respond and produce the requested documents; and 2) that the matters contained in the requested documents are irrelevant to the dispute that is the subject of this litigation as neither Tri-County, nor any of its members, are in any way involved in the transaction that is the subject of this litigation. With respect to this argument, Tri-County would incorporate by reference the matters contained in the Memorandum filed by the Relators in Opposition to Bradford's Motion to Compel.

7. Tri-County is a limited liability company. One of its members is Clinical Services, Inc., which is a wholly-owned subsidiary of the Saint Vincent Health System ("Health System"). The Health System also owns several other entities including the Saint Vincent Health Center.

8. Submitted herewith is the Affidavit of Mark Kresse, who is the Board Secretary of Tri-County. Mr. Kresse is also a Vice-President of the Saint Vincent Heart Center and works full time in connection with that employment. He is not employed by Tri-County. The Tri-County files are located in Erie. Tri-County has no administrative employees, so the responsibility of responding to the subpoena would fall on Mr. Kresse.

9. In his Affidavit, Mr. Kresse indicated that he has reviewed the documents requested in the subpoena and that he believes it would take him approximately two weeks working full time to locate and arrange to have copies

of these documents made. This assumes he would devote all of his time to this project instead of his duties with the Heart Center at Saint Vincent, his actual employer.

10. Tri-County respectfully submits that the subpoena is overly broad and burdensome on its face. Included in the request are requests for "any documents referring or relating to any of the Defendants." (5) "Any documents referring or relating to services provided by Tri-County in McKean County, Pennsylvania." (6) And any documents referring to any facilities owned or operated by Tri-County or relating or referring to any revenues or expenses of Tri-County relating to any services provided by Tri-County in McKean County". (7,8)

11. The transaction that is the subject of this litigation does not, in any way, involve Tri-County. Any documents relating to any Tri-County revenues, any Tri-County facilities and Tri-County itself are plainly unrelated to this litigation. Tri-County would also incorporate the matters contained in the Relators' Memorandum in Opposition to Bradford's Motion to Compel.

12. It is respectfully submitted that Tri-County should not be required to go to the expense and inconvenience of responding to Bradford's subpoena, particularly when the documents requested have no relationship to the transaction that is the subject of this litigation. It is respectfully requested that the Court balance the burden that would be imposed upon Tri-County to respond to the subpoena as set forth in Mr. Kresse's Affidavit with the benefit and/or

relevance of the documents to this litigation and enter a protective order in favor of Tri-County.

13. In the event that the Court disagrees with Tri-County's position and orders that the documents need to be produced, Tri-County would request that the Court order Bradford to pay for the costs and expenses to Tri-County that Tri-County would incur in responding to this subpoena.

>Respectfully submitted,
>
>QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.
>
>By /s/ John M. Quinn, Jr.
>John M. Quinn, Jr.
>Pa. I.D. #23803
>2222 W. Grandview Blvd.
>Erie, PA 16506-4509
>(814) 833-2222
>Attorneys for Tri-State Diagnostic
>Testing Services