IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, *ex rel.* )
DILBAGH SINGH, M.D.,                )
PAUL KIRSCH, M.D.,                  )
V. RAO NADELLA, M.D., and           )
MARTIN JACOBS, M.D.,                )
                                    )
            Relators,               )
                                    )    Civil Action No. 04-186E
      v.                            )
                                    )    JUDGE COHILL
BRADFORD REGIONAL MEDICAL CENTER,   )
V & S MEDICAL ASSOCIATES, LLC,      )    ELECTRONICALLY FILED
PETER VACCARO, M.D.,                )
KAMRAN SALEH, M.D.,                 )
and DOES I through XX,              )
                                    )
            Defendants.             )
_____)

**UNITED STATES' RESPONSE TO DEFENDANTS BRADFORD REGIONAL MEDICAL
CENTER; V & S MEDICAL ASSOCIATES, LLC; PETER VACCARO, M.D.; AND
<u>KAMRAN SALEH, M.D.'S MOTION TO UNSEAL</u>**

The United States of America, the real party in interest in
this *qui tam* action, submits this Response to Defendants Bradford
Regional Medical Center; V & S Medical Associates, LLC; Peter
Vaccaro, M.D.; and Kamran Saleh, M.D.'s Motion to Unseal.[1]

## I.  INTRODUCTION

Relators and *qui tam* Plaintiffs, Dilbagh Singh, M.D.; Paul
Kirsch, M.D.; V. Rao Nadella, M.D.; and Martin Jacobs, M.D.,
filed this case under seal, pursuant to the <u>qui</u> <u>tam</u> provisions of

---

[1]  The United States remains the real party in interest in a
declined *qui tam* action.  <u>See</u>, <u>e.g.</u>, <u>United States ex rel.
Rodgers v. Arkansas</u>, 154 F.3d 865 (8th Cir. 1998); <u>United States
ex rel. Hall v. Tribal Development Corp.</u>, 49 F.3d 1208, 1212-13
(7th Cir. 1995); <u>see</u> <u>also</u> 31 U.S.C. § 3730(d).

the False Claims Act, 31 U.S.C. § 3730(b)(2) (the "FCA"), on or
about March 23, 2004.  The FCA provides that a private person (a
"relator") may bring a civil action for a violation of the FCA,
alleging that the Government was defrauded, on behalf of that
person and the United States.  31 U.S.C. § 3730(b).  After it
receives a copy of the complaint and material information from
relator, the United States has at least sixty (60) days to elect
to intervene in the action while the case remains under seal.  31
U.S.C. § 3730(b)(2).  The United States may apply for extensions
of the seal period for "good cause" shown.  31 U.S.C. §§
3730(b)(2) & (b)(3). In this case, the United States applied for
extensions of the seal period through requests which were filed
under the seal of the Court.

On or about May 11, 2005, the United States filed a Notice
of Election to decline intervention pursuant to 31 U.S.C. § 3730
(b) (4) (B).  On May 24, 2005, this Court, in response to the
United States' Notice of election to decline to intervene,
entered an Order which , _inter alia_, stated: "1.  the complaint
be unsealed and served upon the defendant by the relators;
2.  that all other contents of the Court's file in this action
remain under seal and not be made public or served upon the
defendants, except for this Order and the United States' Notice
of Election to Decline Intervention, which the relators will
serve upon the defendant only after service of the complaint;

2

3.  that the seal be lifted as to all other matters occurring in this action after the date of this Order."

The Court's Order of May 24, 2005, thus maintains a seal on the filings made by the United States prior to May 24, 2005, which are at Docket Nos. 2, 3, 4, and 5 and consist of Motions to Extend the Seal Period and Proposed Orders and the Orders of Court entered pursuant to those Motions.  Defendants Bradford Regional Medical Center, V & S Medical Associates, LLC, Peter Vaccaro, M.D., and Kamran Saleh, M.D., have now moved the Court to unseal the documents which remain under seal in this action.

## II.  ARGUMENT

In response to the defendants' Motion to Unseal, the United States is asking that all currently sealed documents in the Court docket must remain under seal - unless the Court, "[a]fter careful *in camera* consideration of all of the documents at issue and upon balancing defendants' interest in obtaining the information with the government's interest in continued confidentiality, . . . finds that the documents in question should be unsealed."  United States ex re. Health Outcomes Technologies v. Hallmark Health System, Inc., 349 F. Supp. 170, 174 (D. Mass. 2004).[2]  The United States submits that each of the

_____

[2]  Because the documents at issue which will arguably remain under seal in this case are limited to the United States' four (4) requests for extension of the seal period, the United States accepts for the purpose of this Court's decision on the Defendants' current Motion to Unseal that this statement of a

four (4) documents that are at issue here should be kept under seal unless the Court, in applying the balancing test that has been recently applied by other district courts, finds that each does not disclose "confidential investigative techniques" or "information which could jeopardize an ongoing investigation" or reveals "matters which could injure non-parties." Id., at 173, citing United States ex rel. Mikes v. Straus, 846 F. Supp. 21, 23 (S.D.N.Y. 1994).[3]

While the False Claims Act mandates that the complaint should come out from under seal, it does not specifically require the seal to be lifted on all other documents. Though the Movants fail to expressly state so, even they would have to agree that

─────────────

balancing test may be judiciously applied here. As noted below, the United States believes that there are important policy considerations which encourage thorough investigations of allegations of fraud. It is further the belief of the United States that any test applied by a Court to the unsealing of documents filed by the Government to inform the Court of the progress of such investigations should give substantial weight to those policy considerations.

