IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, *ex rel.*, <br> DILBAGH SINGH M.D., <br> PAUL KIRSCH, M.D., <br> V. RAO NADELLA, M.D., and <br> MARTIN JACOBS, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, <br> PETER VACCARO, M.D., <br> KAMRAN SALEH, M.D., and <br> DOES I through XX, <br><br> Defendants. | Civil No. 04-186 Erie |

**Memorandum Opinion and Order**

Presently before the Court is Defendants' Motion to Unseal Remaining Sealed Documents (doc. 57), to which the government has filed a response.

This is a *qui tam* action pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3732, as amended, filed by Plaintiffs/Relators on behalf of the United States Government. Pursuant to 31 U.S.C. § 3730(b)(2), relators in a *qui tam* action must submit a "copy of the complaint and written disclosure of substantially all material evidence and information" to the United States so that the government can determine whether it wants to intervene in the action. Section 3730(b)(2) further provides as follows:

> The complaint shall be filed in camera, shall remain under seal for at least 60
> days, and shall not be served on the defendant until the court so orders. The

> Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b)(2). Section 3730(b)(3) permits the government to seek extension of the 60 day period as follows:

> (3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. . . . .

31 U.S.C. § 3730(b)(2).

In this case, the government moved for extension of the seal period four times. On May 11, 2005, the United States notified the Court and the parties that it had elected to decline to intervene. (Doc. 6.) The government's four motions to extend the seal period, along with the government's accompanying proposed order of court and the Court's Orders granting the motions remain sealed. It is these documents that Defendants seek to have unsealed. The docket in this case indicates that the pleadings that are the subject of Defendants' motion are as follow:

| 09/09/2004 | 2 | SEALED MOTION with Proposed Order. (sealed) (Entered: 09/10/2004) |
|---|---|---|
| 09/16/2004 |   | ORDER upon motion granting [2-1] motion SEALED MOTION to extend the seal period for 60 days. the Application be Granted and the US shall have up to and including 11/12/04, within which to notify the Court of is decision to intervene in this action. Ordered that the complaint and all other filings in this case remain seal until further ordered of this Court. ( signed by Judge Maurice B. Cohill Jr. on 9/16/04 ) CM all parties of record. (sealed) (Entered: 09/17/2004) |
| 11/04/2004 | 3 | MOTION by UNITED STATES to Extend Time the Seal Period with Proposed Order. (sealed) (Entered: 11/05/2004) |
| 11/08/2004 |   | ORDER upon motion granting [3-1] motion to Extend Time the Seal Period and the United States shall have up to and including 1/11/05, within which to notify the Court of its decision to intervene in this action; and it is further ORDERED that the complaint and all other |

2

| | | |
|---|---|---|
| | | filings in this case remain under seal until further order of this Court. ( signed by Judge Maurice B. Cohill Jr. on 11/8/04 ) CM all parties of record. (sealed) (Entered: 11/08/2004) |
| 01/11/2005 | 4 | MOTION by UNITED STATES to Extend Time the seal period with Proposed Order. (sealed) (Entered: 01/12/2005) |
| 01/18/2005 | | ORDER upon motion granting [4-1] motion to Extend Time the seal period until 3-12-05 ( signed by Judge Maurice B. Cohill Jr. on 1/18/05 ) CM all parties of record. (sealed) (Entered: 01/19/2005) |
| 03/09/2005 | 5 | MOTION by UNITED STATES to Extend Time of sealed period with Proposed Order. (sealed) (Entered: 03/10/2005) |
| 03/21/2005 | | ORDER upon motion granting [5-1] motion to Extend Time of sealed period ( signed by Judge Maurice B. Cohill Jr. on 3/18/05 ) CM all parties of record. (sealed) (Entered: 03/23/2005) |

The denial of a motion to unseal pleadings in a False Claims Act action is proper where the sealed pleadings would reveal "confidential investigative techniques," "information which could jeopardize an ongoing investigation" or "matters which could injure non-parties." *U.S. ex rel. Health Outcomes Technologies v. Hallmark Health System*, 349 F.Supp.2d 170 (D.Mass. 2004); *U.S. by Dept. of Defense v. CACI Intern. Inc.*, 885 F.Supp. 80, 83 (S.D.N.Y. 1995). Following an in camera review of the pleadings and after an in camera consultation with counsel for the United States the Court finds that it is appropriate to unseal Documents 2, 3, and 4 in their entirety, and portions of Document 5, because the information does not reveal confidential investigative techniques, information that could jeopardize an ongoing investigation, or matters which could injure non-parties. However, a portion of Document 5 must be redacted in order not to reveal confidential investigative techniques of the government.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 5th day of June, 2007, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Unseal Remaining Sealed Documents (Doc. 57) be and hereby is GRANTED in part as to Documents 2, 3, and 4 and portions of Document 5, and DENIED in part as to the remaining portion of Document 5.

The Clerk of Courts is directed to unseal Documents 2, 3 and 4, and docket as a new document number a redacted copy of Document 5, attached hereto as Exhibit A.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Judge

cc:   counsel of record