IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, *ex rel,*   )
DILBAGH SINGH, M.D.,                  )
PAUL KIRSCH, M.D.,                    )
V. RAO NADELLA, M.D., and             )
MARTIN JACOBS, M.D.,                  )
                                      )   Civil Action No. 04-186 E
               Plaintiffs,            )
                                      )
     v.                               )
                                      )
                                      )   **FILED UNDER SEAL**
BRADFORD REGIONAL MEDICAL CENTER,     )   **PURSUANT TO**
V & S MEDICAL ASSOCIATES, LLC,        )   **31 U.S.C. Sec. 3730(b)(2)**
PETER VACCARO, M.D.,                  )
KAMRAN SALEH, M.D.,                   )
and DOES I through XX,                )
                                      )
               Defendants.            )

UNITED STATES' APPLICATION TO EXTEND THE SEAL PERIOD

Pursuant to 31 U.S.C. § 3730(b)(3), the United States of America ("United States") respectfully requests that the Court extend the seal period on this False Claims Act qui tam case, by sixty (60) days, to and including May 11, 2005, to afford the United States additional time within which to notify the Court of its decision whether to intervene in the case. This is the United States' fourth request for an extension of time.

Counsel for the United States spoke with counsel for relators, Andrew M. Stone, Esquire, on March 8, 2005, and relators' attorney indicated that he has no objection to this request for extension. Counsel for the United States has not consulted defense counsel about the filing of this application because the False Claims Act requires that the case be kept under

seal until the Court orders the case unsealed.  31 U.S.C. §
3730(b)(2) & (b)(3).

## I.  INTRODUCTION

Relators, Dilbagh Singh, M.D., Paul Kirsch, M.D., V. Rao
Nadella, M.D., and Martin Jacobs, M.D., filed this case under
seal, pursuant to the qui tam provisions of the False Claims Act,
31 U.S.C. § 3730(b)(2) (the "FCA"), on or about July 9, 2004.
The FCA provides that a private person (a "relator") may bring a
civil action for a violation of the FCA, alleging that the
Government was defrauded, on behalf of that person and the United
States.  31 U.S.C. § 3730(b).  After it receives a copy of the
complaint and material information from relator, the United
States has at least sixty (60) days to elect to intervene in the
action while the case remains under seal.  31 U.S.C. §
3730(b)(2).

The 60-day seal period commences from the date of service of
a copy of the complaint and statement of material information
upon the Attorney General and the United States Attorney,
whichever is later.  See 31 U.S.C. § 3730(b)(2).  In this case,
the Attorney General was served on July 15, 2004, and the United
States Attorney was served on July 7, 2004.  Therefore, the 60-
day seal period would have expired on September 13, 2004.  By
Order dated September 16, 2004, this Court granted the United
States' first request for an extension of time of 60 days.  By

Order dated November 8, 2004, the Court granted the United
States' second request for a 60-day extension of the seal period.
By Order dated January 18, 2005, the Court granted the United
States' third request for a 60-day extension of the seal period.
Thus, the seal date on the instant case is currently March 12,
2005.

The United States may apply for extensions of the seal
period for "good cause" shown.  31 U.S.C. §§ 3730(b)(2) & (b)(3).
For the "good cause" shown below, the United States respectfully
requests that the Court extend the seal period by sixty (60) days
from the date of March 12, 2005, to and including May 11, 2005.

## II.  ARGUMENT

The United States' request for an extension of time within
which to investigate the allegations constitutes good cause for
an extension of the seal period, in accord with 31 U.S.C. §
3730(b)(2) & (b)(3) and the legislative history of the FCA.
Congress has observed that

> [k]eeping the qui tam complaint under seal
> for the initial 60-day time period is
> intended to allow the Government an adequate
> opportunity to fully evaluate the private
> enforcement suit and determine . . . whether
> it is in the Government's interest to
> intervene and take over the civil action. . .
>
> \*    \*    \*
>
> The initial 60-day sealing of the allegations
> has the same effect as if the qui tam relator
> had brought his information to the Government
> and notified the Government of his intent to

> sue.  The Government would need an
> opportunity to study and evaluate the
> information in either situation . . . .

S. Rep. No. 99-345, 99th Cong., 2d Sess. 24, reprinted in 1986

U.S.C.C.A.N. 5266, 5289.  See also U.S. ex rel. Pilon v. Martin

Marietta Corp., 60 F.3d 995, 998-99 (2d Cir. 1995) (seal may

protect defendant).  The United States is diligently

investigating and evaluating relator's allegations, as set forth

below, but requires more time to attempt to confirm or refute the

allegations.

The United States has initiated an investigation of the

allegations made by the relator.  An investigator from the U.S.

Department of Health and Human Services, Office of the Inspector

General, has been assigned to review the allegations set forth in

the complaint filed on behalf of the relators.  The investigator

and the undersigned counsel for the United States have met with

counsel for the relators.  As a result of the information

gathered so far by the investigator, the United States has

reviewed a number of documents, including some billing

information from Medicare and other federal health care programs.

In order to complete its investigation, however, the United

States needs to obtain additional billing information to

determine whether it is appropriate for the United States to

intervene in this case.  It is anticipated that, because of the

complexity and extent of the allegations and the additional

materials to be reviewed, the United States' investigation of this matter will require several additional weeks to complete.

Since the United States' last previous request for an extension of the seal period, the HHS-OIG agent has received a report on billings to Medicare.  That report raised sufficient interest as to that billing information that a follow-up request for an additional information from

relator's complaint.  The information from                    is needed to complete this investigation and the United States will be required to thoroughly review that information and possibly interview individuals as a result of the reception of that information.

The United States therefore requires more time within which to investigate this matter.  Therefore, good cause exists for an extension of the seal period in that the United States is diligently investigating this matter, and that investigation will consume at least another sixty (60) days.

### III.  CONCLUSION

For the above reasons, the United States respectfully requests that its application for a sixty (60)-day extension of the seal period, to and including May 11, 2005 be granted.

A proposed order is attached for the Court's convenience.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney
Western District of Pennsylvania

*[signature]*

ROBERT L. EBERHARDT
Assistant United States Attorney
PA ID No. 10325
U.S. Post Office and Courthouse
700 Grant Street
Suite 400
Pittsburgh, PA 15219
(412) 894-7353
(412) 644-6995 (fax)


MICHAEL GRANSTON
Assistant Director
Civil Fraud Section
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 305-0632
(202) 514-7361(fax)

Attorneys for the United States
    of America

Dated: *March 9, 2005*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, *ex rel*,   )
DILBAGH SINGH, M.D.,                  )
PAUL KIRSCH, M.D.,                    )
V. RAO NADELLA, M.D., and             )
MARTIN JACOBS, M.D.,                  )
                                      )   Civil Action No. 04-186 E
          Plaintiffs,                 )
                                      )
     v.                               )
                                      )
BRADFORD REGIONAL MEDICAL CENTER,     )   **FILED UNDER SEAL**
V & S MEDICAL ASSOCIATES, LLC,        )   **PURSUANT TO**
PETER VACCARO, M.D.,                  )   **31 U.S.C. Sec. 3730(b)(2)**
KAMRAN SALEH, M.D.,                   )
and DOES I through XX,                )
                                      )
          Defendants.                 )

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2005, I caused copies of the United States' Application to Extend the Seal, and proposed order, to be served by first-class mail, postage prepaid, on:

          Counsel for relators:

          Andrew M. Stone, Esquire
          STONE & STONE
          828 Frick Building
          437 Grant Street
          Pittsburgh, PA 15219

                         ROBERT L. EBERHARDT
                         Assistant United States Attorney