IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*,<br>DILBAGH SINGH, M.D.,<br>PAUL KIRSCH, M.D.,<br>V. RAO NADELLA, M.D., and<br>MARTIN JACOBS, M.D.,<br><br>    Plaintiffs,<br><br>  v.<br><br>BRADFORD REGIONAL MEDICAL CENTER,<br>V & S MEDICAL ASSOCIATES, LLC,<br>PETER VACCARO, M.D.,<br>KAMRAN SALEH, M.D.,<br>and DOES I through XX,<br><br>    Defendants. | Civil Action No. 04-186 E<br><br><br><br>**FILED UNDER SEAL**<br>**PURSUANT TO**<br>**31 U.S.C. Sec. 3730(b)(2)** |

<u>UNITED STATES' APPLICATION TO EXTEND THE SEAL PERIOD</u>

Pursuant to 31 U.S.C. § 3730(b)(3), the United States of America ("United States") respectfully requests that the Court extend the seal period on this False Claims Act <u>qui tam</u> case, by sixty (60) days, to and including May 11, 2005, to afford the United States additional time within which to notify the Court of its decision whether to intervene in the case. This is the United States' fourth request for an extension of time.

Counsel for the United States spoke with counsel for relators, Andrew M. Stone, Esquire, on March 8, 2005, and relators' attorney indicated that he has no objection to this request for extension. Counsel for the United States has not consulted defense counsel about the filing of this application because the False Claims Act requires that the case be kept under

seal until the Court orders the case unsealed. 31 U.S.C. § 3730(b)(2) & (b)(3).

## I. INTRODUCTION

Relators, Dilbagh Singh, M.D., Paul Kirsch, M.D., V. Rao Nadella, M.D., and Martin Jacobs, M.D., filed this case under seal, pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b)(2) (the "FCA"), on or about July 9, 2004. The FCA provides that a private person (a "relator") may bring a civil action for a violation of the FCA, alleging that the Government was defrauded, on behalf of that person and the United States. 31 U.S.C. § 3730(b). After it receives a copy of the complaint and material information from relator, the United States has at least sixty (60) days to elect to intervene in the action while the case remains under seal. 31 U.S.C. § 3730(b)(2).

The 60-day seal period commences from the date of service of a copy of the complaint and statement of material information upon the Attorney General and the United States Attorney, whichever is later. See 31 U.S.C. § 3730(b)(2). In this case, the Attorney General was served on July 15, 2004, and the United States Attorney was served on July 7, 2004. Therefore, the 60-day seal period would have expired on September 13, 2004. By Order dated September 16, 2004, this Court granted the United States' first request for an extension of time of 60 days. By

2

Order dated November 8, 2004, the Court granted the United States' second request for a 60-day extension of the seal period. By Order dated January 18, 2005, the Court granted the United States' third request for a 60-day extension of the seal period. Thus, the seal date on the instant case is currently March 12, 2005.

The United States may apply for extensions of the seal period for "good cause" shown. 31 U.S.C. §§ 3730(b)(2) & (b)(3). For the "good cause" shown below, the United States respectfully requests that the Court extend the seal period by sixty (60) days from the date of March 12, 2005, to and including May 11, 2005.

## II. ARGUMENT

The United States' request for an extension of time within which to investigate the allegations constitutes good cause for an extension of the seal period, in accord with 31 U.S.C. § 3730(b)(2) & (b)(3) and the legislative history of the FCA. Congress has observed that

> [k]eeping the qui tam complaint under seal for the initial 60-day time period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine . . . whether it is in the Government's interest to intervene and take over the civil action. . .
>
> \* \* \*
>
> The initial 60-day sealing of the allegations has the same effect as if the qui tam relator had brought his information to the Government and notified the Government of his intent to

3

> sue. The Government would need an opportunity to study and evaluate the information in either situation . . . .

S. Rep. No. 99-345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S.C.C.A.N. 5266, 5289. See also U.S. ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 998-99 (2d Cir. 1995) (seal may protect defendant). The United States is diligently investigating and evaluating relator's allegations, as set forth below, but requires more time to attempt to confirm or refute the allegations.

The United States has initiated an investigation of the allegations made by the relator. An investigator from the U.S. Department of Health and Human Services, Office of the Inspector General, has been assigned to review the allegations set forth in the complaint filed on behalf of the relators. The investigator and the undersigned counsel for the United States have met with counsel for the relators. As a result of the information gathered so far by the investigator, the United States has reviewed a number of documents, including some billing information from Medicare and other federal health care programs. In order to complete its investigation, however, the United States needs to obtain additional billing information to determine whether it is appropriate for the United States to intervene in this case. It is anticipated that, because of the complexity and extent of the allegations and the additional

materials to be reviewed, the United States' investigation of this matter will require several additional weeks to complete.

Since the United States' last previous request for an extension of the seal period, the HHS-OIG agent has received a report on billings to Medicare. That report raised sufficient interest as to that billing information that a follow-up request for an additional information from

relator's complaint. The information from                          is needed to complete this investigation and the United States will be required to thoroughly review that information and possibly interview individuals as a result of the reception of that information.

The United States therefore requires more time within which to investigate this matter. Therefore, good cause exists for an extension of the seal period in that the United States is diligently investigating this matter, and that investigation will consume at least another sixty (60) days.

### III.  CONCLUSION

For the above reasons, the United States respectfully requests that its application for a sixty (60)-day extension of the seal period, to and including May 11, 2005 be granted.

A proposed order is attached for the Court's convenience.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney
Western District of Pennsylvania

*/s/ Robert L. Eberhardt*

ROBERT L. EBERHARDT
Assistant United States Attorney
PA ID No. 10325
U.S. Post Office and Courthouse
700 Grant Street
Suite 400
Pittsburgh, PA 15219
(412) 894-7353
(412) 644-6995 (fax)


MICHAEL GRANSTON
Assistant Director
Civil Fraud Section
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 305-0632
(202) 514-7361 (fax)

Attorneys for the United States
   of America

Dated: March 9, 2005