IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D.,<br><br>Relators,<br><br>v.<br><br>BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 04-186E<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MOTION TO QUASH

Defendant Bradford Regional Medical Center ("BRMC"), by its undersigned counsel, hereby moves the Court pursuant to Rule 45(c) of the Federal Rules of Civil Procedure to quash the subpoena served on its undersigned counsel, Daniel M. Mulholland III, which is attached hereto as Exhibit 1, and in support of said motion avers as follows:

1. This is a *qui tam* action filed under the False Claims Act by the above-named Relators on behalf of the United States against the above-named Defendants.

2. On August 21, 2007, at the conclusion of depositions of Relators, counsel for the Relators, Andrew M. Stone, personally served the subpoena attached as Exhibit 1 on the undersigned counsel for BRMC, Daniel M. Mulholland III. Said subpoena purports to

1

command Mr. Mulholland to appear for a deposition in the above-captioned matter on August 31, 2007 at 9:30 a.m. in the offices of Mr. Stone. Mr. Mulholland has acted and continues to act as lead counsel for BRMC in this litigation.

3. Upon receipt of the subpoena, Mr. Mulholland verbally objected and informed Mr. Stone that a Motion to Quash the subpoena would be filed. Mr. Mulholland and Mr. Stone conferred and agreed that they could not resolve their differences over the subpoena.

4. By letter dated August 13, 2007, sent by electronic mail at 3:54 p.m. EDT, attached hereto as Exhibit 2, counsel for the Relators, G. Mark Simpson, informed Mr. Mulholland and Carl J. Rychcik, counsel for Defendants Saleh, Vaccaro and V&S Medical Associates, that he believed it was necessary to take the depositions of Mr. Mulholland and Ed Kabala, who has also served as counsel for Defendants Saleh, Vaccaro and V&S Medical Associates, for reasons stated in the letter.

5. By e-mail sent at 4:46 p.m. EDT on August 13, 2007, attached hereto as Exhibit 3, Mr. Rychcik informed Mr. Simpson, with copies to Mr. Mulholland and Mr. Stone, that he was out of the office for the week with limited access to e-mails and that he would deal with Mr. Simpson's letter upon his return.

6. By e-mail sent at 5:12 p.m. EDT on August 13, 2007, attached hereto as Exhibit 4, Mr. Mulholland informed Mr. Simpson, with copies to Mr. Rychcik and Mr. Stone, that he would also respond to Mr. Simpson's e-mail next week.

7. On August 20, 2007, during a recess of one of the Relators' depositions being held that day, Mr. Stone asked Mr. Rychcik and Mr. Mulholland when they would reply to Mr. Simpson's letter of August 13. Mr. Rychcik informed Mr. Stone that he had just

returned from vacation the night before and had not had an opportunity to discuss the matter with his clients. Mr. Mulholland informed Mr. Stone that BRMC's response to Mr. Simpson's letter would be forthcoming when he had a chance to confer with Mr. Rychcik after Mr. Rychcik conferred with his clients. No further discussion of the matter was held among and between counsel for Defendants and counsel for Relators until Mr. Stone handed the subpoena to Mr. Mulholland on August 21.

8. Depositions of opposing counsel are not favored by the courts. Such depositions are permitted sparingly, only if the party seeking the deposition can show that the information sought is relevant, not privileged, and critical to the preparation of its case, and that there is no other way to obtain the information. None of these criteria have been or can be met in this case.

9. The "details of the negotiations" between the parties referred to in Mr. Simpson's letter are not relevant to the central issue in this case, that is, whether the equipment sublease between BRMC and V&S violated the Stark and antikickback statutes and, even if it did, whether any of the Defendants submitted false claims to the government. Any inquiry into the attorneys' role in the negotiation would almost certainly delve into privileged communications, and thus be subject to objections which would cause additional delay in the resolution of this matter. And even if a plausible case could be made for relevance, any non-privileged discussions to which the attorneys were a party or witness can hardly be said to be critical to the Relators' case.

10. Relators' counsel have had ample opportunities to inquire into the negotiations between the parties. Defendants have been completely responsive to any inquiries that Relators have made. Mr. Stone questioned George Leonhardt, the CEO of BRMC, at length about the negotiations during the Rule 30(b)(6) deposition of BRMC taken on July 26, 2007.

