### SIMPSON LAW FIRM, LLC
**165 NORTH MAIN STREET**
**JONESBORO, GA 30236**
**(678) 610-1994**

FAX: (678) 302-8721

EMAIL: MARK@MARKSIMPSONLAW.COM

August 13, 2007

Daniel M. Mulholland III, Esq.
Horty, Springer & Mattern, P.C.
4614 Fifth Avenue
Pittsburgh, PA 15213

Carl J. Rychcik, Esq.
Fox Rothschild LLP
625 Liberty Avenue, 29th Floor
Pittsburgh, PA 15222

RE:   *U.S. ex rel. Singh, et al. v Bradford Regional Medical Center, et al.*
      Case No. 04-CV-186E, United States District Court for the
      Western District of Pennsylvania

Dear Dan and Carl:

Since the beginning of discovery, all defendants have refused to allow discovery regarding communications with their attorneys. However, defendants have refused to categorically rule out an assertion of reliance on the advice of counsel; rather, they have been careful to state that they are not making such an assertion "at this time." Naturally, we are concerned that defendants will decide to raise this issue after the expiration of the discovery period, or at trial, thus preventing us from taking discovery on such issues. Indeed, during the doctors' depositions last week, there was testimony along the lines of "attorneys were involved, and if there was anything wrong, they would have told us," which appears to be an attempt to suggest reliance on counsel while preserving the privilege.

Accordingly, absent either a waiver of the privilege or an unequivocal renunciation of the right to raise the advice of counsel, we believe it is necessary for us to file a motion in limine to preclude defendants from making any reference to their reliance on the advice of counsel. Please let us know if you would consent to the concept of such an order; if so, we will prepare a draft and circulate it for your review. If you are opposed to such an order, please also let us know, so that we can discharge any obligation to confer before filing such a motion. Of course, should defendants attempt at any time to raise the advice of counsel issue, we would be entitled to sufficient time to take discovery on that issue.

**EXHIBIT**

2

Daniel M. Mulholland III, Esq.
Carl J. Rychcik, Esq.
August 13, 2007
Page 2


On another, somewhat related matter, we have been wondering whether it is necessary to take the depositions of the various lawyers who were participants in the negotiations between the hospital and V&S. We had hoped to avoid such necessity because the same firms (and, with respect to Dan, the same individual) are representing the defendants in this lawsuit. After the doctors' depositions, where they essentially claimed an inability to remember most of the details of the negotiations, it is becoming more apparent that such depositions will be necessary. Moreover, given the defendants' refusal to rule out an advice of counsel assertion, we have no basis to believe that defendants will not call such attorneys as fact witnesses at trial. Accordingly, we believe it is necessary to take the depositions of Dan Mulholland and Ed Kabala, and would ask that you provide us dates when they would be available.


Sincerely,

G. Mark Simpson

cc:     Andrew M. Stone