IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, *ex rel.*,<br>DILBAGH SINGH M.D.,<br>PAUL KIRSCH, M.D.,<br>V. RAO NADELLA, M.D., and<br>MARTIN JACOBS, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD REGIONAL MEDICAL<br>CENTER, V & S MEDICAL<br>ASSOCIATES, LLC,<br>PETER VACCARO, M.D.,<br>KAMRAN SALEH, M.D., and<br>DOES I through XX,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 04-186 Erie<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Order

Presently before the Court is Defendant Bradford Regional Medical Center's (BRMC) motion to quash the subpoena served by counsel for the Relators to take the deposition of BRMC's counsel, Daniel M. Mulholland III. In a letter explaining why they wish to depose Mr. Mulholland (as well as other lawyers), Relators explain that "given the defendants' refusal to rule out an advice of counsel assertion, we have no basis to believe that defendants will not call such attorneys as fact witnesses at trial." (Ex. 2 to BRMC's Motion to Quash.)

Our review of the relevant material on this issue shows that Relators are correct that Defendants have not ruled out an advice of counsel assertion, and in fact the Defendants have carefully avoided using language that could be interpreted as an unequivocal waiver of the defense. However, because BRMC has not yet asserted an advice of counsel defense in its Answer and New Matter and because BRMC has stated that its Defense of Good Faith does not yet encompass an advice of counsel defense, we will quash the instant subpoena without prejudice in the event that BRMC does assert an advice of counsel defense.

We note that any late-raised assertion of an advice of counsel defense may also result in Defendants being precluded from making any reference to their reliance on the advice of counsel in defense of their actions. Discovery is set to close on September 4, 2007. BRMC indicates in its motion to quash that "a number of disputes over outstanding discovery will be presented to the Court before" the close of discovery. (Motion to Quash, at ¶ 12.) Thus, it appears to be unlikely that fact discovery will close on September 4, 2007. We are hopeful that should Defendants decide to raise this defense that they will do so sooner rather than later in order to allow sufficient time for Relators to conduct the necessary discovery associated with such a defense.

Finally, we note that Relators suggest that a deposition of Mr. Mulholland (as well as other lawyers) may be necessary due to the Defendant Doctors' inability to remember details of the relevant negotiations in this matter. (Ex. 2 to BRMC's Motion to Quash.) We make no comment on this basis for seeking a deposition as we do not have sufficient information at this point to consider whether this reason is valid.

The following Order is hereby entered.

AND NOW, to-wit, this 28th day of August, 2007, it is hereby ORDERED, ADJUDGED, and DECREED Defendant BRMC's Motion to Quash be and hereby is GRANTED without prejudice.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Judge

cc:     Counsel of Record