IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D., <br><br>          Plaintiffs, <br><br>     v. <br><br> BRADFORD REGIONAL MEDICAL CENTER, et al., <br><br>          Defendants. | CIVIL ACTION NO. 04-186-E <br><br> JUDGE COHILL |

**PLAINTIFF'S RESPONSE TO DEFENDANT BRADFORD
REGIONAL MEDICAL CENTER'S MOTION TO SEAL**

Yesterday, August 27, 2007, Defendant Bradford Regional Medical Center ("BRMC") moved to seal certain deposition transcripts filed as Exhibits 5, 6, and 7 to its Motion to Quash. Although the Court has today entered an order granting the motion, Relators file this response to advise the Court of their position.

With respect to Exhibit 5, an excerpt from the BRMC 30(b)(6) deposition, the transcript prepared by the court reporter contains the heading "Confidential – Protected Health Information," but the transcript itself does not appear to contain any statement by BRMC designating the entire deposition, or the portion presented as an exhibit, as confidential. However, for purposes of the motion, Relators assume that BRMC has properly designated the transcript as confidential. With respect to Exhibits 6 and 7, excerpts from the depositions of Drs. Saleh and Vaccaro, counsel for the doctors stated at the outset of the depositions that they were designating the entire depositions as

confidential. Apart from such blanket designation, counsel did not make any designation regarding the specific testimony included as Exhibits 6 and 7.

Relators agree that, under the terms of the Court's Protective Order, defendants' unilateral designations require the exhibits to be filed under seal, at least for the moment. However, Relators believe that it is a misuse of the Protective Order to make a blanket designation of an <u>entire</u> deposition as confidential, particularly where such designation is made before any questions have even been asked. Rather, Relators believe that the Protective Order requires a party to designate only those portions of a deposition that are <u>actually</u> confidential. *See* Protective Order, ¶ 1 (party "shall have the right to designate as confidential any document that contains peer review information, proprietary business information or information that has been maintained by the designating party in a confidential fashion.").

Accordingly, Relators have notified defendants of their objection to the blanket designation of entire depositions as confidential. *See* Exhibit A.[1] Relators have notified defendants that, if they designate specific portions of depositions as confidential, Relators will consider such specific designations individually. However, under the terms of the Protective Order, unless defendants seek a Court order within 10 days, defendants' blanket designation of the entire depositions as confidential will cease to have any effect. Protective Order, ¶ 10.

---

[1] BRMC previously attempted to designate as confidential <u>every</u> document produced by BRMC in discovery, and Relators similarly objected to such blanket designation.

2

This 28th day of August, 2007.

                                              Respectfully submitted,

                                              /s/ G. Mark Simpson
                                              G. Mark Simpson
                                              Simpson Law Firm, LLC
                                              165 North Main Street
                                              Jonesboro, GA 30236
                                              Phone: (678) 610-1994
                                              Fax: (678) 302-8721
                                              mark@marksimpsonlaw.com
                                              Attorney for Relators

Certificate of Service

I hereby certify that on August 28, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

       Daniel M. Mulholland, III
       Carl J. Rychcik
       Paul E. Skirtich

This 28th day of August, 2007.

       Respectfully submitted,

       /s/ G. Mark Simpson
       G. Mark Simpson
       Georgia Bar No. 647725
       SIMPSON LAW FIRM, LLC
       165 North Main Street
       Jonesboro, Georgia 30236
       Phone: (678) 610-1994
       Fax: (678) 302-8721
       mark@marksimpsonlaw.com
       Attorney for Plaintiff