IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

**UNITED STATES OF AMERICA,** *ex rel.*
**DILBAGH SINGH, M.D., PAUL KIRSCH, M.D.,**
**V. RAO NADELLA, M.D., and**
**MARTIN JACOBS, M.D.,**

       **Plaintiffs,**   CIVIL ACTION NO. 04-186E

v.

**BRADFORD REGIONAL MEDICAL CENTER,**   Judge Cohill
**et al.,**

       **Defendants.**

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR
COURT ORDER TO OBTAIN HHS RECORDS**

In this case, Relators contend that Defendant Bradford Regional Medical Center ("BRMC") submitted thousands of claims for payment to the Medicare program based on referrals from Drs. Peter Vaccaro and Kamran Saleh. Relators contend that these claims are false because, among other things, BRMC has a "financial relationship" with Drs. Vaccaro and Saleh pursuant to the Stark statute, thus prohibiting BRMC from submitting claims to Medicare based on such referrals.

During discovery, Relators have asked BRMC to produce claims documentation and information identifying claims submitted pursuant to referrals from Drs. Vaccaro and Saleh. In response to Relators' discovery requests, BRMC has provided claims information for the period from March of 2005 through December 2006, but claims to be

technically unable to provide the requested claims information for the period from October 2003 to March of 2005.

Although Relators question whether BRMC is, in fact, unable to provide the requested information, Relators have sought to obtain the claims information from other sources. In particular, Relators have served a subpoena on Highmark, Inc., the Medicare intermediary to whom the claims were submitted, to obtain the relevant claims information. *See* Exhibit A. Highmark asserted no objections to the subpoena prior to the scheduled date of production. Relators' counsel has been in contact with Highmark's attorneys and HHS's attorneys, and have been informed that Highmark and HHS are willing to produce the requested information. However, they contend that the Privacy Act, 5 U.S.C. § 552a, requires an order from the Court before they are able to provide the information. HHS has provided Relators with language for a proposed order, which Relators have submitted herewith.[1] *See* Exhibit B.

Generally, the Privacy Act provides that government agencies may not disclose records, which are part of an agency's system of records, without the prior written consent of the individual to whom it pertains. 5 U.S.C. § 552a(b). However, one of the enumerated exceptions to the Act allows a government agency to release records, otherwise covered by the Act, "pursuant to the order of a court of competent jurisdiction". 5 U.S.C. § 552a(b)(11). This exception is intended to recognize that the

---

[1] Relators have asked Defendants to consent to the entry of an order. Defendants responded that they are not willing to consent, although they do not believe that they will object to a motion seeking such an order. *See* Exhibit C. Relators note that they sought the information from Highmark in an effort to avoid the necessity of filing a motion to compel against BRMC.

2

Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Clavir v. United States*, 84 F.R.D. 612, 614 (S.D.N.Y. 1979).

Because the Act was not intended as a limiting amendment to the Federal Rules of Civil Procedure, and does not create a qualified discovery privilege, a showing of "need" is not required, provided that the information requested meets the threshold test of "relevance" under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *Laxalt v. McClatchy*, 809 F.2d 885, 888-90 (D.C. Cir. 1987).

In the instant case, the claims information that Relators seek is directly relevant, as it identifies the particular claims submitted as a result of prohibited referrals, and allows damages to be quantified with precision. Although Defendants have not consented to an order allowing Highmark to produce the requested information, Relators do not believe that Defendants will claim the information is not relevant. Indeed, BRMC has acknowledged the relevancy of the claims information by producing a similar compilation for a portion of the relevant time period.

With respect to any concerns regarding the privacy interests of those individuals to whom the records pertain, the court has already signed a Qualified Protective Order Governing Confidentiality of Protected Health Information which the parties jointly proposed to cover this very situation. Accordingly, Relators respectfully request that the Court enter the attached order, allowing Highmark to produce the requested information.

This 31st day of August, 2007.

Respectfully Submitted,

/s/ Andrew M. Stone
Andrew M. Stone
(Pa. #35176)
STONE LAW FIRM, LLC
1400 Allegheny Bldg., 429 Forbes Ave.
Pittsburgh, Pa. 15219
Phone: (412) 391-2005
Fax: (412) 391-0853
astone@stone-law-firm.com

/s/ G. Mark Simpson
G. Mark Simpson
Georgia Bar No. 647725
SIMPSON LAW FIRM, LLC
165 North Main Street
Jonesboro, Georgia 30236
Phone: (678) 610-1994
Fax: (678) 302-8721
mark@marksimpsonlaw.com

<u>Certificate of Service</u>

  I hereby certify that on August 31, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

    Daniel M. Mulholland, III
    Carl J. Rychcik
    Paul E. Skirtich

  This 31st day of August, 2007.

        <u>/s/ Andrew M. Stone</u>
        Andrew M. Stone
        (Pa. #35176)
        STONE LAW FIRM, LLC
        1400 Allegheny Bldg., 429 Forbes Ave.
        Pittsburgh, Pa. 15219
        Phone: (412) 391-2005
        Fax: (412) 391-0853
        astone@stone-law-firm.com