IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DILBAGH SINGH, M.D., PAUL KIRSCH, M.D., V. RAO NADELLA, M.D., and MARTIN JACOBS, M.D., | : : : : : : : |
| Relators, | : : |
| v. | :   Civil Action No. 04-186E : |
| BRADFORD REGIONAL MEDICAL CENTER, V & S MEDICAL ASSOCIATES, LLC, PETER VACCARO, M.D., KAMRAN SALEH, M.D., and DOES I through XX, | : : : : : : : |
| Defendants. | : : |

**JOINT MOTION TO COMPEL RELATORS TO ANSWER DEPOSITION
QUESTIONS AND PRODUCE DOCUMENTS**

Defendants Bradford Regional Medical Center ("BRMC"), V & S Medical Associates, LLC ("V&S"), Peter Vaccaro, M.D. ("Dr. Vaccaro") and Kamran Saleh, M.D. ("Dr. Saleh") (hereafter collectively referred to as "Defendants"), by and through their undersigned counsel, hereby jointly move the Court pursuant to Rule 37(a) of the Federal Rules of Civil Procedure to compel Dilbagh Singh, M.D., Paul Kirsch, M.D., V. Rao Nadella, M.D., and Martin Jacobs, M.D. (hereafter collectively referred to as the "Relators"), to reappear for depositions, and answer certain categories of questions asked of them during their depositions on August 20 and 21, 2007, but which they refused to answer. In support of said motion, Defendants aver as follows:

1. This is a *qui tam* action filed under the False Claims Act, 31 U.S.C. §§ 3729-3732, by the above-named Relators on behalf of the United States against the above-named Defendants. The Relators' allegations rest entirely on the assertion that a sublease of medical equipment between BRMC and V&S violates the Medicare Anti-kickback Statute, 42 U.S.C. § 1320a-7b(b), and the Physician Self-Referral Act, 42 U.S.C. § 1395nn.

2. On August 20 and 21, 2007, the Relators were each deposed by counsel for the Defendants. Throughout those depositions, counsel for the Relators repeatedly objected to questions posed to them and instructed them not to answer. Excerpts from the deposition transcripts where these objections and instructions were interposed, and counsel discussed those objections and instructions, are attached hereto as Exhibits 1 through 4.[1]

3. The objections and instructions not to answer by Relators' counsel were ostensibly based on the Court's May 31, 2007 Order denying two Motions to Compel filed by BRMC (Document 69, hereinafter referred to as "the May 31 Order").

4. Counsel for the Defendants have scrupulously observed the terms of the May 31 Order in all subsequent phases of the discovery process. By contrast, counsel for the Relators have drastically over-interpreted the breadth of the May 31 Order, distorting it to such a degree that they have severely prejudiced the Defendants' ability to develop and assert their defenses to the claims asserted against them.

---

[1] Defendants have sought leave of the Court to file the Exhibits to this Motion under seal since the documents in question could be designated as confidential pursuant to the Court's previous Protective Order Governing Confidentiality (Document 50).

5. The questions to which the Relators' counsel objected did not seek information that was the subject of the Court's May 31 Order. Instead, these questions dealt with areas central to the issues of this case, many of which were prompted by allegations contained in the Complaint and questions that Relators' counsel posed during the Defendants' depositions. In essence, in direct contradiction of the rules of discovery, counsel for the Relators have improperly used the Court's May 31 Order as a shield to obstruct the Defendants from gathering factual support for the defenses they are asserting, and to rebut allegations being made against them. Accordingly, the Relators were improperly instructed not to answer the proffered questions.

6. The specific areas of inquiry that Defendants were prevented from pursuing were: (a) the Relators' patterns and practices of patient referrals, in order to establish the pattern and practice in the Bradford community and rebut allegations and implications regarding the actions of Drs. Saleh and Vaccaro, (b) non-compete agreements to which the Relators have been a party, in order to establish their use in the Bradford community, separate from agreements to refer, and rebut allegations and implications regarding the actions of the Defendants, (c) the Statement of Material Evidence filed with the United States under 31 U.S.C. § 3730(b)(2) in connection with this case, and (d) issues related to the Relators' motivations in filing this action. All of these areas dealt with subjects central to the issues of this case. Among other things, Relators have scrutinized the historical referral practices of Drs. Vaccaro and Saleh. See Exhibits 5 and 6.

7. Defendants will be unfairly prejudiced if they are not permitted to obtain the requested information from the Relators.

8. The Defendants' basis for this joint motion to compel is set forth in greater detail in the separately filed Brief in Support of Joint Motion to Compel, which is fully incorporated herein.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order compelling each Relator to:

(a) reappear before the officer taking their depositions, at such time and place as the Defendants shall designate on 10 days' notice, and then and there answer under oath questions dealing with the following subjects: (a) Relators' patient referrals, and referral patterns and practices, (b) non-compete agreements to which Relators have been a party, (c) the Statement of Material Evidence filed with the United States under 31 U.S.C. §3730(b)(2) in connection with this case, and (d) issues dealing with Relators' motivations in filing this action, including, but not limited to, those questions dealing with said subjects that were asked of Relators during their depositions, but which they refused to answer, as well as such other questions as may be related thereto or to said subjects.

(b) produce to Defendants a copy of the Statement of Material Evidence filed with the United States under 31 U.S.C. §3730(b)(2) in connection with this case within 10 days following the entry of this order.

(c) pay the Defendants their reasonable expenses and attorneys' fees related to obtaining this order, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

September 4, 2007

Respectfully submitted,

/s/ Carl J. Rychcik
Carl J. Rychcik
Pennsylvania ID No. 73754
FOX ROTHSCHILD, LLP
625 Liberty Avenue, 29th Floor
Pittsburgh, PA  15222
Phone:  (412) 394-5549
crychcik@foxrothschild.com

Attorneys for Defendants
V&S Medical Associates, LLC
Peter Vaccaro, M.D.
Karman Saleh, M.D.

/s/ Daniel M. Mulholland III
Daniel M. Mulholland III
Pennsylvania ID No. 28806
HORTY, SPRINGER & MATTERN, P.C.
4614 Fifth Avenue
Pittsburgh, PA 15213
Phone: (412) 687-7677
Fax: (412) 687-7692
dmulholland@hortyspinger.com

Attorneys for Defendant
Bradford Regional Medical Center

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date he served the following with a copy of the foregoing Joint Motion to Compel by e-mail via the Court's ECF system and by first class United States mail, addressed as follows:

> Andrew M. Stone
> Allegheny Building, Suite 1400
> 429 Grant Street
> Pittsburgh, PA  15219
>
> G. Mark Simpson
> Simpson Law Firm, LLC
> 165 North Main Street
> Jonesboro, GA  30236
>
> Paul E. Skirtich
> Assistant U.S. Attorney
> Western District of PA
> U.S. Post Office & Courthouse
> 700 Grant Street, Suite 4000
> Pittsburgh, PA 15219

This 4th day of September 2007.

> /s/ Daniel M. Mulholland III
> Daniel M. Mulholland III, Esquire