IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*<br>DILBAGH SINGH, M.D.,<br>PAUL KIRSCH, M.D.,<br>V. RAO NADELLA, M.D., and<br>MARTIN JACOBS, M.D.,<br><br>        Relators,<br><br>v.<br><br>BRADFORD REGIONAL<br>  MEDICAL CENTER,<br>V & S MEDICAL ASSOCIATES, LLC,<br>PETER VACCARO, M.D.,<br>KAMRAN SALEH, M.D.,<br>and DOES I through XX,<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 1:04-cv-186-MBC<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## REPLY TO RELATORS' RESPONSE TO MOTION TO QUASH

Bradford Regional Medical Center ("BRMC"), through its undersigned counsel, hereby replies to the Relators' Response to its Motion to Quash Relators' subpoena to depose BRMC's attorney, Daniel M. Mulholland. Although the Court has already granted BRMC's Motion to Quash, without prejudice, Relators' suggestion that the Court treat their Response as a request for reconsideration, as well as certain contentions set forth in their Response, compel BRMC to file this Reply.

A.    **Relators Do Not Accurately Characterize the Factual Background of the Case**

In the first place, Relators' summary of what they contend to be "the factual background of the case" (Relators' Response pp. 2-5), aside from being self-serving, does not accurately characterize the testimony of Mr. Leonhardt's deposition. In footnote 2 of their response,

Relators state that "BRMC acknowledges that the purpose of the sublease was not simply to acquire a piece of equipment, it also hoped to get V&S's referral business as a result." Response p.5. Simply hoping for referrals does not in any way establish that the purpose of the lease was to get referrals, as Relators insinuate. It is settled law that "a hospital or individual may lawfully enter into a business relationship with a doctor and even hope for or expect referrals from that doctor, so long as the hospital is motivated to enter into the relationship for legal reasons entirely distinct from its collateral hope for referrals." U.S. v. McClatchey, 217 F.3d 823, 834 (10th Cir. 2000). As Mr. Leonhardt testified at the deposition, BRMC was trying to find a legal resolution to an almost two-year dispute with Drs. Saleh and Vaccaro. BRMC did not enter into the lease to get referrals from Drs. Saleh and Vaccaro.

**B.      Relators Have Not Met the Conditions Required to Depose Opposing Counsel**

As stated in BRMC's Brief in Support of its Motion to Quash, depositions of opposing counsel are allowed only upon a showing that the information sought is "relevant, non-privileged and critical to the preparation of the case and that there is no other way to obtain the information." Peerless Heater Co. v. Mestek, Inc., 2000 WL 151281 (E.D. Pa. 2000); Slater v. Liberty Mutual Insurance Co., 1999 WL 46580 (E.D. Pa. 1999). See, also Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986); Nationwide Mutual Ins. Co. v. Home Ins. Co., 278 F.3d 621 (6th Cir. 2002). "[E]ven when a party meets two of the Shelton factors by showing the information sought is non-privileged and crucial, that party's failure to establish that the attorney deposition is the only reasonably practicable means available for obtaining the information will still defeat an attempt to depose opposing counsel." Invesco Institutional (N.A.), Inc. v. Paas, 2007 WL 1672357 (W.D. Ky. 2007).

Relators offered no contrary case law in their Response, so it must be assumed that they agree with this rule. Moreover, they never assert in their Response that deposing BRMC's counsel is crucial to their case or that it is the only practicable means of obtaining the

information that they seek. Therefore, the Court's Order quashing their subpoena of BRMC's counsel was proper and should remain in effect.

1.  **What May or May Not Have Happened at the Meeting in Question is Not Directly Relevant to Relators' Claims or to the Ultimate Issue in this Case**

Relators also suggest that a "key issue" in the case is whether the payments under the sublease take into account the expected value or volume of referrals from Drs. Vaccaro and Saleh. Response p. 5. BRMC has asserted and continues to assert the defense that the lease does not fit within the general definition of a direct or indirect financial relationship that would be subject to the Stark law. 42 C.F.R. § 411.354(c)(2). (The lease is between BRMC and V&S, not Drs. Vaccaro and Saleh as individuals.) BRMC has also asserted and continues to assert the defense that even if the lease did fit within the general definition of a direct or indirect financial relationship that would be subject to the Stark law, the lease would fall within applicable exceptions in the regulations describing compensation arrangements that do not constitute a financial relationship, in particular, the equipment rental exception set forth at 42 C.F.R. § 411.357(b) and/or the indirect compensation arrangement exception set forth at 42 C.F.R. § 411.357(p). Likewise, BRMC has asserted and continues to assert the defense that the lease fits within the safe harbor for equipment rental under the Anti-kickback statute. 42 C.F.R. § 1001.952(c). These defenses rest on the fact that the amount paid by BRMC to V&S under the lease is either not determined in a manner that takes into account the volume or value of referrals or other business generated by Drs. Saleh and Vaccaro to BRMC or varies with or otherwise reflects the volume or value of referrals or other business generated by Drs. Saleh and Vaccaro to BRMC.

