# EXHIBIT B

**CONFIDENTIAL - PROTECTED HEALTH INFORMATION**

1

```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                    ERIE DIVISION


UNITED STATES OF AMERICA, ex rel.  )
DILBAGH SINGH, M.D., PAUL KIRSCH,  )
M.D., V. RAO NADELLA, M.D., and    )
MARTIN JACOBS, M.D.,               )
                                   )
               Relators,           )
                                   ) Civil Action
     vs.                           ) No. 04-186E
                                   )
BRADFORD REGIONAL MEDICAL CENTER,  )
V&S MEDICAL ASSOCIATES, LLC,       )
PETER VACCARO, M.D., KAMRAN SALEH, )
M.D., and DOES I through XX,       )
                                   )
               Defendants.         )
```

DEPOSITION OF PETER VACCARO, M.D.

THURSDAY, AUGUST 9, 2007

Deposition of PETER VACCARO, M.D., called as a witness by the Plaintiffs, taken pursuant to Notice of Deposition and the Federal Rules of Civil Procedure, by and before Joy A. Hartman, a Court Reporter and Notary Public in and for the Commonwealth of Pennsylvania, at the offices of Fox Rothschild, 625 Liberty Avenue, 29th Floor, Pittsburgh, Pennsylvania, commencing at 2:56 p.m. on the day and date above set forth.

CONFIDENTIAL

JOHNSON and MIMLESS
(412) 765-0744



CONFIDENTIAL - PROTECTED HEALTH INFORMATION

19

1  time before you got the nuclear camera, that the vast
2  majority of your inpatient referrals were to Bradford
3  regional Medical Center?
4           MR. RYCHCIK:  Same objection.  Go ahead
5      and answer.
6  A.   The inpatient referrals were based on a very
7  sensitive issue of where the patients wanted to go and
8  what was accessible, depending on their problem; and,
9  you know, there could be multiple places they could
10 go, but, you know, most of the time they would pick
11 the most convenient, which would be Bradford Medical
12 Center.
13 Q.   So is the answer to my question, then, yes?
14 A.   Yes, according to all the potential options
15 that were available.
16 Q.   The same question for outpatient referrals.  Is
17 it fair to say that most of your outpatient referrals
18 were to Bradford Regional Medical Center?
19          MR. RYCHCIK:  Objection as to the form of
20      the question.  You can answer.
21 A.   Again, Bradford Regional Medical Center was one
22 of the options; and most of the time, the patient
23 wanted to go to Bradford Regional Medical Center, and

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

20

1  if that is what they wanted, that is where they went.
2     Q.   I understand there might have been good reasons
3  to send them there.  I am just asking you for just the
4  simple facts.  It is true that most of the outpatient
5  referrals were to Bradford as opposed to somewhere
6  else?
7     A.   I just wanted to make sure that it is
8  understood that it is not just an automatic thing all
9  the time, that most of the time, it is because of
10 patient choices.
11    Q.   My question is not about the reasons.  My
12 question is about the simple fact.  It is a fact, is
13 it not, that most of the outpatient referrals were to
14 Bradford?
15    A.   Yes, they were.
16    Q.   Now, after you leased the nuclear camera --
17 well, let me ask you this:  In the period when you
18 were deciding whether or not to lease the nuclear
19 camera, do you recall doing any projections about the
20 amount of additional income that you would receive?
21    A.   There could have been some discussions.
22    Q.   Do you recall any specific discussions?
23    A.   No.

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

56

1          C E R T I F I C A T E

2   COMMONWEALTH OF PENNSYLVANIA    :
                                    :  SS.:
3   COUNTY OF ALLEGHENY             :

4          I, Joy A. Hartman, a Notary Public in and for the Commonwealth of Pennsylvania, do hereby certify
5   that before me personally appeared PETER VACCARO, M.D., the witness herein, who then was by me first
6   duly cautioned and sworn to testify the truth, the whole truth and nothing but the truth in the taking of
7   HIS oral deposition in the cause aforesaid; that the testimony then given by him as above set forth was
8   reduced to stenotypy by me, in the presence of said witness, and afterwards transcribed by computer-aided
9   transcription under my direction.

10         I do further certify that this deposition was taken at the time and place specified in the foregoing
11  caption, and signature was not waived.

12         I do further certify that I am not a relative of or counsel or attorney for any party hereto, nor am
13  I otherwise interested in the event of this action.

14         IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office at Pittsburgh,
15  Pennsylvania, on this 14th day of August, 2007.

16         The foregoing certification does not apply to any reproduction of this transcript in any respect
17  unless under the direct control and/or direction of the certifying reporter.

18

19

20   _____
                    Joy A. Hartman
21                  Joy A. Hartman, Notary Public
                    in and for the Commonwealth of
22                  Pennsylvania

23  My commission expires May 9, 2010.

Commonwealth of Pennsylvania
NOTARIAL SEAL
JOY A. HARTMAN, Notary Public
City of Pittsburgh, County of Allegheny
My Commission Expires May 9, 2010

JOHNSON and MIMLESS
(412) 765-0744