# EXHIBIT F

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

1

```
 1            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2                      ERIE DIVISION

 3   UNITED STATES OF AMERICA, ex rel. )
     DILBAGH SINGH, M.D., PAUL KIRSCH, )
 4   M.D., V. RAO NADELLA, M.D., and   )
     MARTIN JACOBS, M.D.,              )
 5                                     )
                  Relators,            )
 6                                     )   Civil Action
           vs.                         )   No. 04-186E
 7                                     )
     BRADFORD REGIONAL MEDICAL CENTER, )
 8   V&S MEDICAL ASSOCIATES, LLC,      )
     PETER VACCARO, M.D., KAMRAN SALEH,)
 9   M.D., and DOES I through XX,      )
                                       )
10                Defendants.          )

11

12       DEPOSITION OF MARTIN DAVID JACOBS, M.D.

13             TUESDAY, AUGUST 21, 2007

14       Deposition of MARTIN DAVID JACOBS, M.D., called

15   as a witness by the Defendant Bradford Regional

16   Medical Center, taken pursuant to Notice of Deposition

17   and the Federal Rules of Civil Procedure, by and

18   before Joy A. Hartman, a Court Reporter and Notary

19   Public in and for the Commonwealth of Pennsylvania, at

20   the offices of Stone Law Firm, 1400 Allegheny

21   Building, Pittsburgh, Pennsylvania, commencing at 3:08

22   p.m. on the day and date above set forth.

23
```

CONFIDENTIAL

JOHNSON and MIMLESS
(412) 765-0744



CONFIDENTIAL - PROTECTED HEALTH INFORMATION

5

1  question, and that you are answering truthfully. Is
2  that okay with you?
3     A.   Yes.
4     Q.   If you need any breaks, just let me know. Do
5  you understand the nature of the oath you just took?
6     A.   Yes.
7     Q.   Are you under the influence of any substance
8  that would impair your memory or your ability to
9  testify truthfully at this deposition?
10    A.   No.
11           MR. MULHOLLAND: Mr. Stone, can we assume
12       that we have the same stipulation regarding the
13       questions that you objected to and your
14       instructions not to answer that we have on
15       record for the previous three Relators'
16       depositions?
17           MR. STONE: Yes. That is correct. I
18       agree that to the extent that you have the same
19       questions for this witness that you had for the
20       other witnesses, that I would make the same
21       objection, and also instruct the witness not to
22       answer; and I'm assuming that you would take
23       exception to that instruction in the manner

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

6

1  that you have in the previous depositions.
2       MR. MULHOLLAND:  That's correct.  And if
3  the Court -- I'm sorry.
4       MR. STONE:  I would add one further
5  qualification.  I think in Dr. Singh's
6  deposition, there was a line of inquiry which I
7  did initially object to, and after arguing the
8  point, we did allow some limited questions.
9       With regard to the question of whether
10 there are options for referring patients by V&S
11 to a facility other than BRMC for certain
12 diagnostic testing, and even though that
13 involved Tri-County, we did allow some
14 questions on that point, because I thought that
15 your argument on that point made some sense and
16 we did allow those questions.  So with that
17 qualification, we can proceed.
18      MR. MULHOLLAND:  Thank you.  I assume that
19 to the extent that the Judge were to overrule
20 your objections, we would then reserve the
21 right to ask the questions to the witnesses
22 again?
23      MR. STONE:  Sure.

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

7

```
 1           MR. RYCHCIK:  I join in the stipulation as
 2       before.
 3   Q.  Dr. Jacobs, what is your home address?
 4   A.  652 Interstate Parkway, Bradford, Pennsylvania,
 5   16701.
 6   Q.  And what is your home phone number?
 7   A.  (814) 362-4031.
 8   Q.  And do you currently practice medicine in
 9   Bradford?
10   A.  Yes.
11   Q.  Do you practice medicine anywhere else?
12   A.  No.
13   Q.  What is the location of your medical practice
14   office in Bradford?
15   A.  125 Main Street, Suite 205, Bradford, PA.
16   Q.  What is the phone number of the practice?
17   A.  (814) 368-7154.
18   Q.  Do you practice there as a sole practitioner?
19   A.  Yes.
20   Q.  No partners or other associates in practice?
21   A.  No.
22   Q.  Do you practice through a professional
23   corporation?
```

