# EXHIBIT

# N

CONFIDENTIAL — PROTECTED HEALTH INFORMATION

1

1 IN THE UNITED STATES DISTRICT COURT

2 FOR THE WESTERN DISTRICT OF PENNSYLVANIA

3 ERIE DIVISION

4

UNITED STATES OF AMERICA, ex rel. )
5 DILBAGH SINGH, M.D., PAUL KIRSCH, )
M.D., V. RAO NADELLA, M.D., and )
6 MARTIN JACOBS, M.D., )
)
7 Relators, )
) Civil Action
8 vs. ) No. 04-186E
)
9 BRADFORD REGIONAL MEDICAL CENTER, )
V&S MEDICAL ASSOCIATES, LLC, )
10 PETER VACCARO, M.D., KAMRAN SALEH,)
M.D., and DOES I through XX, )
11 )
Defendants. )
12

13 DEPOSITION OF V. RAO NADELLA, M.D.

14 MONDAY, AUGUST 20, 2007

15 Deposition of V. RAO NADELLA, M.D., called as a

16 witness by the Defendant Bradford Regional Medical

17 Center, taken pursuant to Notice of Deposition and the

18 Federal Rules of Civil Procedure, by and before Joy A.

19 Hartman, a Court Reporter and Notary Public in and for

20 the Commonwealth of Pennsylvania, at the offices of

21 Stone Law Firm, 1400 Allegheny Building, Pittsburgh,

22 Pennsylvania, commencing at 10:03 a.m. on the day and

23 date above set forth.

CONFIDENTIAL



JOHNSON and MIMLESS
(412) 765-0744

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

143

1    Q.   Do you recall any of the particulars regarding

2    those discussions?

3    A.   I think I -- I think I spoke with them about

4    BRMC and their financial arrangement with V&S.

5    Q.   Did you talk to them after you received a copy

6    of the sublease?

7    A.   Yes, I did.

8    Q.   Did you provide them with the particular

9    details of the sublease?

10   A.   I don't think I particularly gave them anything

11   in detail; but I might have mentioned to them the

12   amount that they are getting paid.

13   Q.   Did you ask Dr. Roumani or Dr. Deforno if they

14   would be interested in participating in this

15   litigation?

16   A.   No, I have not asked that.

17   Q.   Did you ask Dr. Horsley that question?

18   A.   No, I have not asked.

19   Q.   Are you aware of any statements by any of those

20   individuals that they were interested in

21   participating?

22   A.   No, I have not asked them.

23   Q.   Prior to filing the Complaint, did you have any

CONFIDENTIAL   PROTECTED HEALTH INFORMATION

144

1    evidence of any specific false or fraudulent patient

2    claims made by Drs. Vaccaro, Saleh, or V&S Medical

3    Associates?

4        A.    No.

5        Q.    Sitting here today, do you have any evidence of

6    specific false or fraudulent claims that any of those

7    individuals or entities have made?

8        A.    Well, you know, I am not a lawyer, so I cannot

9    interpret.  I know it is an agreement that is in place

10   and certain claims are submitted by BRMC to the

11   Medicare and Medicaid.  I don't know, you know, where

12   they fall, according to Stark II and Antikickback.

13          So it is up to the Court when they are deciding

14   this whether they have submitted any false claims or

15   not.  It is not up to me.

16       Q.    But you don't have any specific claims, any

17   specific false or fraudulent claims that you are of

18   aware of sitting here today?

19       A.    I do not have any number or any names sitting

20   here.

21       Q.    Would you agree you are not claiming Dr.

22   Vaccaro or Saleh or V&S have submitted any claims for

23   services provided that were not medically necessary?

CONFIDENTIAL — PROTECTED HEALTH INFORMATION

145

1    A.   No, I am not claiming.

2    Q.   Would you agree that Drs. Vaccaro or Saleh or

3    V&S Medical Associates submitted any claims for

4    services that were not actually provided by them?

5    A.   No.  I would agree with that.

6    Q.   Now, prior to filing the Complaint, did you

7    review any hospital cost reports that were prepared by

8    BRMC?

9    A.   No.

10   Q.   If you could take a look at Exhibits 3, 4, and

11   5?

12   A.   Okay.  I have 3, 4, and 5.

13            (Off the record.)

14   Q.   Doctor, I had asked you to take a look at

15   Exhibits 3, 4, and 5.  Have you seen these documents

16   prior to today?

17   A.   No.

18   Q.   Prior to filing your Complaint, you did not

19   review these documents?

20   A.   No.

21   Q.   Exhibit 3 is a Medicare Cost Report for the

22   year ended June 30th, 2004; is that correct?

23   A.   Yes.  Yes.  That is correct.

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

146

1    Q.    And Exhibit 4 is a Medicaid Cost Report?

2    A.    Yes.  Right.

3    Q.    And Exhibit 5 is a TRICARE/CHAMPUS Cost Report,

4    correct?

5    A.    Yes.

6            MR. STONE:  Subject to the qualification

7         it is a page from those reports?

8            MR. RYCHCIK:  A page, correct.

9    Q.    You said prior to filing the Complaint, you had

10   not reviewed these documents?

11   A.    Right.

12   Q.    In fact, sitting here today, this was the first

13   that you had seen them, correct?

14   A.    That is correct.

15   Q.    Now, as a physician with privileges at Bradford

16   Hospital, do you have occasion to review the cost

17   reports that are filed by the hospital?

18   A.    No.

19   Q.    Do you have any reason or any ability to review

20   them before they are submitted?

21   A.    No.

22   Q.    Would you agree that these hospital cost

23   reports do not contain any certifications by Drs.

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

179

1                    C E R T I F I C A T E

2   COMMONWEALTH OF PENNSYLVANIA      :
                                      :   SS.:
3   COUNTY OF ALLEGHENY               :

4          I, Joy A. Hartman, a Notary Public in and for
    the Commonwealth of Pennsylvania, do hereby certify
5   that before me personally appeared V. RAO NADELLA,
    M.D., the witness herein, who then was by me first
6   duly cautioned and sworn to testify the truth, the
    whole truth and nothing but the truth in the taking of
7   his oral deposition in the cause aforesaid; that the
    testimony then given by him as above set forth was
8   reduced to stenotypy by me, in the presence of said
    witness, and afterwards transcribed by computer-aided
9   transcription under my direction.

10         I do further certify that this deposition was
    taken at the time and place specified in the foregoing
11  caption, and signature was not waived.

12         I do further certify that I am not a relative
    of or counsel or attorney for any party hereto, nor am
13  I otherwise interested in the event of this action.

14         IN WITNESS WHEREOF, I have hereunto set my hand
    and affixed my seal of office at Pittsburgh,
15  Pennsylvania, on this 23rd day of August, 2007.

16         The foregoing certification does not apply to
    any reproduction of this transcript in any respect
17  unless under the direct control and/or direction of
    the certifying reporter.

18

19

20         _____ _Joy A. Hartman)_____

21                                 Joy A. Hartman, Notary Public
                                   in and for the Commonwealth of
22                                 Pennsylvania

23  My commission expires May 9, 2010.

Commonwealth of Pennsylvania
NOTARIAL SEAL
JOY A. HARTMAN, Notary Public
City of Pittsburgh, County of Allegheny
My Commission Expires May 9, 2010