

1

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF PENNSYLVANIA
2              ERIE DIVISION

3

UNITED STATES OF AMERICA, ex rel. )
4   DILBAGH SINGH, M.D., PAUL KIRSCH, )
    M.D., V. RAO NADELLA, M.D., and   )
5   MARTIN JACOBS, M.D.,              )
                                      )
6            Relators,                )
                                      )   Civil Action
7       vs.                           )   No. 04-186E
                                      )
8   BRADFORD REGIONAL MEDICAL CENTER, )
    V&S MEDICAL ASSOCIATES, LLC,      )
9   PETER VACCARO, M.D., KAMRAN SALEH,)
    M.D., and DOES I through XX,      )
10                                    )
             Defendants.              )
11

12       DEPOSITION OF PAUL B. KIRSCH, M.D.

13         MONDAY, AUGUST 20, 2007

14          Deposition of PAUL B. KIRSCH, M.D., called as a

15   witness by the Defendant Bradford Regional Medical

16   Center, taken pursuant to Notice of Deposition and the

17   Federal Rules of Civil Procedure, by and before Joy A.

18   Hartman, a Court Reporter and Notary Public in and for

19   the Commonwealth of Pennsylvania, at the offices of

20   Stone Law Firm, 1400 Allegheny Building, Pittsburgh,

21   Pennsylvania, commencing at 2:50 p.m. on the day and

22   date above set forth.

23





1            I am asking him regarding the options

2        available to him and the decisions that he was

3        able to make historically from the standpoint

4        in 2003 where he referred patients for nuclear

5        camera testing, and I think it is relevant.

6        But --

7            MR. STONE:  I'm going to instruct him not

8        to answer with regard to other facilities.

9            MR. RYCHCIK:  Again, if we could note this

10       page, as well.

11           (Question certified for later discussion.)

12    Q.   I may have asked you this:  Do you recall when

13  the last conversation you had with Dr. Horsley was

14  regarding the sublease or anything related to a

15  potential arrangement between BRMC and V&S?

16    A.   To my recollection, I never discussed the

17  sublease with him.  Once I got a copy of the sublease

18  and once we decided to turn it over to our attorneys,

19  I had no further communication with him or any other

20  physician regarding the information in there.

21    Q.   Do you have any knowledge of any specific false

22  or fraudulent patient claims made by V&S or Drs.

23  Vaccaro and Saleh?

1    A.    No.

2    Q.    Prior to filing the Complaint, did you have any

3    evidence of any specific false or fraudulent patient

4    claims filed by any of the defendants?

5    A.    No.

6    Q.    Prior to filing the Complaint, did you have any

7    evidence of any specific false or fraudulent hospital

8    cost reports that were submitted?

9    A.    No.

10   Q.    Prior to filing your complaint, did you review

11   hospital cost reports prepared by BRMC?

12   A.    No.

13   Q.    In the course of your practice, in all the

14   years you have practiced, have you reviewed any BRMC

15   hospital cost reports?

16   A.    Meaning reports they have submitted to

17   Medicare, Medicaid, or CHAMPUS?

18   Q.    Yes.

19   A.    I have not.

20   Q.    Have you participated in the preparation of any

21   hospital cost reports by BRMC to Medicare, Medicaid,

22   TRICARE/CHAMPUS?

23   A.    No.

1      Q.   Are you familiar with the contents of those

2   hospital cost reports?

3      A.   I am not.

4      Q.   Are you familiar with any certifications that

5   those hospital cost reports may contain?

6      A.   No.

7      Q.   Would you agree at the time that you filed your

8   Complaint, you and your fellow Relators did not have

9   copies of any hospital cost reports that had been

10  submitted by Bradford Regional Medical Center to

11  Medicare, Medicaid, or TRICARE/CHAMPUS?

12            MR. STONE:  I'm going to object to the

13            extent that I think he can only answer with

14            regard to his own knowledge.

15     Q.   Did you have possession of any hospital cost

16  reports?

17     A.   No, I did not.

18     Q.   Are you aware of any of your fellow Relators

19  having any?

20     A.   No, I am not aware.

21     Q.   Are you aware of any claims for services

22  provided by Drs. Vaccaro and Saleh or V&S which were

23  not medically necessary and that were submitted to

1    Medicare, Medicaid, or TRICARE/CHAMPUS?

2        A.    No, I would have no way of knowing.

3        Q.    Are you aware of any claims submitted by Drs.

4    Vaccaro and Saleh or V&S Medical Associates to

5    Medicare, Medicaid, or TRICARE/CHAMPUS for services

6    that were not actually provided by them?

7        A.    Again, I have no way of knowing.

8        Q.    Other than matters relating to the sublease

9    agreement between V&S and BRMC, do you have any

10   knowledge of any illegal transactions involving Drs.

11   Vaccaro, Saleh or V&S Medical Associates?

12       A.    No, I do not.

13       Q.    Dr. Nadella testified regarding a lease that he

14   had a copy of which was a V&S lease, between V&S and

15   GE Healthcare Financial.  Do you recall that

16   testimony?

17       A.    Yes.

18       Q.    Did you obtain a copy of the lease between V&S

19   and GE Healthcare Financial at any point in time?

20       A.    Did I obtain?  I don't know what you mean by

21   "obtain."

22       Q.    Did you receive a copy of it?

23       A.    Yes, I did.

CONFIDENTIAL - PROTECTED HEALTH INFORMATION

97

```
 1                    C E R T I F I C A T E

 2   COMMONWEALTH OF PENNSYLVANIA      :
                                       :  SS.:
 3   COUNTY OF ALLEGHENY               :

 4            I, Joy A. Hartman, a Notary Public in and for
     the Commonwealth of Pennsylvania, do hereby certify
 5   that before me personally appeared PAUL B. KIRSCH,
     M.D., the witness herein, who then was by me first
 6   duly cautioned and sworn to testify the truth, the
     whole truth and nothing but the truth in the taking of
 7   his oral deposition in the cause aforesaid; that the
     testimony then given by him as above set forth was
 8   reduced to stenotypy by me, in the presence of said
     witness, and afterwards transcribed by computer-aided
 9   transcription under my direction.

10            I do further certify that this deposition was
     taken at the time and place specified in the foregoing
11   caption, and signature was not waived.

12            I do further certify that I am not a relative
     of or counsel or attorney for any party hereto, nor am
13   I otherwise interested in the event of this action.

14            IN WITNESS WHEREOF, I have hereunto set my hand
     and affixed my seal of office at Pittsburgh,
15   Pennsylvania, on this 23rd day of August, 2007.

16            The foregoing certification does not apply to
     any reproduction of this transcript in any respect
17   unless under the direct control and/or direction of
     the certifying reporter.

18

19

20            Joy A. Hartman

21            Joy A. Hartman, Notary Public
              in and for the Commonwealth of
22            Pennsylvania

23   My commission expires May 9, 2010.
```

Commonwealth of Pennsylvania
NOTARIAL SEAL
JOY A. HARTMAN, Notary Public
City of Pittsburgh, County of Allegheny
My Commission Expires May 9, 2010