IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, *ex rel.*, <br> DILBAGH SINGH M.D., et al. <br><br> Plaintiffs, <br><br> v. <br><br> BRADFORD REGIONAL MEDICAL <br> CENTER, et al., <br><br> Defendants. | Civil No. 04-186 Erie |

## Opinion

Dilbagh Singh M.D., Paul Kirsch, M.D., V. Rao Nadella, M.D., and Martin Jacobs, M.D., commenced this *qui tam* action, on behalf of the United States, pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3732. Doctors Singh, Kirsch, Nadella, and Jacobs, who are known as the "Relators," sued Bradford Regional Medical Center ("BRMC"), V&S Medical Associates, LLC, Peter Vaccaro, M.D., and Kamran Saleh, M.D (the ("V&S Defendants"). Doctors Vaccaro and Saleh are the owners and principals of V&S Medical Associates.

## I. Background

The Relators alleged that Defendants perpetrated a scheme wherein they presented false or fraudulent claims for payment or approval to the United States seeking reimbursement for services rendered to patients unlawfully referred to Defendant Bradford Regional Medical Center. The crux of the case concerned allegations that an equipment sublease between BRMC

and V&S Medical Associates, and related arrangements, violated the Anti-kickback Statute, 42 U.S.C. § 1320a-7b(b) and the prohibition on physician "self-referrals" contained in the "Stark Law," 42 U.S.C. § 1395nn.

On November 10, 2010, we entered partial summary judgment in favor of Relators and against Defendants. Order, Nov. 10. 2010, ECF no. 146; and related Opinion, Nov. 10, 2010, ECF No. 145. We also found that there were genuine disputes of material fact with regard to some of the claims, and therefore the case has remained open. At a status conference on February 15, 2011, it was learned that the United Stated had decided to intervene in the case.

Thereafter the parties engaged in settlement talks for the better part of 2011. On November 3, 2011, after we granted the United States motion to intervene, the United States filed its Intervenor Complaint, titled "Complaint in Intervention." ECF No. 156. The United States incorporated the entirety of the Relators' Complaint and in addition set forth two common law claims.

In its fifth cause of action the United States alleges a claim for common law recovery of Payment by Mistake. Specifically, the United States claims that it "mistakenly paid or reimbursed Defendants for services and/or costs that the United States erroneously believed were eligible for reimbursement when such services and/or costs were not eligible for reimbursement by virtue of Defendants' violations of the Stark Statute." Complaint in Intervention, ¶ 107.

In its sixth cause of action the United States alleges a claim for Unjust Enrichment. Specifically, the United States claims that "Defendants have been unjustly enriched by the United States, by and through its Medicare program and related agencies and intermediaries, as a result of Defendants' receipt of payment or reimbursement for services and/or costs that

2

Defendants were ineligible to receive by virtue of Defendants' violations of the Stark Statute." Complaint in Intervention, ¶ 109.

Both BRMC and the V&S Defendants filed motions to dismiss the United States' additional common law claims claiming that the claims are barred in part by the applicable statute of limitations. The V&S Defendants also move to dismiss the claims arguing that the United States has failed to allege or identify any payments that were made directly to the V&S Defendants or through BRMC that would support recovery under the claims set forth by the United States. The United States filed an Opposition to the motions to dismiss, and thereafter a lengthy period of time commenced in which the parties again pursued settlement of the claims, including a referral to a Magistrate Judge to facilitate settlement.

Eventually the United Sates and BRMC did reach a settlement, thereby making BRMC's motion to dismiss moot. However, the Relators were still due attorney fees and so counsel for Relators filed a Fee Application. A hearing on the Fee Application was held on March 14, 2013, and the Court's decision on the Fee Application is currently pending. We note that BRMC's opposition to the Fee Application was not based on the reasonableness of the fees and costs requested by counsel, and it was our impression that Relators' counsel had presented a valid request for fees and costs. Thus, BRMC's opposition was in large part an appeal to the Court to reduce the fees for varying reasons, including an alleged inability to pay; a reduction or allocation to reflect the fact that there are other defendants in this case; to avoid providing an alleged windfall; a reduction due to one of Relators' attorney leaving his former law firm; a reduction based on action taken in Bankruptcy Court; and other reasons.

When it became apparent that settlement with the V&S Defendants was not imminent, we ordered the V&S Defendants to file a Reply to the United States' Opposition to its motion to dismiss, which they did on July 10, 2013. For the reasons that follow we will grant the V&S Defendants' motion to dismiss the United States fifth and sixth causes of action.

## II. Standard of Review

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 555.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the

pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id., citing Twombly, 550 U.S. at 555. See also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")(citing Twombly, 550 U.S. at 556 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

5

## III. Discussion

The V&S Defendants request that we dismiss the claims of payment by mistake and unjust enrichment because the V&S Defendants did not receive the payments in question that the United States seeks to recover. V&S D. Br. 8, citing, *inter alia*, United States v. Kensington Hospital, 1993 WL 21446, *16-17 (E.D. Pa. Jan 14, 1993); and V&S D. Reply 3-4, citing, U.S. *ex rel* Ramadoss v. Caremark Inc., 2008 WL 3978101 (W.D. Tex. Aug. 27, 2008). According to the V&S Defendants there are no allegations that they received reimbursement from Medicare, Medicaid, or CHAMPUS/Tricare for services that were not actually provided by them or for services that were not medically necessary. In addition, the V&S Defendants argue that the United States cannot recover under its recently added common law claims either for lease payments or for payments made by BRMC to the V&S Defendants since BRMC was not acting on behalf of the United States.

The government concedes that the wrongful or mistaken payments were not directly made to the V&S Defendants, but argues that it is not necessary that such payments be made directly to the party against whom the claim is asserted. According to the United Sates, the claims may proceed so long as the V&S Defendants participated in and benefited from the tainted transaction; that is, that the V&S Defendants received some benefit, direct or indirect, from the United States' mistaken payments. G. Opp. 8-9, citing LTV Educ. Systems, Inc. v. Bell, 862 1168, 1175 (5th Cir. 1989), U.S. *ex rel* Klump v. Dynamics Corp., 1998 WL 34194886, *3-4 (S.D. Ohio Nov. 17, 1998), and National American Ins, Co. v. Indiana Lumbermens Mutual Ins. Co., 221 F.3d 1339 (7th Cir. 2000).

Our review of the minimal case law addressing this issue leads us to the conclusion that because the United States has failed to allege or show that the V&S Defendants received any direct or indirect mistaken payments from the government, the common law claims of payment by mistake and unjust enrichment must be dismissed. See Kensington Hospital, 1993 WL 21446. Accordingly, we will grant the V&S Defendants' motion to dismiss. The United States will be given the opportunity to file a curative amendment, if they so wish. Based on our decision we need not address Defendants' alternate argument that that the claims are barred in part by the applicable statute of limitations.

Date: August 22, 2013

Maurice B. Cohill, Jr.
Senior United States District Court Judge