IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, *ex rel.*, DILBAGH SINGH M.D., et al.<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD REGIONAL MEDICAL CENTER, et al.,<br><br>Defendants. | Civil No. 04-186 Erie |

## Opinion

Dilbagh Singh M.D., Paul Kirsch, M.D., V. Rao Nadella, M.D., and Martin Jacobs, M.D., commenced this *qui tam* action in 2004 on behalf of the United States, pursuant to the federal False Claims Act, 31 U.S.C. §§ 3729-3732. Doctors Singh, Kirsch, Nadella, and Jacobs, who are known as the "Relators," sued Bradford Regional Medical Center ("BRMC"), V&S Medical Associates, LLC, Peter Vaccaro, M.D., and Kamran Saleh, M.D (the "V&S Defendants"). Doctors Vaccaro and Saleh are the owners and principals of V&S Medical Associates.

Presently before the Court is the Relators' Fee Application and Memorandum in Support, seeking attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d)(1) against BRMC. ECF No. 188. BRMC has filed its Response (ECF No. 190), to which the Relators have filed a Reply (ECF No. 192). We will grant the fee application because, as explained below, the law requires that fees be awarded, the Relators' Fee Application is straightforward, and BRMC has not demonstrated that the fees should not be awarded.

**I.**

The Relators alleged that Defendants perpetrated a scheme wherein they presented false or fraudulent claims for payment or approval to the United States seeking reimbursement for services rendered to patients unlawfully referred to Defendant Bradford Regional Medical Center. The crux of the case concerned allegations that an equipment sublease between BRMC and V&S Medical Associates, and related arrangements, violated the Anti-kickback Statute, 42 U.S.C. § 1320a-7b(b) and the prohibition on physician "self-referrals" contained in the "Stark Law," 42 U.S.C. § 1395nn.

On November 10, 2010, we entered partial summary judgment in favor of Relators and against Defendants. Order, Nov. 10. 2010, ECF no. 146; and related Opinion, Nov. 10, 2010, ECF No. 145. We also found that there were genuine disputes of material fact with regard to some of the claims, and therefore the case has remained open in part. At a status conference on February 15, 2011, we learned that the United States, some seven years after the commencement of the suit, had decided to intervene in the case.

Before the United States formally intervened the parties had engaged in extensive settlement talks for the better part of 2011. On November 3, 2011, we granted the United States' motion to intervene, and the United States filed an Intervenor Complaint. ECF No. 156. Both BRMC and the V&S Defendants filed motions to dismiss the United States' additional common law claims. The United States filed an Opposition to the motions to dismiss, and thereafter another lengthy period of time commenced in which the parties again pursued settlement of the claims.

Eventually the United Sates and BRMC did reach a settlement, but the V&S Defendants did not. The parties continued to seek a global settlement, with the hope that the issue of overall attorney fees for Relators' counsel would be resolved. No further settlement was reached, and so Relators' counsel filed a Fee Application. A hearing on the Fee Application was held on March 14, 2013.

## II.

The False Claims Act contains a mandatory fee shifting statute that requires a losing defendant to pay reasonable expenses plus reasonable attorneys' fees and costs. 31 U.S.C. § 3730(d)(1). Specifically, in a case where the government has intervened and the claims have been settled, the relators are entitled to a portion of the proceeds of the settlement and "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." Id. In this case the settlement with the Government amounted to $2,750,000, an amount significantly less than the actual damages.

The proper method for determining the amount of fees in a case with a fee-shifting statute is the "lodestar method," which is a simple calculation of the reasonable number amount of hours multiplied by a reasonable hourly rate. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)(quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The result, the "lodestar," is presumed to be reasonable. Rode, 892 F.2d at 1183(citing Blum v. Stenson, 465 U.S. 886, 897 (1984)). As succinctly explained by the Court in another *qui tam* action,

> [t]he fee applicant has the initial burden of proving that its fee request is reasonable by submitting evidence of the number of hours worked and the hourly rate claimed; multiplying the number of hours by the rate is the starting point.

3

> [Rode, 892 F.2d] at 1183 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The party opposing the fee award then has the burden of challenging the reasonableness of the fee requested, with the challenge being asserted by affidavit or brief sufficiently specific to give the applicant notice of the challenge. Id. (citing Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir.1989)).

U.S. *ex rel.* John Doe I v. Pennsylvania Blue Shield, 54 F.Supp. 2d 410, 413-414 (M.D.Pa. 1999).

Relators' Counsel have met their initial burden by submitting evidence of the number of hours expended and the hourly rate claimed. Both counsel, Andrew Stone, Esquire, and G. Mark Simpson, Esquire, have submitted affidavits setting forth their actual hours incurred in litigating this action against BRMC supported by proper documentation. ECF No. 188-1 to 188-2; ECF No. 188-5 to 188-7. In addition, both counsel have submitted proper documentation for claimed expenses by their respective law firms, while Mr. Stone has submitted proper documentation to support an award of expenses incurred by Relators themselves. ECF No. 188-3 (Stone Law Firm, LLC); ECF No. 188-8 (Simpson Law Firm, LLC); and ECF No. 188-3 (Relators' Expenses).