[3] The United States is not submitting to the Court in this case any additional materials for the Court to review and consider in deciding the current Motion to Unseal. In another case, or in another context, the United States may seek to support its request to retain the seal over documents previously filed under seal by filing an additional document in camera. Such subsequent filing may be necessary if critical information, not previously presented to the Court, would add further support to the factors weighing in favor of maintaining the seal over those previously filed documents. In this case, the United States, by limiting its response to requesting the Court to prudently apply the balancing test, preserves its right for another case on another day to supplement the material which the Court should consider in deciding a request to unseal.

any right to access court records is not absolute.  Moreover, the Movants seem to agree that some documents can be kept under seal where the documents contain ". . . [information which could] jeopardize any ongoing investigations, reveal confidential investigative techniques, or imperil the safety of anonymous sources . . . ." (See Brief of Support, p. 5).  (See United States ex re. Health Outcomes Technologies v. Hallmark Health System, Inc., 349 F. Supp. 170, 173-174 (D. Mass. 2004); United States ex rel. Erikson v. University of Wash. Physicians, 339 F. Supp. 2d 1124, 1125-1126 (W.D. Wash. 2004)).  (Some documents can remain under seal where the documents contain information that could jeopardize the prosecution of this or any related case or where the documents in the court file would reveal any sensitive information as to how an investigation works).

In the present case, the United States submits that to the extent any one of the extension requests it filed in this action prior to its decision on intervention reveals or recites investigative techniques specific as to this case, that document should not be unsealed or, if unsealed, the Court should redact any references to such specific investigative technique.  The United States would ask the Court to review its last extension request (Docket No. 5) and retain the seal over it or at a minimum that portion of the motion in which the United States informs the Court of investigative activity in terms which are

5

more than a mere reference to "routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business." United States ex rel. Mikes v. Straus, 846 F. Supp. 21, 23 (S.D.N.Y. 1994).

Where a document may tell the story of the Government's investigation of the present case or reveals pieces of the Government's investigatory techniques, decision-making processes, research, and reasoning that apply in this or in similar cases, either currently or those to be investigated in the future, in which the Government must decide whether and how to conduct enforcement litigation, those documents should remain confidential. Revealing these matters to the public would benefit a multitude of defendants and potential defendants subject to fraud investigations, making the Government's job of prosecuting fraud far more difficult. For these reasons, investigatory materials remain protected even after preparation for a particular case is over. See, e.g., Federal Trade Comm'n v. Grolier, Inc., 462 U.S. 19, 28 (1983); Black v. Sheraton Corp. of America, 564 F.2d 531, 546 (D.C. Cir. 1977); Aspin v. Department of Defense, 491 F.2d 24, 30 (D.C. Cir. 1973); Frankel v. SEC, 460 F.2d 813, 817 (2d Cir. 1972).

In this case, the Court should limit the unsealing of the four documents to those documents and those parts of those

6

documents which clearly do not disclose "confidential investigative techniques" or "information which could jeopardize an ongoing investigation" or reveal "matters which could injure non-parties."  This is especially so here since the Defendants mainly argue that the government lacks legal basis to override the "compelling interest" of the public in ensuring a fair litigation of allegations of the alleged violations.  (See Brief, p. 5).  Moreover, the unsealing should be prevented or limited where the Defendants' assertion that unsealing is needed is so vague, so general (". . . records should be unsealed because they may assist . . . in preparing a defense . . ." (Brief, p. 5) that it lacks legitimacy.  As noted, the United States submits that applying the above standard in this case, the Court should retain the seal on the four (4) documents, or limit the unsealing by redacting those portions of those documents which disclose "confidential investigative techniques" or "information which could jeopardize an ongoing investigation" or reveals "matters which could injure non-parties."

### III.   CONCLUSION

For the foregoing reasons, the Court should maintain under seal the United States' extension requests because the balance should be struck in favor of retaining the confidentiality of those documents which reveal any aspect of the Government's investigative techniques which were specific to this case or cases of a similar nature.

Respectfully submitted,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY


s/Paul E. Skirtich
PAUL E. SKIRTICH
Assistant United States Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
PA ID No. 30440
(412) 894-7418
(412) 644 6995 (fax)

MICHAEL GRANSTON
Assistant Director
Civil Fraud Section
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(202) 305-0632
(202) 514-7361 (fax)

Attorneys for the United States
    of America


Dated:  May 25, 2007

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of May, 2007, I electronically filed and/or served via U.S. mail, a copy of the United States' Response to Defendants Bradford Regional Medical Center; V & S Medical Associates, LLC; Peter Vaccaro, M.D.; and Kamran Saleh, M.D.'s Motion to Unseal to be served by first-class mail, postage-prepaid, on:

> Andrew M. Stone, Esquire
> STONE & STONE
> 828 Frick Building
> 437 Grant Street
> Pittsburgh, PA 15219
>
> Gregory M. Simpson
> Simpson Law Firm
> 165 North Main Street
> Jonesboro, GA 30236
>
> Daniel M. Mulholland, III
> Horty, Springer & Mattern
> 4614 Fifth Avenue
> Pittsburgh, PA 15213
>
> Carl J. Rychcik
> Fox Rothschild
> 625 Liberty Avenue
> 29th Floor
> Pittsburgh, PA 15222-3115
>
> Jay D. Marinstein
> Fox Rothschild
> 625 Liberty Avenue
> 29th Floor
> Pittsburgh, PA 15222-3115

> s/Paul E. Skirtich
> PAUL E. SKIRTICH
> Assistant U.S. Attorney