165810.1
August 24, 2007

Not once during his questions on that topic was a privilege asserted or Mr. Leonhardt instructed not to answer. (See BRMC Depo.Tr. pp. 149-153, a copy of which is attached as Exhibit 5.)

11. Mr. Simpson also asked Drs. Saleh and Vaccaro about the negotiations during their depositions taken on August 9, 2007. (See Saleh Depo.Tr. pp. 116-120, a copy of which is attached as Exhibit 6 and Vaccaro Depo.Tr. pp. 44-45, a copy of which is attached as Exhibit 7.) The fact that Relators didn't get the answers that they want does not justify deposing counsel.

12. Deposing counsel for BRMC at this point in the litigation would be inherently annoying, oppressive, disruptive and burdensome. According to the Amended Scheduling order entered by the Court in this case, fact discovery closes on September 4, 2007. It is anticipated that a number of disputes over outstanding discovery will be presented to the Court before that date. Among other things, at the depositions of Relators held on August 20 and 21, Mr. Stone repeatedly objected to questions posed by counsel for Defendants and instructed the Relators not to answer. Counsel for Defendants asked the court reporter to mark pages in the deposition transcripts where those objections and instructions were made for certification to the Court. Defendants anticipate filing a Motion to Compel Relators to answer the disputed questions and have informed Mr. Stone of their present intent to do so. Issuing a subpoena to depose Mr. Mulholland will distract Mr. Mulholland from properly representing his client.

13. BRMC has not asserted an advice of counsel defense in its Answer and New Matter. BRMC stated in its Response to Relators' Interrogatories that its Defense of Good Faith does not encompass an advice of counsel defense. A copy of this response is attached as Exhibit 8. Mr. Mulholland reiterated this at the conclusion of BRMC's Rule 30(b)(6)

deposition (See BRMC Depo. Tr. p. 214, attached hereto as Exhibit 9). Therefore, BRMC has not waived and has no intention to waive the privilege associated with any attorney-client communications.

14. There are now less than three weeks remaining in the extended period allowed for fact discovery. Even if Relators could assert a plausible reason to seek to depose BRMC's lead counsel (which they cannot), their request to do so is untimely and any right that they could assert with respect to the same has been waived.

15. If an attorney is likely to be a witness, he or she could be disqualified from acting as an advocate at trial pursuant to Rule 3.5 of the Rules of Professional Conduct. Given this rule, prudence would dictate at least retaining separate counsel to represent the interests of BRMC at any deposition of Mr. Mulholland. Doing so would, in and of itself, create a substantial hardship on BRMC.

16. The Relators have also failed to give reasonable notice of the deposition. (In fact, they have not noticed the deposition at all – they only served the subpoena.) Rule 30(b)(1) provides that: "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action."

WHEREFORE, BRMC hereby moves this Honorable Court to quash the subpoena of Mr. Mulholland for the reasons stated herein and in the accompanying Brief, and further requests that the Court award BRMC costs and, if permitted by laws, reasonable attorney's fees incurred in connection with this Motion.

Respectfully submitted this 24th day of August 2007.

/s/ Daniel M. Mulholland III
Daniel M. Mulholland III, Esquire
HORTY, SPRINGER & MATTERN, P.C.
4614 Fifth Avenue
Pittsburgh, PA  15213
412-687-7677 (phone)
412-687-7692 (fax)
dmulholland@hortyspringer.com

Attorney for
Bradford Regional Medical Center

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date he served the following with a copy of the foregoing Motion to Quash by e-mail and by first class United States mail, addressed as follows:

>Andrew M. Stone
>Allegheny Building, Suite 1400
>429 Grant Street
>Pittsburgh, PA  15219
>
>G. Mark Simpson
>Simpson Law Firm, LLC
>165 North Main Street
>Jonesboro, GA  30236
>
>Carl J. Rychcik
>Fox Rothschild, LLP
>625 Liberty Avenue, 29th Floor
>Pittsburgh, PA  15222
>
>Paul E. Skirtich
>Assistant U.S. Attorney
>Western District of PA
>U.S. Post Office & Courthouse
>700 Grant Street, Suite 4000
>Pittsburgh, PA 15219

This 24th day of August 2007.

>/s/ Daniel M. Mulholland III
>Daniel M. Mulholland III, Esquire

165810.1
August 24, 2007