Thus, BRMC would agree that the question of whether the lease payments were determined in a manner that takes into account or varies with or otherwise reflects the volume or value of referrals or other business generated by Drs. Saleh and Vaccaro is relevant to these defenses. But BRMC disagrees that whatever may or may not have been said by the parties at

the meeting that Relators seek to depose BRMC's counsel about would be relevant to Relators' claims or the ultimate issue in this case, or be likely to lead to the discovery of relevant information regarding this issue. In their Response to the Motion to Quash, Relators state that V&S produced in response to Relators' discovery requests a letter from V&S's then counsel, Jodeen Hobbs, purporting to describe the meeting that Relators now seek to depose BRMC's counsel about.[1] Response p. 6. However, Relators did not attach that letter to their response. BRMC now offers that letter for the Court's consideration (attached hereto as Exhibit 1). The letter clearly indicates that regardless of what may or may not have been discussed at the meeting, the parties had not reached a meeting of the minds at that time about the rental payments under the lease. Since the lease payments had not been agreed upon at that time, any discussions that may have occurred at that meeting would only tangentially bear on how the lease payments were finally determined or whether the final lease payments vary based on the volume or value of referrals by Drs. Saleh and Vaccaro.

2.  **Relators Have Not Even Suggested That the Information They Seek Is Critical to the Preparation of Their Case**

Even if it were conceded for the sake of argument that the discussions at the meeting in question were relevant, Relators have not claimed or even suggested that deposing BRMC's counsel about the meeting is critical to the preparation of their case. In fact, they admit that they do not even know what BRMC's counsel would say at the deposition, and that "it is possible that nothing interesting or revealing occurred" at the meeting in question. Response, p. 9. At best, they characterize BRMC's counsel as a "key fact witness" – a far cry from claiming that his testimony is critical to the preparation of their case. It can only be concluded from this that

---

[1] It is interesting that Relators have never attempted to depose Ms. Hobbs about the letter that they now claim is so important, even though she had been listed on BRMC's Rule 26(a)(1) disclosure (Response Exhibit 4, p.13) and Relators had a copy of her letter since at least February 2007.

Relators are either engaged in a fishing expedition or trying to remedy the fact that they failed to pursue the matter in detail in their depositions of the Defendants.

3.   **Relators Cannot Show That There Is No Other Way to Obtain the Information They Seek**

The excerpts from the deposition transcripts of the Defendants appended to the Motion to Quash and Relators' Response clearly establish that the Relators have had ample opportunity to ask questions about the meeting in question and in fact did so. The fact that Relators are now not satisfied with the responses they received or with the thoroughness with which they probed is not a reason to now allow them to question BRMC's counsel. But Relators will have one more opportunity to ask questions about the meeting in question. Relators have scheduled the deposition of Ed Kabala, one of the attorneys for V&S who was mentioned in the Hobbs letter as having attended the meeting, for September 14, 2007. Thus, they will have one more bite at the apple to ask questions about that meeting. They have had more than enough chances to pursue this matter, and they should not now be permitted to use it to disrupt BRMC's ability to be represented by counsel of its choice.

C.   **BRMC's Rule 26 Disclosures Do Not Support the Relators' Position**

Relators contend that just because one of the attorneys in the firm representing BRMC in this litigation was listed in the Rule 26 disclosures of BRMC, all attorneys in that firm, including trial counsel, "possess discoverable information and are fair game for discovery." Response p. 7. Simply possessing discoverable information does not make an attorney "fair game for discovery" as the cases cited above make clear. And the fact that any individual (attorney or otherwise) was listed on the Rule 26 disclosure only means that the individual in question is "likely to have discoverable information *that the disclosing party may use to support its claims or defenses....*" Fed. R. Civ. P. 26(a)(1)(A). (Emphasis added.) A party is not obligated to disclose witnesses that it does not intend to use. Advisory Committee notes to 2000 amendment to Rule 26; <u>Cummings v. General Motors Corp.</u>, 365 F.3d 944, 954 (10th Cir. 2004).