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

21

1  that were never provided?
2  A.  No.
3  Q.  In the Complaint, you refer to a statement of
4  material evidence that you and the other Relators
5  filed with the Government when you filed the
6  Complaint.  Have you ever seen a copy of the statement
7  of material evidence?
8  A.  I don't remember seeing it.
9  Q.  Are you aware of the subject matter of that
10 material evidence.
11 A.  I am not --
12         MR. STONE:  I am going to object to the
13     extent that your question is asking about the
14     content of the communication.  However, to the
15     extent that you are seeking material evidence
16     which is the basis of the Complaint, I don't
17     see any problem with him responding to that
18     question.
19         MR. MULHOLLAND:  Well, we will take
20     exception to your objection; but let me ask you
21     the question, then.
22 Q.  Are you aware of any material evidence that you
23 contend forms the basis of the allegations in your

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

31

1  being used for their intended purpose for patient
2  care.
3     Q.   Are you aware that the hospital ever paid any
4  amount in settlement or in judgment of this lawsuit
5  that it would have come out of charitable funds?
6     A.   I don't know.  Here's the way I look at that.
7  I suspect that if the hospital -- the hospital won't
8  go out of business.  I suspect that if the hospital
9  gets a substantial judgment against them, what will
10 happen is -- it will -- certainly, some of it will
11 come out of charitable funds.  What will happen is the
12 administration and the Board of Directors will change.
13 You will get new bosses, if you will, and the hospital
14 will continue.
15       And so that the fact that it is a charitable
16 institution doesn't mean that the people running it
17 should be exempt from responsibility.
18    Q.   Is that a result that you would like to see a
19 new management board?
20          MR. STONE:  I'm going to object to further
21       so-called settlement discussions here where you
22       put one of the parties under oath and are
23       asking him questions about possible results of

JOHNSON and MIMLESS
(412) 765-0744

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

32

the lawsuit and possible scenarios for how this thing is going to get resolved.

I just think it is just inappropriate, and I don't know what purpose is served by that, other than to just shoot the breeze about possibilities.

MR. MULHOLLAND: I think it has everything to do with whether or not this lawsuit has merit and whether or not any judgment should be considered by a trier of fact in this case, if it is going to impair the ability of the hospital to fulfill its charitable mission.

MR. STONE: I am not aware of any exception in the Stark Law, the Medicare Anti-kickback Law, or the Federal False Claims Act that would exempt a Defendant, such as the hospital here, which is what you are suggesting simply because it is a charitable organization; and if that is the point that you are making, then I don't know any basis in law for that.

MR. MULHOLLAND: I'm suggesting -- and I am not suggesting anything through my questions, because I am just trying to get

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

33

1    answers to my questions, but I think that the
2    hospital has the right to put that information
3    in front of the trier of fact, and I think the
4    trier of fact has the right to consider that.
5         I am not aware of any case law or statute
6    that would preclude us from offering that as a
7    defense.
8         MR. STONE:  What relevance does Dr.
9    Jacobs' opinion have to the case?
10        MR. MULHOLLAND:  I think it has a lot of
11   relevance, but let's move on.
12        (Question certified for later discussion.)
13   Q.   Doctor, I'm going to show you another document
14   that has not been previously introduced, and I will
15   ask you to take a look at it.
16        MR. MULHOLLAND:  Will you please mark this
17   as the next exhibit, which should be No. 16?
18        (Relators' Deposition Exhibit No. 16
19   was marked for identification.)
20   A.   Do you want me to read the whole thing?
21   Q.   If you wish.  I just want to ask you some
22   general questions about it.
23   A.   I think I got two copies.  I assume this is the

(412) 765-0744

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

62

C E R T I F I C A T E

COMMONWEALTH OF PENNSYLVANIA  :
                              : SS.:
COUNTY OF ALLEGHENY           :

I, Joy A. Hartman, a Notary Public in and for the Commonwealth of Pennsylvania, do hereby certify that before me personally appeared MARTIN DAVID JACOBS, M.D., the witness herein, who then was by me first duly cautioned and sworn to testify the truth, the whole truth and nothing but the truth in the taking of his oral deposition in the cause aforesaid; that the testimony then given by him as above set forth was reduced to stenotypy by me, in the presence of said witness, and afterwards transcribed by computer-aided transcription under my direction.

I do further certify that this deposition was taken at the time and place specified in the foregoing caption, and signature was not waived.

I do further certify that I am not a relative of or counsel or attorney for any party hereto, nor am I otherwise interested in the event of this action.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office at Pittsburgh, Pennsylvania, on this 26th day of August, 2007.

The foregoing certification does not apply to any reproduction of this transcript in any respect unless under the direct control and/or direction of the certifying reporter.

*[Notarial Seal: Commonwealth of Pennsylvania, NOTARIAL SEAL, JOY A. HARTMAN, Notary Public, City of Pittsburgh, County of Allegheny, My Commission Expires May 9, 2010]*

_____
Joy A. Hartman, Notary Public in and for the Commonwealth of Pennsylvania

My commission expires May 9, 2010.

JOHNSON and MIMLESS
(412) 765-0744