The hourly fee for both counsel is $475.00. Mr. Stone states in his affidavit that the hours expended "were actually incurred and are reasonable for the duration and complexity of litigation involved and the results obtained." ECF No. 188-1 ¶ 13. Similarly, Mr. Simpson states that the "total time spent on this case, as well as the individual hours reflected in the billing entries, was extremely reasonable, indeed conservative, particularly in light of the result obtained." ECF No. 188-5 ¶ 14. Counsel also explain that they "have exercised billing

4

judgment to eliminate any hours that, in their opinion, were expended solely with respect to claims against the V&S Defendants, and which were not relevant to the claims against BRMC." Fee App. at 9, n.3.

In summary, the Stone Law Firm requests an award of attorneys' fee in the amount of $303,762.50 and $2,294.33 in expenses; the Simpson Law Firm requests an award of attorneys' fees in the amount of $257,355.00 and $2,854.07 in expenses; an award of attorneys' fees for Mr. Simpson's work on this case while employed at Bothwell Bracker, P.C. in the amount of $16,007.50; and $17,224.93 in expenses incurred by Relators. In addition, Relators also request an additional amount, to be determined, in fees associated while pursuing their fee petition.

BRMC has not challenged the applicable law and has not challenged the reasonableness of the attorneys' fees or expenses. Instead, BRMC's argument appears to be an appeal to the Court to reduce or limit the requested award based on hardship and/or certain inequities to BRMC that would result from a full award. While BRMC presents a sympathetic plea, the fact of the matter is that an award of reasonable attorneys' fees and reasonable expenses is statutorily mandated, and none of the arguments presented by BRMC are sufficient to permit the Court to lower the requested award.

BRMC argues it will suffer "real and extreme hardship and its ability to provide health care services to the people who rely on it will be crippled" if the requested fees are awarded. Resp. to Fee App. 2. The answer to this is simply that the Court is awarding fees under a mandatory fee-shifting statute, rather than a discretionary fee-shifting statute.

Next, BRMC argues that the Fee Application is either collaterally estopped by Bankruptcy Court Orders; or the Bankruptcy Court Orders limit the fee award. We disagree. The Orders from the Bankruptcy Court, which relate to only two of the Relators, were approving the settlement agreement made with BRMC, which agreement specifically contemplates that Relators were free to seek attorneys' fees and expenses under 18 U.S.C. § 3730(d) of the False Claims Act. In addition, there is nothing on the Orders that addresses a limitation on attorneys' fees under the False Claims Act. Finally, BRMC's arguments do not account for the fact that there would still be two Relators who were not under any Bankruptcy Court Order.

We also dismiss BRMC's arguments that focus on the amount of fees that counsel will collect. BRMC complains that counsel is gaining a windfall in light of the fact that they have already collected contingency fees in the form of a portion of the proceeds awarded to Relators by virtue of the success of the qui tam action. BRMC further argues that the requested fees are unreasonable because Relators will end up with more than their clients. Again, this is a mandatory fee-shifting statute. In addition, BRMC's solution to the perceived inequities in awarding fees to counsel would be a benefit to BRMC, not Relators. We also find no reason not to award fees incurred by Mr. Simpson while he was employed at his former law firm.

Finally, BRMC argues that if fees are awarded we should limit BRMC's liability to half of the requested fees because this case involves multiple defendants. This argument is also more of a plea for a lesser award than an argument based on law. The fact that there are multiple Defendants in a civil case means that an award of fees would be made jointly and severally against all Defendants. Relators' counsel have shown that the requested fees have been

expended in litigating the claims against BRMC. Accordingly, there is no reason to reduce the fees awarded against BRMC. In addition, there is currently no liability against the V&S Defendants with regard to the False Claims Act, and they have not settled their claims. Therefore, no attorneys' fees can be awarded against the V&S Defendants at this time.

We have reviewed Relators' Fee Application and supporting documentation and find that the hourly rate is reasonable and the hours expended are reasonable, especially in light of the results obtained. In addition, we find that the requested expenses are reasonable. Accordingly we will grant Relators' Fee Application. Pursuant to 31 U.S.C. § 3170(d)(1), Defendant Bradford Regional Medical Center will be ordered to pay attorneys' fees in the amount of $577,125.00, as follows:

| $303,762.50 | Stone Law Firm, LLC |
| $257,355.00 | Simpson Law Firm, LLC |
| $16,007.50 | Bothwell, Bracker & Vann, P.C. |

In addition, Defendant Bradford Regional Medical Center will be ordered to pay expenses of $22,373.33, as follows:

| $2,294.33 | Stone Law Firm, LLC |
| $2,854.07 | Simpson Law Firm, LLC |
| $17,224.93 | Relators |

Counsel for Relators is hereby directed to file no later than October 30, 2013, a motion with an appropriate draft Order setting forth the amounts to be paid and to whom. In addition, a fee

applicant may recover for time spent litigating his right to recover attorneys' fees. Therefore, we will direct that Relators include any additional reasonable attorneys' fees expended in litigating this fee application.

Date: September 30, 2013              Maurice B. Cohill, Jr.
                                      Maurice B. Cohill, Jr.
                                      Senior United States District Court Judge