As another Court of Appeals has said: "the essential inquiry is whether the disclosing party intends to use the witness." Gluck v. Ansett Austl. Ltd., 204 F.R.D. 217, 221-22 (D.D.C. 2001).

Listing Mr. Steinberg on the Rule 26 disclosure does not mean that Mr. Mulholland and any other members of Mr. Steinberg's firm are potential witnesses. It just means that Mr. Steinberg might be a witness. Conversely, the fact that Mr. Mulholland was not listed on the initial disclosure does not mean that BRMC was trying to place him off-limits from discovery by not disclosing him or by retaining him to defend BRMC in the lawsuit. Nor would V&S or Drs. Saleh or Vaccaro be able to call Mr. Mulholland as a witness at trial, since they did not list him on their Rule 26 disclosure either. See Rule 26 Initial Disclosures of V&S, Saleh and Vaccaro, is attached hereto as Exhibit 2.

**D.    The Potential for Disqualification of BRMC's Counsel if Deposed Provides Further Reason to Prohibit the Deposition of Counsel**

Relators claim that BRMC got the Rules of Professional Conduct backward by suggesting that the potential for disqualification of BRMC's counsel if deposed under Pennsylvania Rule of Professional Conduct 3.7 provides further reason to prohibit the deposition of counsel. BRMC respectfully submits that it is the Relators who are confused about this rule, in all likelihood because they did not consult the case law. In Curiale v. Tiber Holding Co., 1997 WL 786444 (E.D.Pa. 1997), the court squarely relied on Rule 3.7, as well as other factors, in granting a protective order preventing the deposition of defendant's counsel in that case. Notwithstanding Relators' unsubstantiated claims to the contrary, for the reasons cited in its Motion to Quash, BRMC would be severely harmed if its counsel were disqualified this late in the proceedings. This is yet another reason that the Motion to Quash should remain in effect.

**E.    Relators' Delay in Seeking to Depose Counsel for BRMC Constitutes a Waiver of Their Right to Depose Him Now**

Relators admit that they have had a copy of the Hobbs letter, which they claim prompted them to seek the deposition testimony of BRMC's counsel, since it was produced in discovery.

That production occurred in February 2007, a fact that Relators cannot refute. For whatever reason, they chose to wait until a few weeks before the close of fact discovery[2] to inform BRMC's counsel that they wished to depose him. Had they believed that what occurred at the meeting referred to in the Hobbs letter was so important and that the testimony of counsel about what happened there was so critical to their case, they should have so informed BRMC of their intent to take counsel's deposition much earlier. The fact that they did not resulted in a waiver of their right to do so later.

**F.    Conclusion**

For all of the reasons set forth above, and in BRMC's Motion to Quash and Brief in Support thereof, the Court's order quashing the deposition subpoena of BRMC's counsel should stand.

Respectfully submitted,

/s/ Daniel M. Mulholland III
Daniel M. Mulholland III
HORTY, SPRINGER & MATTERN, P.C.
4614 Fifth Avenue
Pittsburgh, PA  15213
412-687-7677 (phone)
412-687-7692 (fax)
dmulholland@hortyspringer.com

Attorney for
Bradford Regional Medical Center

Dated:  September 10, 2007

---

[2]    The fact that fact discovery is now closed is another reason why Relators should not now be permitted to seek fact discovery from BRMC's counsel.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date he served the following with a copy of the foregoing Reply via the Court's ECF system and by first class United States mail, addressed as follows:

>Andrew M. Stone
>Allegheny Building, Suite 1400
>429 Grant Street
>Pittsburgh, PA 15219

>G. Mark Simpson
>Simpson Law Firm, LLC
>165 North Main Street
>Jonesboro, GA 30236

>Paul E. Skirtich
>Assistant U.S. Attorney
>Western District of Pennsylvania
>U.S. Post Office & Courthouse
>700 Grant Street, Suite 4000
>Pittsburgh, PA 15219

>Carl J. Rychcik
>Fox Rothschild, LLP
>625 Liberty Avenue, 29th Floor
>Pittsburgh, PA 15222

This 10th day of September 2007.

>/s/ Daniel M. Mulholland III
>Daniel M. Mulholland III